4

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. B-01-148 [Assigned to the Hon. Hilda G. Tagle] |
| JSW PLASTICS MACHINERY, INC, | ) ) | |
| Defendant. | ) ) ) ) ) ) ) ) ) ) ) | |

**NOTICE OF MOTION AND MOTION OF DEFENDANT JSW PLASTICS MACHINERY, INC. TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES J. REGAN**

[Defendant JSW Plastics Machinery, Inc. Specially Appearing]
[Appendix of California Authorities filed Concurrently]

TO PLAINTIFF EXEL BOBBINS AND PLASTIC COMPONENTS, INC. AND ITS

ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that as soon thereafter as the matter may be heard, in

Suite 306, located at 600 East Harrison, Brownsville, Texas, 78520-7114, Defendant JSW

PLASTICS MACHINERY, INC. (hereinafter "JSW" or "Defendant") specially appearing, will move for an order for transfer of venue to United States District Court - Central District of California.

This Motion will be based on this Notice of Motion, the accompanying Declaration of James J. Regan, the Memorandum of Points and Authorities, the Appendix of California authorities filed concurrently herewith, the pleadings, files and records in the above-entitled action, and such oral and documentary evidence as may be presented at the hearing of this Motion.

Dated: December 6 , 2001.

Respectfully submitted,

By: _David C. Garza_

DAVID C. GARZA
SBN 07731400
Federal ID No. 3778
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax: (956) 542-7403
Attorney-in-Charge for JSW PLASTICS
MACHINERY, INC.

JAMES J. REGAN, ESQ.,
CA SBN 80576
REGAN • BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894
Attorneys for Defendant JSW PLASTICS
MACHINERY, INC.

# I.

## STATEMENT OF ISSUES TO BE RULED UPON

Defendant moves for an Order to dismiss or, in the alternative, to transfer venue of the subject case to Los Angeles County, State of California pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406 on the ground that venue is proper in Los Angeles, State of California pursuant to a written forum selection agreement.

Additionally, Defendant maintains that California law is to be applied regarding this motion for both factual and legal reasons. Factually, the parties contractually agreed, in writing, to apply California law for settling any litigation disputes arising from such contract. Legally, forum selection clauses in diversity cases are determined by state law pursuant to contract and as a matter of personal jurisdiction. As a matter of contract, General Engineering Corp. v Martin Marieta Alumina, Inc. (3rd Cir 1986) 783 F.2d 352, 356-357 held that courts determine the validity and effect of forum-selection clauses as a contract issue, and accordingly look to state law governing contract interpretation. As a matter of personal jurisdiction, Alexander Proudfoot Co. v. Thayer (11th Cir. 1989) 877 F.2d 912, 919 held that courts treat forum-selection clauses as matters of personal jurisdiction and that their validity and effect will be determined by state law because federal courts look to local state law in determining the scope of their personal jurisdiction.

# II.

## SUMMARY OF THE ARGUMENT

Because the Parties freely and voluntarily entered into a written contract containing a forum selection clause requiring that all disputes be litigated in Los Angeles County, State of

California, venue is improper in this Court. Courts generally hold that forum-selection clauses are valid and strongly favored, and that any party who challenges the forum-selection clause must overcome a heavy burden to show that it is unreasonable under the circumstances.

## III.

## FACTUAL SUMMARY

This is a lawsuit involving two causes of action for Breach of Contract and Tortious Interference with Prospective Contract arising under written contract whereby JSW agreed to sell plastic molding machines to EXEL BOBBINS AND PLASTIC COMPONENTS, INC. (hereinafter "EXEL" or "Plaintiff") and to extend to EXEL a line of credit with which to purchase such machines. Specifically, the chronology of events is as follows:

1. Between October, 2000 through January, 2001, JSW and EXEL executed about four (4) separate contracts pursuant to purchase orders regarding the sale of various plastic molding machines.

2. Relations between the parties broke down when EXEL failed to make payments pursuant to Purchase Order No. 98-1811 submitted by EXEL on or about September 5, 2000. Copies of JSW'S invoices for Purchase Order No. 98-1811 are attached as Exhibit A.

