# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court
Southern District of Texas
FILED**

**DEC 2 6 2001**

**Michael N. Milby
Clerk of Court**

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC. | § § § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. **B-01-148** |
| VS. | § | JURY |
| | § | |
| JSW PLASTICS MACHINERY, INC. | § | |
| *Defendant,* | § | |

---

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S NOTICE OF MOTION AND MOTION OF
DEFENDANT JSW PLASTICS MACHINERY, INC.
TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE,
TO TRANSFER FOR IMPROPER VENUE**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **EXEL BOBBINS AND PLASTIC COMPONENTS, INC.**, Plaintiff in the above-styled and numbered cause of action and files this its Response to Defendant's Notice of Motion and Motion of Defendant JSW Plastics Machinery, Inc., to Dismiss for Improper Venue; or, in the Alternative, to Transfer for Improper Venue, and for such Response, would respectfully show unto the Court the following:

## I.
## SUMMARY OF ARGUMENT

Defendant's motion to dismiss or to transfer for improper venue based upon an alleged forum selection clause must fail. The forum-selection clause relied upon by Defendant is not applicable to the contract which forms the basis of the Plaintiff's causes of action before this

---

Plaintiff's Response to Defendant's Notice of Motion and Motion to Dismiss for Improper Venue; or in the Alternative, to Transfer for Improper Venue

Page 1

Court. Defendant relies upon a contract wholly separate, apart from and unrelated to the contract at issue.[1]  More importantly, it is indisputable that the contract which forms the basis of the Plaintiff's causes of action has no forum selection clause, was executed by Plaintiff in Brownsville and is to be performed in Brownsville, Cameron County, Texas.

## II.
## FACTS AND ARGUMENT

Beginning in early 2000 until January 30, 2001, Plaintiff was engaged in negotiations with Defendant for the extension of a line of credit specifically for the purchase of certain of Defendant's plastic molding machines.  During the time those negotiations were ongoing Plaintiff made other purchases of machinery from Defendant.  On August 8, 2000, Plaintiff submitted Purchase Order No. 98-1811 to Defendant for the purchase of a plastic molding machine, model number J385E2P, ("385").  (Exhibit "A")  The terms for the purchase of the 385 were unambiguously set forth in that "Purchase Order" and Defendant's "Sales Order" acknowledging the same.  (See Exhibits "A" and "A1").  In addition, pursuant to the Defendant's "Invoice" for Purchase Order No. 98-1811, the 385 was shipped to Plaintiff on September 5, 2000 and payment by Plaintiff was due 180 days after.  (Exhibit "B")[2]

On or about January 30, 2001, the Plaintiff and Defendant reached an agreement

---

[1]  In this connection, the case law relied upon by Defendant concerns contracts which were in dispute and which contained a forum selection clause. Those cases are distinguishable as the contract at issue herein contains no such clause.

[2]  Contrary to the assertions in Defendant's motion, Purchase Order No. 98-1811 was submitted in August 2000, not September 2000. (Exhibit "A" and "A1")  Further, contrary to Defendant's assertions in its motion the 385 was shipped to Plaintiff in September 2000, not April 2001. (See Exhibit "B")

Plaintiff's Response to Defendant's Notice of Motion and Motion to Dismiss for Improper Venue; or in the Alternative, to Transfer for Improper Venue

Page 2

concerning the line of credit to be extended to Plaintiff by Defendant.  The terms and conditions

were memorialized in an agreement prepared and executed by Defendant's Vice-President, Mr.

Jerry Johnson.  (Exhibit "C")[3]  The January 30, 2001 agreement ("Agreement") specifically

addresses the line of credit Defendant agreed to extend to Plaintiff, the Purchase Orders which

will be the first subject of the line of credit, the terms of payment and other terms concerning

enforceability and cancellation of the Agreement.  For example, the Agreement specifically refers

to "Purchase Order Nos. 15 and 5."  Further, the Agreement makes reference to the fact that by

January 30, 2001, no machinery had been delivered by Defendant because an agreement had to

be entered concerning the line of credit.  Specifically, the Agreement provides ". . . now that we

are getting close to shipping machines into your facility in Brownsville, Texas, we must have an

agreement as to the repayment of this line of credit."  Furthermore, the Agreement at issue makes

no reference to Purchase Order 98-1811, the terms of such order, nor the 385 plastic molding

machine which is the subject of that Purchase Order.  More importantly, the Agreement at issue

does not contain a forum selection clause, nor any reference to California law.  Accordingly, there

is simply no basis for Defendant's assertions that this cause of action should be dismissed or

transferred to California based upon an alleged forum selection clause.

In that connection, subsequent to the parties' execution of the Agreement to extend

Plaintiff a line of credit and to deliver the molding machines identified in the Agreement, Plaintiff

performed its obligations by making the first payment pursuant to the terms of the Agreement.

---

[3]  A copy of the Agreement which forms the basis of Plaintiff's claims was delivered to Defendant on or about
September 25, 2001, by correspondence advising Defendant that such claims arise from this contract.  (See Exhibit "D")

Plaintiff's Response to Defendant's Notice of Motion and Motion to Dismiss for Improper Venue; or in the Alternative, to Transfer for Improper Venue

Page 3

(Exhibit "E")  Nevertheless, Defendant refused to perform its obligations under that Agreement.

