```
                                                          United States District Court
                                                           Southern District of Texas
                                                                     FILED
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS                  DEC 2 8 2001
                     BROWNSVILLE DIVISION
                                                                Michael N. Milby
                                                                 Clerk of Court
```

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC. | § § | |
| *Plaintiff,* | § § | |
| | § | CIVIL ACTION NO. **B-01-148** |
| VS. | § | JURY |
| | § | |
| JSW PLASTICS MACHINERY, INC. | § | |
| *Defendant,* | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The meeting of the parties required by Rule 26(f) was held by telephonic conference at the law offices of Griffith, Saenz & Hill, L.L.P., in Brownsville, Texas on December 21, 2001. Moises M. Salas, Jr., for the Plaintiff and David C. Garza and James J. Regan and Lorne Lilienthal, attorneys for the Defendant participated in said meeting.

2. List the cases related to this one that re pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   Plaintiffs allege diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

4. Name the parties who disagree and the reasons.

   None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Unknown at this time as discovery is incomplete. If it becomes necessary to include additional parties, Plaintiff and/or Defendant will file the necessary motions in accordance

with the Rules of Federal Civil Procedure and this Court's local Rules.

6. List anticipated interventions.

   None at this time.

7. Describe class-action issues.

   None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Initial disclosures will be made to the extent such information is currently available to the parties by January 10, 2002.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      Responses to be made by January 10, 2002.

   B. When and to whom the plaintiff anticipates it may send interrogatories, requests for production and request for admissions.

      Plaintiff anticipates sending interrogatories, requests for production and request for admissions to Defendants on or before February 11, 2002.

   C. When and to whom the defendant anticipates it may send interrogatories, requests for production and request for admissions.

      Defendant anticipates sending interrogatories, requests for production and request for admissions to Plaintiff on or before February 11, 2002.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

      Plaintiff anticipates taking oral depositions of the Defendant's designated expert(s') representatives and any witnesses, whether expert or lay witnesses by July 15, 2002.

   E. Of whom and by when the defendant anticipates taking oral depositions.

      Defendants anticipate taking the oral deposition of the Plaintiff's designated expert(s), representatives and any witnesses whether expert or lay witnesses by July 15, 2002.

    F.    When the plaintiff (or the party with the burden of proof on and issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the Defendant will be able to designate responsive experts and provide their reports.

         Plaintiff anticipates designating experts and providing reports by March 15, 2002.

         Defendants anticipate designating experts and providing reports by May 15, 2002.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

         Plaintiff anticipates taking depositions of the Defendant's expert(s) on or before July 15, 2002.

    I.    List expert depositions the opposing party anticipate taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

         Defendant anticipates taking the deposition of Plaintiff's expert(s) by July 15, 2002.

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

      The parties have discussed the discovery needed and at this time do not disagree with any part of the discovery plan.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

      Parties have exchanged copies of some documentation which is relevant to the claims and defenses in this cause.

12.    State the date the planned discovery can reasonably be completed.

      July 15, 2002.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

      The parties expect that voluntary mediation will be possible after completion of discovery.

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

      Nothing to date.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Voluntary mediation

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    At this time parties are unwilling to have this cause tried by magistrate. However, the parties reserve their rights to request trial before the magistrate if the parties so determine.

17  State whether a jury demand has been made and if it was made on time.

    A timely demand for jury trial has been made.

18. Specify the number of hours it will take to present the evidence in this case.

    At this time it is difficult to estimate the number of hours for trial. However, from discussions between the parties, it is agreed that a minimum of 5 to 7 days will be required for the trial of this cause.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Notice of Motion and Motion of Defendant to Dismiss for Improper Venue; or, in the Alternative, to Transfer for Improper Venue.

20. List other motions pending.

    None

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    This case involves parties and witnesses located in Texas, Illinois and California. Scheduling of depositions and completion of discovery may be delayed or otherwise difficult to accomplish. Accordingly, the parties reserve the right to request additional time from the Court to complete discovery if it becomes necessary.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

Moises M. Salas, Jr.
**Griffth, Saenz & Hill, L.L.P.**
1325 Palm Blvd., Suite G
Brownsville, Texas 78520
(956) 541-2862 - Telephone
(956) 541-2864 - Facsimile
State Bar No. 00786217
Federal Identification No. 17506
ATTORNEYS FOR PLAINTIFF
**EXEL BOBBINS AND PLASTIC COMPONENTS, INC.**

David C. Garza
**Garza & Garza, L.L.P.**
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
(956) 541-4914 - Telephone
(956) 542-7403 - Facsimile
State Bar No. 07731400
Federal I.D. No. 3778
ATTORNEY FOR DEFENDANT
**JSW PLASTICS MACHINERY, INC.**

James J. Regan
Lorne Lilienthal
**Regan, Braun Law Offices**
2533 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
(310) 372-1988 - Telephone
(310) 318-5894 - Facsimile
ATTORNEYS FOR DEFENDANT
**JSW PLASTICS MACHINERY, INC.**

Respectfully Submitted this the 27th day of December, 2001.

By: _____
MOISES M. SALAS, JR.

By: _____
DAVID C. GARZA

By: _____
JAMES J. REGAN

Moises M. Salas, Jr.
**Griffith, Saenz & Hill, L.L.P.**
1325 Palm Blvd., Suite G
Brownsville, Texas 78520
(956) 541-2862 - Telephone
(956) 541-2864 - Facsimile
State Bar No. 00786217
Federal Identification No. 17506
ATTORNEYS FOR PLAINTIFF
EXEL BOBBINS AND PLASTIC COMPONENTS, INC.

David C. Garza
**Garza & Garza, L.L.P.**
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
(956) 541-4914 - Telephone
(956) 542-7403 - Facsimile
State Bar No. 07731400
Federal I.D. No. 3778
ATTORNEY FOR DEFENDANT
JSW PLASTICS MACHINERY, INC.

James J. Regan
Lorne Lilienthal
**Regan, Braun Law Offices**
2533 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
(310) 372-1988 - Telephone
(310) 318-5894 - Facsimile
ATTORNEYS FOR DEFENDANT
JSW PLASTICS MACHINERY, INC.

Respectfully Submitted this the ____ day of _____, 200__.


By: _____
    MOISES M. SALAS, JR.

By: _____
    DAVID C. GARZA

By: _____
    JAMES J. REGAN

Moises M. Salas, Jr.
Griffith, Saenz & Hill, L.L.P.
1325 Palm Blvd., Suite G
Brownsville, Texas 78520
(956) 541-2862 - Telephone
(956) 541-2864 - Facsimile
State Bar No. 00786217
Federal Identification No. 17506
ATTORNEYS FOR PLAINTIFF
EXEL BOBBINS AND PLASTIC COMPONENTS, INC.

David C. Garza
Garza & Garza, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
(956) 541-4914 - Telephone
(956) 542-7403 - Facsimile
State Bar No. 07731400
Federal I.D. No. 37778
ATTORNEY FOR DEFENDANT
JSW PLASTICS MACHINERY, INC.

James J. Regan
Lorne Lilienthal
Regan, Braun Law Offices
2533 Arteala Boulevard, Suite 200
Redondo Beach, California 90278
(310) 372-1988 - Telephone
(310) 318-5894 - Facsimile
ATTORNEYS FOR DEFENDANT
JSW PLASTICS MACHINERY, INC.

Respectfully Submitted this the _____ day of _____, 200___.


By: _____
         MOISES M. SALAS, JR.


By: _____
         DAVID C. GARZA

By: _____
         JAMES J. REGAN