9

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 7 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JSW PLASTICS MACHINERY, INC., <br><br> Defendant. | CIVIL ACTION No. B-01-148 <br><br> [Assigned to the Hon. Hilda G. Tagle] |

**REPLY TO THE OPPOSITION OF
EXEL BOBBINS AND PLASTIC COMPONENTS, INC. TO THE MOTION
TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO
TRANSFER FOR IMPROPER VENUE**

Plaintiff JSW PLASTICS MACHINERY, INC. (hereinafter "JSW" or "Defendant") hereby submits this Reply to the Opposition of EXEL BOBBINS AND PLASTIC COMPONENTS, INC. (hereinafter "EXEL" or "Plaintiff") to the Motion to Dismiss for Improper Venue; or, in the alternative, to Transfer for Improper Venue (hereinafter the "Motion to Dismiss/Transfer").

## I.

## THE UNCONTROVERTED EVIDENCE SHOWS THAT THERE WERE SEVERAL CONTRACTUAL AGREEMENTS BETWEEN EXEL AND JSW THAT WERE PART OF ONE ON-GOING BUSINESS TRANSACTION CULMINATING IN THE JULY 13, 2001 ADDENDUM CONTAINING THE FORUM SELECTION CLAUSE

The dispute between the Parties involves several different transactions made over the course of about a one and one-half (1 ½) year period. The basic chronology of pertinent facts regarding the contracts between the Parties is as follows:

1) In early, 2000, the Parties commenced negotiations for the sale of various plastic molding machines and JSW promised to extend to EXEL a credit line of $1.5 million dollars for the purchase of JSW'S machines. See February 29, 2000 letter attached as Exhibit D to EXEL'S Opposition.

2) On or about October 3, 2000, EXEL bought a 310SP machine from JSW for $100,000.00 pursuant to Purchase Order 00-1345. See Exhibit A attached to this Reply.

3) On or about August 22, 2000, EXEL bought a J385II-P machine from JSW for $140,000.00 pursuant to Purchase Order No. 98-1811. See Exhibits A, A1 to EXEL'S Opposition.

4) On or about November 7, 2000, EXEL bought a J-500EII machine from JSW for $206,500.00 pursuant to for Purchase Order No. 9.[1] See Exhibit B attached to this Reply.

5) On or about January 23, 2001, JSW sent EXEL an invoice for Purchase Order No. 15 for the sale of a J-110EII machine for $84,835.00.

6) On or about May 10, 2001, JSW sent a letter to EXEL advising that JSW was

---

[1] The final sale price was for $206,500.00 as indicated by the January 30, 2001 contract attached as Exhibits B and C to JSW'S Motion to Dismiss/Transfer which incorrectly identified the Purchase Order as No. 5 rather than No. 9.

REPLY TO THE OPPOSITION OF EXEL BOBBINS AND PLASTIC COMPONENTS, INC. TO THE MOTION TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE

2

withdrawing its line of credit to EXEL because EXEL failed to make timely payments on the J-385EII machine (Purchase Order No. 98-1811). Additionally, JSW advised that the payment made by EXEL to JSW pursuant to the JSW J-500EII and the J-110EII would be applied to the sale of the J-385EII machine. See Exhibit C attached to this Reply.

7) On or about July 13, 2001, the Parties entered into a written modification contract, which included, among other things, the Los Angeles forum selection clause, in order to settle the disputes set forth in the May 10, 2001 letter.

The fact that each of the foregoing transactions [e.g; (a) the line of credit; (b) Purchase Order No. 98-1811; (c) Purchase Order No. 9; and (d) Purchase Order No. 15] were all part of the same on-going transaction culminating in the July, 2000 contract containing the Los Angeles forum selection clause is established by the following uncontroverted facts.

1) The February 29, 2000 letter attached as Exhibit D to Plaintiff's Opposition provides that the $1.5 million line of credit applies to any purchase made by EXEL of JSW machines.

