IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTICS COMPONENTS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-01-148 [Assigned to the Hon. Felix Recio] |
| JSW PLASTICS MACHINERY, INC., | § § | |
| Defendant | § | |

**ANSWER OF DEFENDANT JSW PLASTICS MACHINERY, INC.
TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant JSW PLASTICS MACHINERY, INC. (hereinafter "JSW"or "Defendant") answers the Complaint on behalf of itself and itself alone pursuant to Rule 8 of the Federal Rules of Civil Procedure.

**I.**

1. Defendant lacks information sufficient to admit or deny the allegations contained in the paragraph under Section I of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

**II.**

2. Defendant admits the allegations contained in the paragraph under Section II of the Complaint.

**III.**

**JURISDICTION**

3. Defendant lacks information sufficient to admit or deny the allegations contained in the

1

paragraph under Section III, Jurisdiction, of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

## IV.

## VENUE

4.   Defendant denies the allegations contained in the paragraph under Section IV, Venue, of the Complaint. Specifically, Defendant avers that venue is proper in Los Angeles, California due to a contractual forum selection clause.

## V.

## FACTUAL BACKGROUND

5.   With respect to the first paragraph under Section V, Factual Background, of the Complaint, Defendant objects to and can neither admit nor deny the averments on the ground that they are vague, confusing and ambiguous because there were several writings from JSW to EXEL and Plaintiff failed to attach a copy of the alleged writings to the Complaint and, on that basis, denies all allegations contained therein. Without waiving said objections, Defendant admits that sometime around late 1999 to early 2000, EXEL inquired of JSW to purchase plastic molding machines in order for EXEL to provide services to Sunbeam Oster which was confirmed in a written letter dated February 29, 2000, from JSW to EXEL Defendant denies all other allegations set forth in this paragraph.

6.   With respect to the second paragraph under Section V, Factual Background, of the Complaint, Defendant admits that it knew that EXEL intended to purchase JSW machines in order to provide services to Sunbeam-Oster and Defendant further admits that JSW had extended a 1,500,000.00 credit line to EXEL for the purchase of JSW machines. Defendant denies all other allegations set forth in this paragraph.

7. With respect to the third paragraph under Section V, Factual Background, of the Complaint, Defendant objects to and can neither admit or deny the averments on the ground that they are vague, confusing and ambiguous because there were several written contracts entered into between EXEL and JSW and Plaintiff failed to attach a copy of the alleged contract to the Complaint and, on that basis, denies all allegations contained therein. Without waiving said objections, Defendant admits there was a written contract dated January 30, 2001 between JSW and EXEL for the purchase of two JSW machines which was executed and delivered to Jerry Johnson. Defendant denies all remaining allegations set forth in this paragraph.

## VI.

## **BREACH OF CONTRACT**

8. With respect to the first paragraph under Section IV, Breach of Contract, of the Complaint, Defendant objects to and can neither admit nor deny the averments on the ground that they are vague, confusing and ambiguous because there were several written contracts entered into between EXEL and JSW and Plaintiff failed to attach a copy of the alleged contract to the Complaint and, on that basis, denies all allegations contained therein. Without waiving said objections, Defendant denies that EXEL performed its obligations under the contract and further denies that JSW breached any contract with EXEL or caused EXEL injury or damages.

9. With respect to the second paragraph under Section IV, Breach of Contract, of the Complaint, Defendant objects to and can neither admit nor deny the averments on the ground that they are vague, confusing and ambiguous because there were several written contracts entered into between EXEL and JSW and Plaintiff failed to attach a copy of the alleged contract to the Complaint and, on that basis, denies all allegations contained therein. Without waiving said objections, Defendant denies each and every allegation set forth in this paragraph.

10. With respect to the third paragraph under Section IV, Breach of Contract, of the Complaint, Defendant objects to and can neither admit nor deny the averments on the ground that they are vague, confusing and ambiguous because there were several written contracts entered into between EXEL and JSW and Plaintiff failed to attach a copy of the alleged contract to the Complaint and, on that basis, denies all allegations contained therein. Without waiving said objections, Defendant denies each and every allegation set forth in this paragraph.