3. Pursuant to Purchase Order No. 98-1811, EXEL agreed to pay $140,000.00 for one (1) injection molding machine, model number J385E2P and delivery was to be made to EXEL'S Texas plant by on or about March 5, 2001.

4. Sometime thereafter, JSW delivered the machine, but a dispute arose over payment.

5. On July 13, 2001, JSW sent a proposed Addendum to Purchase Order No. 98-1811

to EXEL providing that "the sole jurisdiction for any disputes arising from this agreement shall be litigated solely in the County of Los Angeles, State of California. California law shall govern this transaction." See Addendum attached as Exhibit B at page 2, ¶ 6.

6.  On July 19, 2001, EXEL agreed to Addendum[1] when it was signed by Steven Becker, President of EXEL. See copy of the Addendum signed by Mr. Becker attached as Exhibit C.

7.  On August 31, 2001, EXEL filed the subject lawsuit in the United States District Court Southern District of Texas, Brownsville Division in violation of the express agreement to have the matter litigated in Los Angeles County, State of California.

## IV.

## THE COURT SHOULD DISMISS THE CASE FOR IMPROPER VENUE OR, ALTERNATIVELY, TRANSFER THE CASE TO LOS ANGELES COUNTY WHERE THE PARTIES EXPRESSLY AGREED TO HAVE THE MATTER LITIGATED

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (3) improper venue."

In turn, 28 U.S.C. § 1406(a) provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

---

[1]A minor revision was made regarding the amount of the down payment and the due date for payment, a matter which is neither relevant nor material to this Motion.

Although Plaintiff alleges that venue is proper in the Brownsville Division of this Court pursuant to 28 U.S.C.1391(b)(2) as the location where a substantial part of the events or omissions occurred, Plaintiff ignores the fact that **the Parties have contractually designated the Los Angeles County, State of California as the venue for settling this dispute**. Attached hereto as Exhibit B is an Addendum to Purchase Order 98-1811 which provides at page 2, ¶ 6:

"the sole jurisdiction for any disputes arising from this agreement shall be litigated solely in the County of Los Angeles, State of California. California law shall govern this transaction."

Forum selection clauses are valid and strongly enforced. "A forum-selection clause is prima facie valid and is to be enforced unless the resisting party show enforcement would be unreasonable under the circumstances." Benefit Association International, Inc. v. Superior Court of Alameda County (1996) 46 Cal.App.4th 827, 834, 54 Cal.Rptr.2d 165, 169. See also America Online, Inc. v. Superior Court of Alameda County (2001) 90 Cal.App.4th 1, 108 Cal.Rptr.2d 699 holding that "California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable."[2]

---

[2]Although Plaintiff argues that California law should be applied, for purposes of this Motion, it makes no difference if federal standards are applied because, under federal law, forum-selection clauses are presumed valid and are enforceable unless it clearly would be unreasonable or unjust or the clause was invalid for such reasons as fraud or overreaching. See The Bremen v. Zapata Off-Shore Co. (1972) 407 U.S. 1, 92 S.Ct. 1907, 1916; Manetti-Farrow, Inc. v. Gucci America, Inc. (9th Cir. 1988) 858 F2d 509, 512.

Similarly, under federal law, the burden of establishing proper venue is upon the plaintiff. See D'Anton Jos, S.L. v. Doll Factory, Inc. (S.D.N.Y 1996) 937 F. Supp. 320; Emjayco for Ben. of Bart L. Troy, M.D. P.C., Profit Sharing Plan v. Morgan Stanley & Co., Inc. (C.D. Ill. 1995) 901 F.Supp. 1397.

The party challenging the forum selection clause must overcome a heavy burden to show that it is unreasonable.   Bancomer, S.A. v. Superior Court of Los Angeles County (1996) 44 Cal.App.4th 1450, 1457, 52 Cal.Rptr.2d 435, 439 held: "A forum selection clause is valid in the absence of the resisting party meeting a heavy burden of proving enforcement of the clause would be unreasonable under the circumstances."  See also America Online, Inc., *supra* at 90 Cal.App.4th 1, 11, 108 Cal.Rptr.2d 699, 707 holding that it is the normal rule to place "the burden of proving unfairness or unreasonableness of the forum selection clause on the party opposed to its enforcement."