Thereafter, despite of the fact that Defendant had crippled Plaintiff's business operations by refusing to perform the Agreement, Defendant began to make demands to Plaintiff for payment due on the 385 pursuant to the terms of Purchase Order 98-1811.  (Exhibit "F")[4]  Plaintiff eventually agreed to terms proposed by Defendant to satisfy the debt owed on the 385 pursuant to Purchase Order 98-1811.  (Exhibit "G")  However, Exhibit "G", the July 13, 2001 letter agreement, by its very terms concerns and relates to only the 385 and Purchase Order 98-1811.  As Defendant admits, it is merely an "addendum" to that Purchase Order.  Further, the July 13, 2001 letter agreement reveals, by its very terms, that the forum selection clause in that letter agreement, if applicable at all, is applicable only as to the subject matter of that agreement.  Specifically, the letter agreement provides; "the sole jurisdiction for any disputes **arising from this agreement** shall be litigated solely in the County of Los Angeles, State of California.  California law shall govern **this** transaction."  (Emphasis added).  More significantly, at all times relevant to the July 13, 2001 letter agreement Defendant was aware of its failure and refusal to perform its obligations under to the January 30, 2001 Agreement.  Yet, the July 13, 2001 letter agreement contains no mention or reference to the January 30, 2001 Agreement, the line of credit, Purchase Order Nos. 15 and 5 or the molding machines specifically addressed in that Agreement.  Obviously, the Defendant and Plaintiff did not contemplate that the January 30, 2001 Agreement would be governed by the July 13, 2001 letter agreement which concerns only Purchase Order

---

[4]  Defendant's demand makes no reference to the January 31, 2001 Agreement, the line of credit, the terms of repayment for such credit, Purchase Order Nos. 15 or 5, or the JSW machinery specifically identified in that Agreement.

Plaintiff's Response to Defendant's Notice of Motion and Motion to Dismiss for Improper Venue; or in the Alternative, to Transfer for Improper Venue

Page 4

# CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this 26th day of December, 2001, to all counsel of record, to wit:

David C. Garza      *Via Certified Mail No. 7000 0520 0024 6464 4484*
**Garza & Garza, L.L.P.**
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025

ATTORNEY FOR DEFENDANT
**JSW PLASTICS MACHINERY, INC.**

James J. Regan      *Via Certified Mail No. 7000 0520 0024 6464 4491*
Lorne Lilienthal
**Regan, Braun Law Offices**
2533 Artesia Boulevard, Suite   200
Redondo Beach, California 90278

ATTORNEYS FOR DEFENDANT
**JSW PLASTICS MACHINERY, INC.**


MOISES M. SALAS, JR.

Plaintiff's Response to Defendant's Notice of Motion and Motion to Dismiss for Improper Venue; or in the Alternative, to Transfer for Improper Venue

Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EXEL BOBBINS AND PLASTIC          §
COMPONENTS, INC.                  §
                  *Plaintiff,*    §
                                  §    CIVIL ACTION NO. **B-01-148**
VS.                               §         JURY
                                  §
JSW PLASTICS MACHINERY, INC.      §
                  *Defendant,*    §


STATE OF TEXAS        §
                      §        **AFFIDAVIT OF MOISES M. SALAS, JR.**
COUNTY OF CAMERON     §

BEFORE ME, the undersigned Notary Public on this day personally appeared Moises M.

Salas, Jr., who being by me duly sworn on his oath deposed and said:

I am the attorney for Plaintiff Exel Bobbins and Plastics Components, Inc., ("Exel") in the

subject action and am admitted to practice law within the United States District Court, Southern

District of Texas, Brownsville Division. The facts stated herein are personally known to me, and I

have first-hand knowledge of same. If called to testify, I would and could competently testify thereto,

under oath

Attached hereto as Exhibit "A" and "A1", is a true and correct copy of Exel's "Purchase

Order No. 98-1811" and Defendant JSW's "Sales Order."

Attached hereto as Exhibit "B", is a true and correct copy of Defendant JSW's "Invoice".

Attached hereto as Exhibit "C", is a true and correct copy of an agreement prepared and

executed by Defendant JSW's Vice-President, Mr. Jerry Johnson on January 30, 2001 and

Plaintiff's President, Steve Becker on February 26, 2001.

Attached hereto as Exhibit "D", is a true and correct copy of a correspondence to

Defendant JSW's counsel dated September 25, 2001, from Plaintiff Exel's counsel.

Attached hereto as Exhibit "E", is a true and correct copy of Plaintiff Exel's check number 3021 as payment to Defendant JSW, pursuant to the January 30, 2001 Agreement and correspondence from Plaintiff confirming such payment.

Attached hereto as Exhibit "F", is a true and correct copy of correspondence from Defendant JSW's counsel to Plaintiff dated June 13, 2001, making demand for payment on Purchase Order No. 98-1811.

Attached hereto as Exhibit "G", is a true and correct copy of a letter agreement between Defendant JSW and Plaintiff Exel dated July 13, 2001.

I declare under penalty of perjury that the foregoing is true and correct and that Exhibits "A-G" attached hereto are true and correct copies of originals.

_____
MOISES M. SALAS, JR.

SWORN TO AND SUBSCRIBED before me by MOISES M. SALAS, JR., on this the 26th day of December, 2001.