2) Purchase Orders No.'s 9 and 15, which are separate and distinct purchase orders, were coupled together for purposes of a re-payment plan pursuant to the January 30, 2001 agreement attached as Exhibit C to Plaintiff's Opposition.

3) In the May 10, 2001 letter (Exhibit C herein), JSW confirmed that EXEL failed to make a timely payment pursuant to Purchase Order 98-1811 and that the EXEL'S payment of $4,855.49 toward Purchase Orders 9 and 15 would be applied to Purchase Order 98-1811. In fact, Plaintiff refers to the May 10, 2001 letter in its allegations to the Complaint

4) Plaintiff never repudiated the May 10, 2001 letter thereby ratifying the fact that EXEL was late in its payments on Purchase Order No. 98-1811 and that the payment received for the other purchase orders could be applied to Purchase Order No. 98-1811.

REPLY TO THE OPPOSITION OF EXEL BOBBINS AND PLASTIC COMPONENTS, INC. TO THE MOTION TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE

3

5) The July 13, 2001 written agreement containing the forum selection clause is a addendum of the Purchase Order No. 98-1811 which, in turn, encompasses the prior disputes articulated in the May 10, 2001 letter and the January 30, 2001 agreement.

Based upon the foregoing facts, the Parties, through their conduct and through their correspondence and contracts, intended that all of the contracts as part of one on-going business transaction. The final formal action was the written addendum including the forum selection clause which is binding as it was voluntarily and knowingly entered into.

## II.

## PLAINTIFF'S OPPOSITION IS DEFECTIVE IN THAT IT IS BASED UPON SOLELY ARGUMENT AND CONCLUSION

EXEL'S Opposition completely lacks any points and authorities on the issue as to whether or not the July 13, 2001 addendum does not require a dismissal of the Complaint or transfer of venue. Rather, the Opposition relies exclusively upon rhetorical argument and conclusion supported by incomplete facts. As mentioned in the underlying motion, the court has discretion to either dismiss the Complaint or transfer the matter to Los Angeles pursuant to the written forum selection clause and Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406.

## III.

## CONCLUSION

For the reasons stated herein, as well as those in the underlying motion, Defendant JSW respectfully requests that the Court dismiss Plaintiff EXEL'S Complaint or, in the alternative, transfer the action to Los Angeles, California.

Respectfully submitted,

Dated: January 7, 2002   By: /s/ *with permission*
DAVID C. GARZA
SBN 07731400 - Fed. ID. No. 3778
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax:(956) 542-7403
Attorney-in-Charge for JSW PLASTICS
MACHINERY, INC.

JAMES J. REGAN
CA SBN 80576 - FBN 80576
REGAN • BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

## DECLARATION OF JAMES J. REGAN

I, James J. Regan, declare as follows:

1. I am the attorney for Defendant JSW PLASTICS MACHINERY, INC. in the subject action and am admitted to practice law within the United States District Court, Central District of California and all California State Courts. The facts stated herein are personally known to me, and I have first-hand knowledge of the same. If called to testify, I would and could competently testify thereto, under oath.

2. Attached hereto as Exhibit A is true and correct copy of Purchase Order No. 00-1345 sent by EXEL to JSW on or about October 3, 2000.

3. Attached hereto as Exhibit B is a true and correct copy of Purchase Order No. 9 sent by EXEL to JSW on or about November 7, 2000.

4. Attached hereto as Exhibit C is a true and correct copy a letter from JSW to EXEL dated May 10, 2001.

Executed January 7, 2002 at Redondo Beach, California.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

*[signature]*
James J. Regan

REPLY TO THE OPPOSITION OF EXEL BOBBINS AND PLASTIC COMPONENTS, INC. TO THE MOTION TO DISMISS FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE

6

# EXHIBIT A

| Purchase Order # | Page |
|---|---|
| 00-1345 | 1 |

# EXEL PLASTICS, INC.

302 Roma Jean Parkway  
Streamwood, IL 60107  
Phone (630) 372-5878  
Fax  (630) 372-5879

**SHIP TO**  
EXEL Plstics, Inc

**Purchase Order**

**VENDOR**  
JS\V Plastics Machinery inc.  
**1300 Landmeier Rd**  
Elk Grove Village, IL 60007, U.S.A  
(847) 427-1100 fax (847) 427-1131