11. With respect to the fourth paragraph under Section IV, Breach of Contract, of the Complaint, Defendant objects to and can neither admit nor deny the averments on the ground that they are vague, confusing and ambiguous because there were several written contracts entered into between EXEL and JSW and Plaintiff failed to attach a copy of the alleged contract to the Complaint and, on that basis, denies all allegations contained therein. Without waiving said objections, Defendant denies each and every allegation set forth in this paragraph.

12. With respect to the fifth paragraph under Section IV, Breach of Contract, of the Complaint, Defendant objects to and can neither admit nor deny the averments on the ground that they are vague, confusing and ambiguous because there were several written contracts entered into between EXEL and JSW and Plaintiff failed to attach a copy of the alleged contract to the Complaint and, on that basis, denies all allegations contained therein. Without waiving said objections, Defendant denies each and every allegation set forth in this paragraph.

13. With respect to the sixth paragraph under Section IV, Breach of Contract, of the Complaint, Defendant objects to and can neither admit nor deny the averments on the ground that they are vague, confusing and ambiguous because there were several written contracts entered into between EXEL and JSW and Plaintiff failed to attach a copy of the alleged contract to the Complaint and, on that basis, denies all allegations contained therein. Without waiving said objections, Defendant denies all allegations set forth in this paragraph.

## VII.

## TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACT

14. With respect to the allegations set forth in the paragraph under Section VII, Tortious Interference With Prospective Contract, Defendant denies each and every allegation set forth therein.

## VIII.

## ATTORNEY'S FEES

15. With respect to the allegations set forth in the paragraph under Section VIII, Attorney's Fees, Defendant denies that Plaintiff is entitled to recover statutory attorney's fees pursuant to Texas Civil Practice and Remedies Code §38.001(8).

## ANSWER TO RELIEF REQUESTED

16. Defendant denies that Plaintiff is entitled to any relief whatsoever as alleged in the Prayer of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense to All Causes of Action

17. The Complaint, and each and every cause of action therein, separately and individually, fails to state facts sufficient to state a cause of action against Defendant.

### Second Affirmative Defense to All Causes of Action

18. Plaintiff failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable

means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### Third Affirmative Defense to All Causes of Action

19. The damages sustained by Plaintiff, if any, were proximately caused by the acts, errors, omissions, negligence, fraud and/or breach of obligations of Plaintiff or Plaintiff's agents or employees and, as such, Plaintiff is entitled to no relief whatsoever from Defendant.

### Fourth Affirmative Defense to All Causes of Action

20. The damages sustained by Plaintiff, if any, were proximately caused by the acts, errors, omissions, negligence, fraud and/or breach of obligations of Plaintiff and/or persons other than Defendant and beyond Defendant's supervision and control and, as such, Plaintiff is entitled to no relief whatsoever from Defendant.

### Fifth Affirmative Defense to All Causes of Action

21. The damages sustained by Plaintiff, if any, were proximately caused by the acts, omissions, fraud, or breach of obligations of Plaintiff and/or parties other than Defendant and any damage awarded to Plaintiff should be diminished in proportion to that amount attributed to said parties.

### Sixth Affirmative Defense to All Causes of Action

22. The causes of action alleged in the Complaint are barred by the equitable doctrine of waiver.

### Seventh Affirmative Defense to All Causes of Action

23. The causes of action alleged in the Complaint are barred by the doctrine of estoppel.

### Eighth Affirmative Defense to All Causes of Action

24. The causes of action alleged in the Complaint are barred by the doctrine of laches.

### Ninth Affirmative Defense to All Causes of Action

25. The causes of action alleged in the Complaint are barred by the doctrine of unclean hands.

### Tenth Affirmative Defense to All Causes of Action

26. The causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

### Eleventh Affirmative Defense to All Causes of Action

27. Defendant is informed and believes that it is entitled to attorney's fees pursuant to statute and/or contract.

### Twelfth Affirmative Defense to All Causes of Action

28. Plaintiff's causes of action are barred, in whole or in part, because Defendant's conduct was fair, reasonable and justified under the circumstances.

### Thirteenth Affirmative Defense to All Causes of Action

29. Plaintiff is not entitled to recover attorney fees because it has failed to state a cause of action where attorney's fees can be awarded.

### Fourteenth Affirmative Defense to All Causes of Action

30. Plaintiff is note entitled to recover enhanced damages because it has failed to state a cause of action where enhanced damages can be awarded.