## V.

## CONCLUSION

For the reasons stated herein, Plaintiff JSW PLASTIC MACHINERY, INC. respectfully requests that the Court order the instant lawsuit be dismissed or, in the alternative transferred to Los Angeles County, State of California on the basis that venue is improper in this Court.

Dated: December ⸮ ⸮ 2001.

Respectfully submitted,

By: _____

DAVID C. GARZA
SBN 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax: (956) 542-7403
Attorney-in-Charge for JSW PLASTICS
MACHINERY, INC.

JAMES J. REGAN, ESQ.,
CA SBN 80576
REGAN • BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

# CERTIFICATE OF SERVICE

This is to certify that the above and foregoing NOTICE OF MOTION AND MOTION OF DEFENDANT JSW PLASTICS MACHINERY, INC. TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES J. REGAN has been served on the attorneys of record by delivery of a true copy on the ___6 th___ day of December, 2001, as follows:

Moises M. Salas, Jr.
Carla M. Saenz
GRIFFITH, SAENZ & HILL, LLP
One Park Place, Suite 620
100 Savannah Avenue
McAllen, TX 78503

**CERTIFIED MAIL/RRR**
**7000 1670 0005 7134 0443**

_____
DAVID C. GARZA

# DECLARATION OF JAMES J. REGAN

I, James J. Regan, declare as follows:

1. I am the attorney for Defendant JSW PLASTICS MACHINERY, INC. in the subject action and am admitted to practice law within the United States District Court, Central District of California and all California State Courts. The facts stated herein are personally known to me, and I have first-hand knowledge of the same. If called to testify, I would and could competently testify thereto, under oath.

2. Attached hereto as Exhibit A is a true and correct copies of two Invoices from JSW to EXEL for Purchase Order No. 98-1811.

3. Attached hereto as Exhibit B is a true and correct copy of the proposed July 13, 2001 Addendum to Purchase Order No. 98-811 providing that any litigation arising from the agreement be litigated solely in Los Angeles County, State of California.

4. Attached hereto as Exhibit C is a true and correct copy of the final Addendum to Purchase Order No. 98-811 signed by Steven Becker, President of EXEL on July 19, 2001.

Executed December 4, 2001 at Redondo Beach, California.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

_James J. Regan_

James J. Regan

EXHIBIT A

# JSW PLASTICS MACHINERY, INC.

3726 E. MIRALOMA AVENUE
ANAHEIM, CA 92806
(714) 630-5651  FAX (714) 630-1886

| PAGE NO. | INVOICE NO. | APPLY TO | INVOICE DATE | CUST. NO |
|---|---|---|---|---|
| 1 | 06288 | | 09/05/00 | EXE02 |

## INVOICE

04078    0

WORK ORDER NO.    B.O.

CURRENCY: Dollars

EXEL BOBBINS&PLASTIC COMPONENT
3301 NAFTA PARKWAY UNIT C
BROWNSVILLE, TX  78521

S
H
I
P
T
O

EXEL BOBBINS&PLASTIC COMPONENT
3301 NAFTA PARKWAY UNIT C
BROWNSVILLE, TX  78521

| SHIPPED | PURCHASE ORDER NO. | SHIP VIA | F.O.B. | TERMS |
|---|---|---|---|---|
| /05/00 | 98-1811 | WILL CALL | Los Angeles | Net 180 Days |

| | DATE REQUESTED | LOCATION | SALESPERSON | TERRITORY |
|---|---|---|---|---|
| | 09/08/00 | LAHBT | Bob Fehrenbach PE&A | TEXAS |

| ITEM NO. | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACK ORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | TAX |
|---|---|---|---|---|---|---|---|
| 82P/2-95733204 | Injection Molding Machine J385E2P Options: Barre "B" | 1 | | | 1140000.00 | 140000.00 | |