SANDRA ESPINOZA
Notary Public,
State of Texas
Comm. Exp. 12-09-2003

_____
Notary Public in and for the State of Texas

# EXHIBIT "A"

| Purchase Order # | Page |
|---|---|
| 98-1811 | 1 |

# EXEL BOBBINS AND PLASTIC COMPONENTS,INC.

3301 NAFTA PARKWAY UNIT C
BROWNSVILLE, TX 78521
Phone (956) 832-0807
Fax  (956) 830-0811

SHIP TO
EXEL BOBBINS

**Purchase Order**

VENDOR

JSW Plastics Machinery inc .
**1300 Landmeier Rd**
Elk Grove Village, IL 60007 . U.S.A
(847) 427-1100 fax (847) 427-1131

BILL TO

**EXEL BOBBINS AND
PLASTIC COMPONENTS,INC.
3301 NAFTA PARKWAY UNIT C
BROWNSVILLE , TX 78521**

| REQUESTER | | | DELIVER TO | | |
|---|---|---|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS,INC. | | | SAME | | |
| ORDER DATE | VENDOR CODE | | BUYER JOHN | TERMS | SHIP VIA |
| 6/22/00 | | | OR STEVE | 5% down balance 6 months | OUR TRUCK |
| F.O.B. | FREIGHT | TAXABLE | P.O. TYPE | ACCOUNT NUMBER | CONFIRM TO | RESALE NUMBER |
| | | | | | John | |

| LINE | ITEM NUMBER/DESCRIPTION | | | QUANTITY | U/M | UNIT PRICE | EXT | TAX |
|---|---|---|---|---|---|---|---|---|
| 1 | 385 ton molding machine J385EII-P with " B " barrel computer and electronics to be in  compliance with Y2K | | | 1 | | $140,000.00 | | |
| | CREDIT MOLD SAMPLE AT AGS,INC | | | | | $1,500.00 | | |
| | | | | | TOTAL | $138,500.00 | | |

EXHIBIT
"A"

# EXHIBIT "A1"



**JSW PLASTICS MACHINERY, INC.**
3726 E. MIRALOMA AVENUE
ANAHEIM, CA 92806
(714) 630-5651  FAX (714) 630-5886

| SCHED. SHIP DATE WEEK OF | PAGE NO. | SALES ORD. NO. | CANCELLATION DATE | CUST. NO. |
|---|---|---|---|---|
| | 1 | 04078 | 08/22/01 | EXE02 |

# SALES ORDER


9/21/00

| SOLD TO | SHIP TO |
|---|---|
| EXEL BOBBINS&PLASTIC COMPONENT<br>3301 NAFTA PARKWAY UNIT C<br>BROWNSVILLE, TX  78521 | EXEL BOBBINS&PLASTIC COMPONENT<br>3301 NAFTA PARKWAY UNIT C<br>BROWNSVILLE, TX  78521 |

| ORDER DATE | PURCHASE AUTHORITY | SHIP VIA | F.O.B. | TERMS |
|---|---|---|---|---|
| 08/22/00 | 98-1811 | WILL CALL | Los Angeles | Net 180 Days |

| BUYER | DATE REQUESTED | LOCATION | CRW CONTACT | JOB REFERENCE |
|---|---|---|---|---|
| | 09/08/00 | LAHBT | Bob Fehrenbach PE&A | TEXAS |

| ITEM NO. BIN LOCATION NO. | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACK ORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | TAX |
|---|---|---|---|---|---|---|---|
| J385B2P/2-95733204 | Injection Molding Machine J385B2P<br>Options: Barre  "B" | 1 | | | 140000.00 | 140000.00 | |

| SUB TOTAL | |
|---|---|
| 0.00 | |

EXHIBIT
"A1"

| SALES ORDER NO. | TOTAL ORDER VALUE |
|---|---|
| 04078 | 140000.00 |

# EXHIBIT "B"

*Equipment*

# JSW JSW PLASTICS MACHINERY, INC.
3726 E. MIRALOMA AVENUE
ANAHEIM, CA 92806
(714) 630-5651  FAX (714) 630-1886

*To send*

| PAGE NO. | INVOICE NO. | APPLY TO | INVOICE DATE | CUST. NO. |
|----------|-------------|----------|--------------|-----------|
| 1 | 06288 | | 09/05/00 | EXE02 |

## INVOICE

| | 04078 | 0 |
|--|--------|---|
| | WORK ORDER NO. | B.O. |

CURRENCY: Dollars

| | SOLD TO | SHIP TO |
|--|---------|---------|
| | EXEL BOBBINS&PLASTIC COMPONENT<br>3301 NAFTA PARKWAY UNIT C<br>BROWNSVILLE, TX  78521 | EXEL BOBBINS&PLASTIC COMPONENT<br>3301 NAFTA PARKWAY UNIT C<br>BROWNSVILLE, TX  78521 |

| DATE SHIPPED | PURCHASE ORDER NO. | SHIP VIA | F.O.B. | TERMS |
|--------------|--------------------|----------|--------|-------|
| 09/05/00 | 98-1811 | WILL CALL | Los Angeles | Net 180 Days |

| BUYER | DATE REQUESTED | LOCATION | SALESPERSON | TERRITORY |
|-------|----------------|----------|-------------|-----------|
| | 09/08/00 | LAHBT | Bob Fehrenbach PE&A | TEXAS |

| ITEM NO. | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACK ORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | TAX |
|----------|-------------|------------------|--------------------|------------------|------------|-----------|-----|
| J385B2P/2-95733204 | Injection Molding Machine J385B2P<br>Options: Barre  "B" | 1 | | ~ | 1140000.00 | 140000.00 | |

| ITEM KEY | SERIAL/LOT NO. | QUANTITY |
|==========|================|==========|
| J385B2P/2-95733204 | 2-95733204 | 1 |



Federal Mogu... ...OS, S.A. de C.V.