**BILL TO**  
**EXEL PLASTIC, INC.**  
**302 Roma Jean Parkway**  
**Streamwood, IL 60107**

| REQUESTER | | | | DELIVER TO | | |
|---|---|---|---|---|---|---|
| EXEL Plastics, Inc. | | | | SAME | | |
| ORDER DATE | VENDOR CODE | BUYER JOHN | TERMS | | SHIP VIA | |
| 10/3/00 | | | 10% down balance 30 days | | OUR TRUCK | |
| F.O.B | FREIGHT | TAXABLE | P.O. TYPE | ACCOUNT NUMBER | CONFIRM TO | RESALE NUMBER |
| | | | | | John | |
| 1 | 310SP ton molding machine with 245 ton " B " barrel 17.8 OZ | | | | 1 | $100,000.00 |
| | | | | TOTAL | | $100,000.00 |

# EXHIBIT B

Exel Bobbins & Plastic Components Inc.

3301 NAFTA Parkway
Unit C
Brownsville, TX 78521

# Purchase Order

| DATE | P.O. NO. |
|---|---|
| 11/7/2000 | 9 |

**Vendor**

JSW Plastics Machinery Inc
3720 E. Miraloma Avenue
Anaheim, CA 92806
Fax. 817-127-1111

**SHIP TO**

Exel Bobbins & Plastic Components Inc.
3301 NAFTA Parkway
Unit C
Brownsville, TX 78521
Ph. 956-832-0807  Fax 832-0811

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| IF2 | 500 Ton Injection Molding Machine  11-Barril | 1 | 202,500.00 | 202,500.00 |
| | NOTE: Ship to above address, Bill to Exel Plastics  502 Tenth Gear Pkwy  Streamwood, IL 94-107 | | | |
| | Per Quote dated March 03, 2000. Per Jerry Johnson | | | |
| | REVISION PER CONVERSATION WITH JERRY AND DENIS ON 07/7/01 | | | |

Per special terms Jerry Johnson

**Total** $202,500.00

# EXHIBIT C

May 10, 2001

Mr. Steve Becker
EXEL BOBBINS Inc.
3301 NAFTA Parkway   Unit C
Brownsville, TX  78521

Sent by Fax and Certified Letter

Dear Steve

I am in receipt of your fax dated May 8, 2001.

Please understand that your check of $4,855.59 (which represents a 1/3 of the 5% down payment) has been received by JSW Plastics Machinery, and is being applied to our model JSW J-500EII Hydraulic Injection Molding Machine located in our L.A., California facility, and our model J-110EII Hydraulic Injection Molding Machine located in our Chicago facility, which is currently on a hold bases, until we receive full payment on the delinquent past due payment of the model J-385EII machine at your facility in Brownsville, TX facility, which was due on April 23, 2001.

Steve, as you know, we (JSW) have extended special payment terms to Exel Bobbins and Plastics Components, with the full understanding and agreement, that Exel Bobbins and Plastics Components would adhere to the payment terms extended to you, however we (JSW) have not been paid for the first shipment of our model J-385EII machine.

Therefore, we must withdraw our initial offer to Exel Bobbins and Plastics Components, the Credit Line of $1,500,000.00, due to non-payment of the original sales agreement.

Per our telephone conversation of May 7, 2001, JSW is extending to you, an extension of payment to May 11, 2001, allowing you to obtain financing for the original payment. Should you not be able to obtain financing, unfortunately, JSW will need to exercise it's right to recover this machine from you facility and cancel all other existing and remaining orders that you have placed with JSW, and applying all other funds from Exel Bobbins and Plastics Components received, toward the recovery and remarketing of the model J385EII machine.

Steve, after reviewing this letter, should you have any questions, or require additional information, please feel free to contact me at the JSW Chicago Technical Center.

Sincerely,


Jerry Johnson
Vice President