### Fifteenth Affirmative Defense to All Causes of Action

31. Plaintiff's causes of action are barred, in whole or in part, by termination of any and all contracts made between Plaintiff or any of its assignors or predecessors and Defendants as alleged in the Complaint.

### Sixteenth Affirmative Defense to All Causes of Action

32. Plaintiff's causes of action are barred, in whole or in part, by discharge of any and all contracts made between Plaintiff or any of its assignors or predecessors and Defendants as alleged in the Complaint.

### Seventeenth Affirmative Defense to All Causes of Action

33. Defendants, at all times alleged in the Complaint, were acting in good faith, good cause, within the reasonable expectations of all parties, and in relation to Defendants' legitimate business interests.

### Eighteenth Affirmative Defense to All Causes of Action

34. Any failure by Defendant to perform is excused and/or discharged by supervening impracticability, impossibility and/or frustration of purpose.

### Nineteenth Affirmative Defense to All Causes of Action

35. Defendants never entered into any written or oral agreements with Plaintiff as there was no mutuality, meeting of the minds, and/or failure of consideration.

### Twentieth Affirmative Defense to All Causes of Action

36. All of Plaintiff's causes of action are barred, in whole or in part, because any and all agreements made between Plaintiff and Defendants are illegal and unenforceable.

### Twenty-First Affirmative Defense to All Causes of Action

37. All of Plaintiff's causes of action are barred, in whole or in part, because any and all agreements made between Plaintiff and Defendants are unconscionable and unenforceable.

### Twenty-Second Affirmative Defense to All Causes of Action

38. Defendant's conduct as alleged in the Complaint was privileged and, on that basis, Plaintiff's claims are barred.

### Twenty-Third Affirmative Defense to All Causes of Action

39.     All of Plaintiff's causes of action are barred, in whole or in part, because Plaintiff consented to all of Defendant's actions as alleged in the Complaint.

### Twenty-Fourth Affirmative Defense to All Causes of Action

40.     All of Plaintiff's causes of action are barred, in whole or in part, and Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction as alleged under 28 U.S.C. § 1332(a) because no diversity exists between all Plaintiff(s) and Defendant(s) and because Plaintiff cannot meet the jurisdictional damage requirements.

### Twenty-Fifth Affirmative Defense to All Causes of Action

41.     All of Plaintiff's causes of action are barred, in whole or in part, and Plaintiff's Complaint should be dismissed and/or transferred to Los Angeles, California because Brownsville, Texas is an improper venue for this action.

### Twenty-Sixth Affirmative Defense to All Causes of Action

42.     All of Plaintiff's causes of action are barred, in whole or in part, and Plaintiff's Complaint should be dismissed and/or transferred to Los Angeles, California on the basis of the doctrine of *forum non conveniens*.

### DEMAND FOR JURY TRIAL

Defendant respectfully requests a jury trial.

WHEREFORE, Defendant prays for judgment as follows:

(a)  That Plaintiff's Complaint and each cause of action, therein, be dismissed with prejudice;

(b)  That Plaintiff's Complaint be dismissed and/or transferred for lack of personal jurisdiction, venue and on the doctrine of *forum non conveniens*.

(c)  That Plaintiff take nothing by way of its Complaint;

(d)  That Defendant be awarded attorney's fees and costs incurred herein; and

(e)  For such other relief that this Court may deem just and proper.

Respectfully submitted,

Dated: August 13, 2002

By: _____
DAVID C. GARZA
State Bar ID# 07731400
Federal ID# 3778
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax:(956) 542-7403
Attorney-in-Charge for JSW PLASTICS
MACHINERY, INC.

JAMES J. REGAN
CA State Bar ID# 80576
REGAN • BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **ANSWER OF DEFENDANT JSW PLASTIC MACHINERY INC. TO COMPLAINT AND DEMAND FOR JURY TRIAL** was served on the following counsel of record, as follows on August 13th, 2002.

Moises M. Salas, Jr.  
Attorney At Law  
847 E. Harrison St.  
Brownsville, Texas 78520

*Certified Mail /RRR*  
*No. 7099 3220 0005 4623 7720*

_____  
DAVID C. GARZA