| ITEM KEY | SERIAL/LOT NO. | QUANTITY |
|---|---|---|
| 82P/2-95733204 | 2-95733204 | 1 |

*10-12 - START UP*
*WATER VALVES*

*INV. AMT —— 140,000.00.*

*Less 5% D.P. —— < 7,000.00 >*
*pd by ch #7744*

*Bal Due    133,000.00*

*Due Date 03/04/01*

*Due $133,155.45*

*OWED → MARCH 8, 2001*

*DUE DATE SHOULD BE APRIL 12 TO 20th BECAUSE OF LATE START UP.*

| SUBTOTAL | | INVOICE NO. | |
|---|---|---|---|
| 40000.00 | | 06288 | 140000.00 |

PLEASE REMIT THIS AMOUNT

SALES SERVICE

03/22/2001  12:18   830-397   76                     RGK INTL                          PAGE  02

| Page No. | Invoice No. | Apply To | Invoice Date | Cust. No. |
|---|---|---|---|---|
| 1 | 06288 | | 09/05/00 | EXE02 |

## Invoice Reprint

Work Order No.          B. O.

<table>
<tr><td>EXEL BOBBINS&PLASTIC COMPONENT<br>3301 NAFTA PARKWAY UNIT C<br>BROWNSVILLE, TX 78521</td><td>S<br>H<br>I<br>P<br>T<br>O</td><td>EXEL BOBBINS&PLASTIC COMPONENT<br>3301 NAFTA PARKWAY UNIT C<br>BROWNSVILLE, TX 78521</td></tr>
</table>

| Date Shipped 09/05/00 | Purchase Order No. 98-1811 | Ship Via WILL CALL | F.O.B. Los Angeles | Terms Net 180 Days |
|---|---|---|---|---|
| Buyer | Date Requested 09/08/00 | Location LAHBT | Salesperson PE& A/ Bob Fehrenbach | Territory TEXAS |

3 - 5 - 01

| Item No. | Description | Quantity Ordered | Quantity Shipped | Unit Price | Gross Amount | Discount Amount | Tax |
|---|---|---|---|---|---|---|---|
| 385E2P/2-95733204 | Injection Molding Machine J385E2P<br>Options: Barre "B" | 1 | 1 | 140,000.00 | 140,000.00 | | T |

Subtotal
140,000.00

140,000.00

| Invoice No. 06288 | Remittance 140,000.00 |
|---|---|

EXHIBIT B

# REGAN • BRAUN
### L A W   O F F I C E S

JAMES J. REGAN. PARTNER
MICHAEL S. BRAUN. PARTNER
ALBERT CHANG
LORNE D. LILIENTHAL
SHEILA WALSH
GENE A. WILKER

2522 ARTESIA BOULEVARD. SUITE 200
REDONDO BEACH. CALIFORNIA 90278
TEL: (310) 372-1988
FAX: (310) 318-5894
E-MAIL: jregan@reganlaw.com
www.reganlaw.com

OF COUNSEL

ARTHUR W FRANCIS. JR
A PROFFESSIONAL CORPORATION

DONALD L. PRICHARD
FRANK D. RORIE

July 13, 2001

<u>VIA FAX</u>: (956) 832-0811
**Mr. Steven Becker**, President
**Exel Bobbins and** Plastics Components, Inc.
**3301 Nafta Parkway-Unit C**
**Brownsville**, Texas 78521

       **Re:**    **$133,000 Owed JSW Plastics Machinery, Inc.**
                 **Purchase Order #98-1811**

Dear Mr. Becker:

     This letter follows up your letter-fax request to JSW Plastics Machinery, Inc. dated July 10, 2001 with a copy to me wherein you requested **payment terms as an alternative to a lump sum pay off.** Apparently, your company Exel Bobbins and **Plastics Components ("Exel") was unable to get the pay off** monies at this point in time. While **JSW-PMI feels strongly these monies are overdue,** after much discussion, they will try to work you.

     JSW Plastics Machinery proposes the following **terms and conditions as an addendum to the subject purchase order.** Please read carefully. **If you are in agreement with the terms and conditions contained herein, please sign at the end of this letter agreement acknowledging your consent to this agreement.** Please be aware that **your signing of this document will constitute a written contract** which can be enforced in a court of law.