**EXHIBIT**

**"B"**

| SUBTOTAL | | |
|----------|--|--|
| 140000.00 | | |

| | INVOICE NO. | |
|--|-------------|--|
| | 06288 | 140000.00 |
| | | **PLEASE REMIT**<br>**THIS AMOUNT** |

Case 1:01-cv-00148   Document 6   Filed in TXSD on 12/26/2001   Page 14 of 35

| Page No. | Invoice No. 06288 | Apply To | Invoice Date 09/05/00 | Cust. No. EKE02 |
|---|---|---|---|---|

# Invoice Reprint

Work Order No.          B. O.

<table>
<tr><td>)<br>)<br>)<br>,<br>)</td><td>EXEL BOBBINS&PLASTIC COMPONENT<br>3301 NAFTA PARKWAY UNIT C<br>BROWNSVILLE, TX 78521</td><td>S<br>H<br>I<br>P<br>T<br>O</td><td>EXEL BOBBINS&PLASTIC COMPONENT<br>3301 NAFTA PARKWAY UNIT C<br>BROWNSVILLE, TX 78521</td></tr>
</table>

| Date Shipped 09/05/00 | Purchase Order No. 98-1811 | Ship Via WILL CALL | F.O.B. Los Angeles | Terms Net 180 Days |
|---|---|---|---|---|
| Buyer | Date Requested 09/08/00 | Location LAHBT | Salesperson PE&A/ Bob Fehrenbach | Territory TEXAS |

3 - 5 - 01

| Item No. | Description | Quantity Ordered | Quantity Shipped | Unit Price | Gross Amount | Discount Amount | Tax T |
|---|---|---|---|---|---|---|---|
| 385E2P/2-95733204 | Injection Molding Machine J385E2P<br>Options: Barre  "B" | 1 | 1 | 140,000.00 | 140,000.00 | | |

Subtotal
140,000.00

140,000.00

| Invoice No. 06288 | Remittance 140,000.00 |
|---|---|

# EXHIBIT "C"

# JSW
**JSW PLASTICS MACHINERY INC.**

January 30, 2001

Mr. Steve Becker
EXEL BOBBINS Inc.
3301 NAFTA Parkway – Unit C
Brownsville, TX 78521

Dear Steve,

As you will remember, JSW Plastics Machinery, Inc., extended a Line of Credit to your company, EXEL BOBBINS Inc., and now that we are getting close to shipping machines into your facility in Brownsville, TX., we must have an agreement as to the re-payment of this Line of Credit. Therefore, please accept the following proposal. We will be shipping the following Machines, per your Purchase Order #'s 15 and 5.

| | | |
|---|---|---|
| 1 – JSW Model J500EII Injection Molding Machine | ~~$ 206,500.00~~ 202,500.00 | *per 3/3/2000 Quote* + *our conversation today 3/21/01* |
| 1 – JSW Model J110EII Injection Molding Machine | $ 84,835.00 | |
| TOTAL INVOICE AMOUNT | ~~$ 291,335.00~~ $ 287,335.00 | *$4788.22* |

A 5% Down Payment of the total order amount is normally required prior to shipment, however we will make a special consideration to EXEL BOBBINS of 3 Equal Monthly Payments of $~~1,835.59,~~ *$ 217,768.23* with the first payment due prior to shipment of machines, and the next Down Payment Installment is due Thirty (30) days after shipment, and the last Down Payment Installment Sixty (60) days after shipment.

After the last Down Payment Installment is made, there will not be any payments due for a period of Six (6) Months. Then, starting on the Seventh (7) Month, EXEL BOBBINS will make Eleven (11) Monthly payments of $5,000.00 until the Twelfth (12) Month, at which time EXEL BOBBINS agrees to make a balloon payment of the balance owed (~~$ 221,768.23~~) to JSW Plastics Machinery. No interest will be charged during this special financing period, however it is agreed that JSW Plastics Machinery will still remain the owner and have recovery rights of this equipment until final payment has been made by EXEL BOBBINS or it's Financial Partner. JSW Plastics Machinery has the right to cancel or withdraw from this agreement after given written notice to EXEL BOBBINS on a Thirty (30) days notice.

Steve, if you are interested in pursuing this agreement, please sign below and return to my attention, a.s.a.p. as we are ready to ship these machines to you. Should you have any questions about this agreement, or require additional information, please feel free to contact Dennis Pochatek at the Chicago Technical Center.