     In consideration for JSW-PMI foregoing immediate **repossession of the 385 JSW EIIP, the parties hereto** agree to the additional terms and **conditions to Purchase Order No. 98-1811 dated on or about** September 5, 2000 are as follows:

     1.    All the terms and conditions of **Purchase Order No. 98-1811 are reaffirmed in** in this agreement, subject only to any changes or additions **made in this agreement which, if in conflict with the original** purchase order, their **document's term's and conditions shall prevail.**

     2.    Exel agrees to make a down payment of **$10,000 by July 20, 2001, pay $2,800 per month commencing** August 1, 2001, with a **lump sum payment of the outstanding principal and interest due** at the end of one (1) year or on **July 20, 2002.**

     **The** outstanding principal of $133,000 shall **bear interest at the legal rate of ten percent (10%) on the** outstanding balance from April 20, 2001 (per my **letter of June 13, 2001) to date of pay off.**

Mr. Steven Becker, President
July 13, 2001
Page Two

     3.     Each installment payment shall be due **and payable to JSW-PMI at its Anaheim,** California office or wire-transferred on the first day of **each month as follows:**

Mr. Fumio Hirayama, President
JSW PLASTICS MACHINERY, INC.
3726 E. Miraloma Avenue
Anaheim, CA 92806Mr. Steven Becker, President

                  **Bank Name:  Manufacturers Bank**
                                     **Headquarters Office**
                  **Account No: 90-045-270**
                  **Routing No.  122226076**
                  **Beneficiary:  JSW Plastics Machinery, Inc.**

     In the event that the payment is not paid **by the fifth (5th) day of each month, then,** an additional charge shall be made on the outstanding **balance.**

     4.     In the event that Exel is late on any monthly installment payment, there shall be a one percent (1%) interest charge on the unpaid balance.

     5.     In the event that Exel defaults on the **loan repayment plan, then, Exel agrees to not** contest JSW-PMI's right to repossess the 385 JSW EIIP **and will immediately make** arrangements for and pay all freight costs to ship the **385 ton press from its present location to** JSW-PMI's facility at Anaheim, California.

     6.     Exel and JSW-PMI agree that the sole jurisdiction for any disputes arising from this agreement shall be litigated solely in the County of Los Angeles, State of California. California law shall govern this transaction.

     7.     In the event that a dispute arises as to **the interpretation or performance of the** subject purchase order or this addendum, then  the prevailing party in such a dispute shall be entitled to reasonable attorney fees and actual costs.

     8.     In the event a UCC Financing Statement **has not been executed, then, Exel** shall promptly execute any and all financing statements **as required by JSW-PMI.**

     Once you have had an opportunity to review this **document, please sign in the area** provided below acknowledging that you have read, agreed, approved and will perform pursuant to this letter agreement.

Mr. Steven Becker, President
July 13, 2001
Page Three


Should you have any questions, please do not hesitate to contact me.

Sincerely,

JJR:cm                                          JAMES J. REGAN

c:     Mr. Fumio Hirayama (via fax)
       Mr. Jerry Johnson (via fax)

READ, AGREED AND APPROVED THIS


_____ DAY OF JULY, 2001              _____
                                     Steven Becker, President
                                     Exel Bobbins and Plastics Components, Inc.
                                     Duly Authorized Agent at the Corporation

EXHIBIT C

# REGAN • BRAUN
## LAW OFFICES

1533 ARTESIA BOULEVARD, SUITE 200
REDONDO BEACH, CALIFORNIA 90278
TEL. (310) 372-1988
FAX: (310) 315-5894
E MAIL: jregan@reganlaw.com
www.reganlaw.com

JAMES J REGAN, PARTNER
MICHAEL J BRAUN, PARTNER
ALBERT CHANG
LORNE D LILIENTHAL
SHEILA WALSH
GENE A WILKER

or COUNSEL
ARTHUR W. FRANCIS, JR.
A PROFESSIONAL CORPORATION
DONALD L. PRICHARD
FRANK D. RORIE

July 13, 2001

**VIA FAX:** (956) 832-0811
Mr. Steven Becker, President
Exel Bobbins and Plastics Components, Inc.
3301 Nafta Parkway-Unit C
Brownsville, Texas 78521

Re:   **$133,000 Owed JSW Plastics Machinery, Inc.**
**Purchase Order #98-1811**

Dear Mr. Becker:

This letter follows up your letter-fax request to JSW Plastics Machinery, Inc. dated July 10, 2001 with a copy to me wherein you requested **payment terms as an alternative to a lump sum pay off**. Apparently your company Exel Bobbins and Plastics Components ("Exel") **was unable to get the pay off** monies at this point in time. While JSW-PMI **feels strongly these monies are** overdue, after some discussion, they will try to work you.