Sincerely,

Jerry Johnson
Vice President Operations

Accepted By: _____
Signature

Title: President

Date: 2/26/01

**EXHIBIT**

**"C"**

CORPORATE OFFICE  3726 EAST MIRALOMA AVENUE, ANAHEIM, CA 92806-2107  PHONE: 714-630-5651  FAX: 714-630-1886
CHICAGO TECHNICAL CENTER  1300 LANDMEIER ROAD, ELK GROVE VILLAGE, IL 60007  PHONE: 847-427-1100  FAX: 847-427-1131
ATLANTA REGIONAL OFFICE  1700 CUMBERLAND POINT DR., SUITE 17, MARIETTA, GA 30067  PHONE: 770-952-0269  FAX: 770-956-9058
DETROIT REGIONAL OFFICE  24404 CATHERINE INDUSTRIAL DR., SUITE 310, NOVI, MI 48375  PHONE: 248-449-5422  FAX: 248-449-6018

# EXHIBIT "D"

# GRIFFITH, SAENZ & HILL, L.L.P.

### LAWYERS

1325 PALM BLVD., SUITE G
BROWNSVILLE, TEXAS 78520
956/541-2862
FAX/541-2864

MOISES M. SALAS, JR.

McALLEN OFFICE
ONE PARK PLACE
100 SAVANNAH, SUITE 620
McALLEN, TX 78503
956/971-9446
FAX/971-9451

September 25, 2001

Mr. James J. Regan
REGAN & BRAUN LAW OFFICES
2522 Artesia Blvd., Ste, 200
Redondo Beach, California 90278

RE:   Case No. B-01-148; Exel Bobbins & Plastics Components, Inc., vs. JSW Plastics
Machinery, Inc., In the United States District Court, Southern District of Texas,
Brownsville Division.

Dear Mr. Regan:

I am writing in response to your letter of September 20, 2001.

Please find attached a copy of the Notice of Lawsuit and Request for Waiver of Service of
Summons which was sent, via certified mail to the registered agent for JSW Plastics Machinery, Inc.,
on or about August 31, 2001. As of this date I have not received an executed Waiver. Please advise
whether you will execute such Waiver on behalf of your client and I will forward an original to your
office.

In addition, please be advised that my client's causes of action arise from JSW's breach of
of the attached agreement, executed by JSW's Vice-President, Jerry Johnson. The agreement
referred to in your correspondence is wholly unrelated and irrelevant to my client's claims in the
above-styled and numbered cause.

If you have any further questions, please call me. Otherwise I look forward to hearing that
you will receive and execute the appropriate Waiver of Service of Summons on behalf of your client.

Sincerely,

Moises M. Salas, Jr.

MMS/se
encl.

EXHIBIT
"D"

# GRIFFITH, SAENZ & HILL, L.L.P.

### LAWYERS

1325 PALM BLVD., SUITE G
BROWNSVILLE, TEXAS 78520
956/541-2862
FAX/541-2864

MOISES SALAS

McALLEN OFFICE
ONE PARK PLACE
100 SAVANNAH, SUITE 620
McALLEN, TX 78503
956/971-9446
FAX/971-9451

August 31, 2001

VIA CM-RRR-7000 0520 0024 6464 4958

The Prentice-Hall Corporation System, Inc
2730 Gateway Oakes Dr , Suite 100
Sacramento, California 95833

    **RE:**     **Case No. B-01-148;** *Exel bobbins and Plastic Components, Inc. vs. JSW Plastics Machinery, Inc.*; **In the United States District Court, Southern District, Brownsville, Texas**

To whom it may concern

    Enclosed please find the original and one copy of the Notice of Lawsuit and Request for Waiver of Service of Summons and the original and two copies of the Waiver of Service of Summons, for your consideration, along with a copy of Plaintiff's Original Complaint regarding the above referenced matter   Also enclosed find a copy of an Order Setting Conference.

    We request that you please return the executed original Waiver of Service of Summons to our office, we have enclosed a self-addressed stamped envelope for your convenience.

    Thank you in advance for your cooperation with this matter.

        Sincerely,

        GRIFFITH, SAENZ & HILL, L.L.P.

    By

        Moises M. Salas, Jr.

MMS:msc
enclosures

AO 398 (Rev 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) **THE PRENTICE-HALL CORPORATION SYSTEM, INC.**

as (B) **Agent for Service of Process** of (C) **JSW PLASTICS MACHINERY, INC.**

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) **SOUTHERN** District of **TEXAS**

and has been assigned docket number (E) **B-01-148**

This is not a formal summons or notification from the court but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) **30** days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ *3/st* _____ day of ___ *August* ___ . *2001* .

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days *(60 days if located in foreign country)* in which to return waiver.

AO 399 (Rev. 10/95)



# WAIVER OF SERVICE OF SUMMONS

TO: **MOISES M. SALAS, JR., GRIFFITH, SAENZ & HILL, L.L.P.**
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, **JSW PLASTICS MACHINERY, INC.** , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of **Exel Bobbins & Plastic Components vs. JSW Plastics Machinery, Inc.**
which is case number ____ **B-01-148** _____ in the United States District Court
(DOCKET NUMBER)

for the ____ **SOUTHERN** _____ District of _____ **TEXAS** _____ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____ (DATE)        _____ (SIGNATURE)

Printed/Typed Name: _____

As _____        of _____
(TITLE)        (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time a default judgment may be taken against that defendant. By waiving service a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# JSW PLASTICS MACHINERY INC.

HEAD OFFICE: LOS ANGELES
3726 EAST MIRALOMA AVENU    ANAHEIM, CALIFORNIA 92806-2107 • PHONE (714) 630-5651 • FAX (714) 630-1886

| CHICAGO TECHNICAL CENTER | EAS`   AST OFFICE | DETROIT OFFICE | ATLANTA OFFICE |
|---|---|---|---|
| 1300 LANDMEIER ROAD | I    3OX 498 | 44712 HELM STREET | 1700 CUMBERLAND POINT DR., STE#17 |
| ELK GROVE VILLAGE, IL 60007 | DAYVIL_   CT 06241-0498 | PLYMOUTH, MICHIGAN 48170 | MARIETTA, GEORGIA 30067 |
| PHONE: (847) 427-1100 | PHON.`  60) 774-2613 | PHONE: (734) 455-9003 | PHONE: (770) 952-0269 |
| FAX: (847) 427-1131 | FAX   `0) 774-3297 | FAX: (734) 455-9058 | FAX: (770) 956-9058 |

February 29, 2000

To Whom It May Concern:

JSW Plastics Machinery Inc., will support the growth and expansion of Exel Bobbins and Plastic Components Inc., by providing any model of JSW PMI Plastic Injection Molding Machine, which they will require for future projects with Sunbeam-Oster. This also includes maintaining a new machine inventory for quick delivery, based on the demands by Exel Customers, as well as providing full support on an on-going bases. We will assist Exel in any way possible to accommodate the needs of Sunbeam-Oster in all of their molding needs.

As of this date, JSW PMI has extended a credit line of $1,500,000.00 to Exel for the purchase of JSW's products and services, and agrees to a payment term of 5% down payment and balance net 180 days, at 0% interest. In addition, JSW PMI guarantees Exel a stock inventory of Injection Molding Machines at our Anaheim, CA. facility with delivery requirements of fourteen (14) days or less.

Once again, it has been and will be a pleasure doing business with Exel Plastics Inc., and sincerely appreciate our relationship of being a team supplier member of Exel Plastics.

Sincerely,

Jerry Johnson
Vice President



**JSW**
J S W  P L A S T I C S  M A C H I   E R Y  I N C.

January 30, 2001

Mr. Steve Becker
EXEL BOBBINS Inc.
3301 NAFTA Parkway – Unit C
Brownsville, TX  78521

Dear Steve,

As you will remember, JSW Plastics Machinery, Inc., extended a Line of Credit to your company, EXEL BOBBINS Inc., and now that we are getting close to shipping machines into your facility in Brownsville, TX., we must have an agreement as to the re-payment of this Line of Credit. Therefore, please accept the following proposal. We will be shipping the following Machines, per your Purchase Order #'s 15 and 5.

*202,500.00 per 3/3/2000 Quote+*

1 – JSW Model J500EII Injection Molding Machine      $~~706,500.00~~
1 – JSW Model J110EII Injection Molding Machine      $  84,835.00    *OUR conversation today 3/21/01*
          TOTAL INVOICE AMOUNT      *$4788.93*   ~~$ 291,335.00~~   *$ 287,335.00*

A 5% Down Payment of the total order amount is normally required prior to shipment, however we will make a special consideration to EXEL BOBBINS of 3 Equal Monthly Payments of $~~4,833.59~~, with the first payment due prior to shipment of machines, and the next Down Payment Installment is due Thirty (30) days after shipment, and the last Down Payment Installment Sixty (60) days after shipment.

*$ 217,768.23*

After the last Down Payment Installment is made, there will not be any payments due for a period of Six (6) Months. Then, starting on the Seventh (7) Month, EXEL BOBBINS will make Eleven (11) Monthly payments of $5,000.00 until the Twelfth (12) Month, at which time EXEL BOBBINS agrees to make a balloon payment of the balance owed (~~$ 221,768.23~~) to JSW Plastics Machinery. No interest will be charged during this special financing period, however it is agreed that JSW Plastics Machinery will still remain the owner and have recovery rights of this equipment until final payment has been made by EXEL BOBBINS or it's Financial Partner. JSW Plastics Machinery has the right to cancel or withdraw from this agreement after given written notice to EXEL BOBBINS on a Thirty (30) days notice.

Steve, if you are interested in pursuing this agreement, please sign below and return to my attention, a.s.a.p. as we are ready to ship these machines to you. Should you have any questions about this agreement, or require additional information, please feel free to contact Dennis Pochatek at the Chicago Technical Center.

Sincerely,

Jerry Johnson
Vice President Operations

Accepted By:  _____
                        Signature
                     President
                          Title
Date:  __2/26/01__

CORPORATE OFFICE   3726 EAST MIRALOMA AVENUE, ANAHEIM, CA 92806-2107   PHONE: 714-630-5651   FAX: 714-630-1886
CHICAGO TECHNICAL CENTER  1300 LANDMEIER ROAD, ELK GROVE VILLAGE, IL 60007   PHONE: 847-427-1100   FAX: 847-427-1131
ATLANTA REGIONAL OFFICE   1700 CUMBERLAND POINT DR , SUITE 17, MARIETTA, GA 30067   PHONE: 770-952-0269   FAX: 770-956-9058
DETROIT REGIONAL OFFICE   24404 CATHERINE INDUSTRIAL DR., SUITE 310, NOVI, MI 48375   PHONE: 248-449-5422   FAX: 248-449-6018

# EXHIBIT "E"

Case 1:01-cv-00148   Document 6   Filed in TXSD on 12/26/2001   Page 25 of 35

| Balances | Transactions | Payments | Transfers | E-Mail Us |

**EXEL BOBBINS & PLASTIC COMPONENTS**
3301 NAFTA PKWY UNIT C
BROWNSVILLE, TX 78521
(956) 832-0807 / FAX: (956) 832-0811

TEXAS STATE BANK
88-301/1149

3021

4/30/01

PAY TO THE ORDER OF   JSW Plastics Machinery, Inc                    $ 4,855.59

Forty eight hundred fifty five 59/00 ----------------------------- DOLLARS

MEMO   Deposit for 500 ton & 110ton

AUTHORIZED SIGNATURE

⑈003021⑈ ⑈114490901⑈ ⑈200125716⑈ ⑈0000485559⑈

8 SECURITY FEATURES INCLUDED. DETAILS ON BACK. ⑊

View Back
of Check

 Premiere.com • Our People • Texas Regional Bancshares, Inc.  VeriSign

No One Knows the Valley Like We Do.

Copyright 1999 Texas Regional Bancshares, Inc.
Federal Reserve System. All rights reserved.

  Member FDIC

Copyright © Information Technology, inc. 2000

**EXHIBIT**

**"E"**



**Balances**   **Transactions**   **Payments**   **Transfers**   **E-Mail Us**

View Front
of Check

Premier **e**com  ● **Our People** ● **Texas Regional Bancshares, Inc.**   VeriSign



*No One Knows the Valley Like We Do.*

Copyright 1999 Texas Regional Bancshares, Inc.
Federal Reserve System. All rights reserved.

 

Copyright © Information Technology, Inc. 2000

3301 Unit C NAFTA Parkway, Brownsville, TX
Phone. 956-832-0807    Fax: 956-832-0811

## Exel Bobbins & Plastic Components Inc.

# Fax

| | | | |
|---|---|---|---|
| **To:** | Jerry Johnson | **From:** | Steve Becker |
| **Fax:** | 847-427-1131 | **Pages:** | 2 |
| **Phone:** | 847-427-1100 | **Date:** | 5/8/01 |
| **Re:** | Delivery 110 & 500 | **CC:** | Dennis |

☑ **Urgent**     **For Review**     ☐ **Please Comment**     ☑ **Please Reply**     ☐ **Please Recycle**

● **Comments:** Thank you for a quick responce



9569322

# Exel Bobbins & Plastic Components Inc.

3301 NAFTA Pkwy, Unit C
Brownsville, TX 78521
956-832-0807
fax: 956-832-0811

May 8, 2001

JSW Plastic Machinery Inc.

To whom this may concern:

Exel is releasing P.O. #'s 9 and 15 pertaining quote # CHG00-C03066(500 ton) and CHG 01-C01014(110 ton). Per term agreement proposed on 1/30/01. Our deposit check # 3021 for $4855.59 was delivered on 4/30/01. We need to have confirmation to schedule pick-up 110 ton in Elk Grove, IL and 500 ton in LA, CA  Please repond A.S.A.P.

Sincerely,

Steve Becker
President


11:30 PM

# EXHIBIT "F"

EXEL BOBBINS & PLAST  PAGE 01

# REGAN · BRAUN
### LAW OFFICES

JAMES J REGAN PARTNER
MICHAEL S. BRAUN, PARTNER
ALBERT CHANG
LORNE D. LILIENTHAL
SHEILA WALSH
GENE A WILKER

2522 ARTESIA BOULEVARD, SUITE 200
REDONDO BEACH, CALIFORNIA 90278
TEL: (310) 372-1988
FAX: (310) 318-5894
E-MAIL: jregan@reganlaw.com
www.reganlaw.com

OF COUNSEL
ARTHUR W. FRANCIS, JR.
A PROFESSIONAL CORPORATION
DONALD L. PRICHARD
FRANK D. RORIE

June 13, 2001

**VIA FAX. (956) 832-0811/U.S.MAIL**

Mr Steven Becker, President
Exel Bobbins and Plastics Components, Inc.
3301 Nafta Parkway-Unit C
Brownsville, Texas 78521

> Re·   **$133,000 Owed JSW Plastics Machinery, Inc.**
>        **Purchase Order #98-1811**

Dear Mr. Becker

Please be advised that JSW Plastics Machinery, Inc. has retained this law firm to represent them with regard to monies owed by Excel Bobbins and Plastics Components to JSW Plastics Machinery, Inc Please coordinate all further communications directly with this office. Please do not contact my clients as this matter is being handled by this office.

It is my understanding that you purchased a 385P ton injection molding press from JSW Plastics Machinery Inc That press was delivered and payment was due, as extended, on or about April 20, 2001  The payment balance of $133,000 has not been paid since that date. Interest on that sum is increasing on a daily basis at the rate of $36.44 and through today's date, June 13, 2001, an additional sum of $1931.32 is owed.

DEMAND IS HEREBY MADE that you immediately pay the sum of $134,931.32 owed as of June 13, 2001 with $36.44 per day to be added through the date that you actually make payment. You have fifteen (15) days, or to and including June 29, 2001 in which to make payment.   Please make the check payable to JSW Plastics Machinery, Inc. and have same delivered to JSW Plastics Machinery, Inc.'s home office located at 3726 E. Miraloma Avenue Anaheim, California  92806.

If you do not  make a timely payment, please advise this office, no later than June 21, 2001, so that arrangements can be made for the  immediate removal of the injection molding press.



EXHIBIT

"F"

Mr. Steven Becker, President
June 13, 2001
Page Two

Should you have any questions, please do not hesitate to contact me.

Sincerely,

JAMES J. REGAN

JJR·cm

c:     Mr. Fumio Hirayama (via fax)
       Mr Jerry Johnson (via fax)

# EXHIBIT "G"

# REGAN · BRAUN
### LAW OFFICES

DAVID J REGAN PLAER O
MICHAEL J BRAUN PAR TER
ALBERT CHANG
LORNE D LILLENTHAL
SHEILA WALSH
GENE A WILKER

2523 ARTESIA BOULEVARD, SUITE 200
REDONDO BEACH CALIFORNIA 90278
TEL (310) 372-1988
FAX (310) 318-5894
E-MAIL jregan@reganlaw.com
www.reganlaw.com

OF COUNSEL
ARTHUR W FRANCIS, JR.
A PROFESSIONAL CORPORATION
DONALD L PRICHARD
FRANK D RORIE

July 13, 2001

**VIA FAX:** ( )56) 832-0811
Mr Steven Becker  President
Exel Bobbins and Plastics Components, Inc.
3301 Nafta Parkway-Unit C
Brownsville  Texas 78521

> Re:     **$133,000 Owed JSW Plastics Machinery, Inc.**
>          **Purchase Order #98-1811**

Dear Mr Becker

This letter follows up your letter-fax request to JSW Plastics Machinery, Inc. dated July 10, 2001 with a copy to me wherein you requested payment terms as an alternative to a lump sum pay off  Apparently your company Exel Bobbins and Plastics Components ("Exel") was unable to get the pay off monies at this point in time  While JSW-PMI feels strongly these monies are overdue, after some discussion, they will try to work you

JSW Plastics Machinery proposes the following terms and conditions as an addendum to the subject  purchase order  Please  read carefully.  If you are in agreement with the terms and conditions contained herein, please sign at the end of this letter agreement acknowledging your consent to this agreement  Please be aware that your signing of this document will constitute a written contract which can be enforced in a court of law.

In consideration for JSW-PMI foregoing immediate repossession of the 385 JSW EIIP, the parties here by agree to the additional terms and conditions to Purchase Order No  98-1811 dated on or about September 5, 2000 are as follows:

1        All the terms and conditions of Purchase Order No  98-1811 are reaffirmed in in this agreement  subject only to any changes or additions made in this agreement which, if in conflict with the original purchase order, their document's term's and conditions shall prevail

*per Jim Regan 7/19/01*

2        Exel agrees to make a down payment of $10,000 by ~~July 20~~ Aug. 1 $12,800.00 (SB), 2001, pay $2,800 per month commencing August 1, 2001, with a lump sum payment of the outstanding principal and interest due at the end of one (1) year or on July 20, 2002

The outstanding principal of $133,000 shall bear interest at the legal rate of ten percent (10%) on the outstanding balance from April 20, 2001 (per my letter of June 13, 2001) to date of pay off.



**EXHIBIT**
**"G"**

Case 1:01-cv-00148  Document 6  Filed in TXSD on 12/26/2001  Page 34 of 35

Mr Steven Becker, President
July 13, 200
Page Two


3    Each installment payment shall be due and payable to JSW-PMI at its Anaheim, California office or wire-transferred on the first day of each month as follows:

> Mr Fumio Hirayama, President
> JSW PLASTICS MACHINERY, INC.
> 3726 E. Miraloma Avenue
> Anaheim  CA  92806Mr. Steven Becker, President
>
> **Bank Name:** **Manufacturers Bank**
>                    **Headquarters Office**
> **Account No:** 90-045-270
> **Routing No.** 122226076
> **Beneficiary:** **JSW Plastics Machinery, Inc.**

In the event that the payment is not paid by the fifth (5th) day of each month, then, an additional charge shall be made on the outstanding balance.

4    In the event that Exel is late on any monthly installment payment, there shall be a one percent (1%) interest charge on the unpaid balance.

5    In the event that Exel defaults on the loan repayment plan, then, Exel agrees to not contest JSW-PMI's right to repossess the 385 JSW EIIP and will immediately make arrangements for and pay all freight costs to ship the 385 ton press from its present location to JSW-PMI's office at Anaheim, California.

6.    Exel and JSW-PMI agree that the sole jurisdiction for any disputes arising from this agreement shall be litigated solely in the County of Los Angeles, State of California. California law shall govern this transaction

7.    In the event that a dispute arises as to the interpretation or performance of the subject purchase order or this addendum, then the prevailing party in such a dispute shall be entitled to reasonable attorney fees and actual costs.

8    In the event a UCC Financing Statement has not been executed, then, Exel shall promptly execute any and all financing statements as required by JSW-PMI.

Once you have had an opportunity to review this document, please sign in the area provided below acknowledging that you have read, agreed, approved and will perform pursuant to this letter agreement

Mr. Steven Becker, President
July 13, 2001
Page Three

Should you have any questions, please do not hesitate to contact me.

Sincerely,

JAMES J. REGAN

JJR:cm

c    Mr Fumio Hirayama (via fax)
     Mr Jerry Johnson (via fax)

READ, AGREED AND APPROVED THIS

_19_ DAY OF JULY, 2001

Steven Becker, President
Exel Bobbins and Plastics Components, Inc.
Duly Authorized Agent at the Corporation