JSW Plastics Machinery proposes the following terms and conditions **as an addendum to** the subject purchase order. Please read carefully. If you are in agreement with the terms and conditions contained herein, please sign at the end of this letter agreement acknowledging your consent to the agreement. Please be aware that your signing of this document will constitute a written contract which can be enforced in a court of law.

In consideration for JSW-PMI foregoing immediate **repossession of the 385 JSW EIIP**, the parties hereto agree to the additional terms and conditions to Purchase Order No. 98-1811 dated on or about September 5, 2000 are as follows:

1       All the terms and conditions of Purchase Order No. 98-1811 are reaffirmed in in this agreement subject only to any changes or additions made in this agreement which, if in conflict with the original purchase order, their document's term's and conditions shall prevail *Per Jim R*

*Aug. 1  #12,800.00  (SB)*

2       Exel agrees to make a down payment of **$10,000 by ~~July 20~~, 2001, pay $2,800** per month commencing August 1, 2001, with a lump sum payment of the outstanding principal and interest due at the end of one (1) year or on July 20, 2002.

The outstanding principal of $133,000 shall bear interest at the legal rate of ten percent (10%) on the outstanding balance from April 20, 2001 (per my letter of June 13, 2001) to date of pay off.

Mr Steven Becker, President
July 13, 200
Page Two


    3     Each installment payment shall be due and payable to JSW-PMI at its Anaheim, California office or wire-transferred on the first day of each month as follows:

> Mr Fumio Hirayama, President
> JSW PLASTICS MACHINERY, INC.
> 3726 E. Miraloma Avenue
> Anaheim, CA 92806Mr. Steven Becker, President
>
> **Bank Name: Manufacturers Bank**
> **                Headquarters Office**
> **Account No: 90-045-270**
> **Routing No. 122226076**
> **Beneficiary: JSW Plastics Machinery, Inc.**

        In the event that the payment is not paid by the fifth (5ᵗʰ) day of each month, then, an additional charge shall be made on the outstanding balance.

    4     In the event that Exel is late on any monthly installment payment, there shall be a one percent (1%) interest charge on the unpaid balance.

    5     In the event that Exel defaults on the loan repayment plan, then, Exel agrees to not contest JSW-PMI's right to repossess the 385 JSW EIIP and will immediately make arrangements for and pay all freight costs to ship the 385 ton press from its present location to JSW-PMI's facility at Anaheim, California.

    6.    Exel and JSW-PMI agree that the sole jurisdiction for any disputes arising from this agreement shall be litigated solely in the County of Los Angeles, State of California. California law shall govern this transaction

    7.    In the event that a dispute arises as to the interpretation or performance of the subject purchase order or this addendum, then the prevailing party in such a dispute shall be entitled to reasonable attorney fees and actual costs

    8     In the event a UCC Financing Statement has not been executed, then, Exel shall promptly execute any and all financing statements as required by JSW-PMI.

        Once you have had an opportunity to review this document, please sign in the area provided below acknowledging that you have read, agreed, approved and will perform pursuant to this letter agreement

Mr. Steven Becker President
July 13, 2001
**Page Three**

Should you have any questions, please do not **hesitate to contact me**.

Sincerely,

*James J. Regan*

**JAMES J. REGAN**

JJR:cm

c.   Mr Fumio Hirayama (via fax)
     Mr Jerry Johnson (via fax)

**READ, AGREED AND APPROVED THIS**

**19** DAY OF JULY, 2001

Steven **Becker**, **President**
**Exel Bobbins and Plastics Components, Inc.**
Duly Authorized Agent at the Corporation

# === COVER PAGE ===

TO:                 _____

     FAX: 13103185894

FROM:        EXEL BOBBINS & PLAST

     FAX: 9568320811

     TEL: 9568320807

COMMENT: