IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § § | **JURY TRIAL DEMANDED** |
| JSW PLASTICS MACHINERY, INC., | § § | |
| Defendant. | § § § § | |

**ANSWER OF DEFENDANT JSW PLASTICS MACHINERY, INC.
TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Defendant JSW Plastics Machinery, Inc. (hereinafter "JSW/PMI"), for itself and itself alone, in answer to Plaintiff's First Amended Original Complaint ("1st Amended Complaint"), admits, denies and alleges as follows:

**I.**

## ANSWER TO ALLEGATIONS RE PARTIES

1. Answering paragraph 1, Defendant JSW/PMI is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

2. Answering paragraph 2, Defendant JSW/PMI admits the allegation in that paragraph.

3. Answering paragraph 3, Defendant JSW/PMI admits that Japan Steel Works America, Inc. ("JSWA") is a New York Corporation and admits that its principal place of business is in the State of New York. Except as expressly admitted, Defendant JSW/PMI denies, generally and specifically, each and every other allegation in that paragraph.

**II.**

## ANSWER TO ALLEGATIONS RE JURISDICTION AND VENUE

4. Answering paragraph 4, Defendant JSW/PMI admits that 28 U.S.C. §1332(a) provides for jurisdiction in the United States District Court where there exists complete diversity of citizenship between the plaintiff and the defendant. Except as expressly admitted, Defendant JSW/PMI denies, generally and specifically, each and every other allegation in that paragraph.

5. Answering paragraph 5, Defendant JSW/PMI denies each and every allegation in that paragraph.

## III.

## ANSWER TO ALLEGATIONS RE FACTUAL BACKGROUND

6.   Answering paragraph 6, Defendant JSW/PMI admits that in 1999, Plaintiff inquired of JSW/PMI whether JSW/PMI would sell certain plastic molding machines to Plaintiff and whether JSW/PMI would arrange for a line of credit for Plaintiff in connection with Plaintiff's potential purchase of certain plastic injecting molding machines from JSW/PMI. Defendant JSW/PMI further admits that it provided to Plaintiff the letter dated February 29, 2000 which is attached to the 1st Amend. Complaint as Exhibit "1" ("Exhibit 1 Letter'). In further answer to paragraph 6, JSW/PMI alleges that the Exhibit 1 Letter speaks for itself. Except as expressly admitted, Defendant JSW/PMI denies, generally and specifically, each and every other allegation in that paragraph.

7.   Answering paragraph 7, Defendant JSW/PMI admits that Plaintiff informed JSW/PMI that Plaintiff intended to purchase certain plastic injecting molding machines from JSW/PMI in order to serve certain of Plaintiff's customers, including Sunbeam-Oster. In further answer to paragraph 7, JSW/PMI alleges that the Exhibit 1 Letter speaks for itself. Except as expressly admitted, Defendant JSW/PMI denies, generally and specifically, each and every other allegation in that paragraph.

8.   Answering paragraph 8, Defendant JSW/PMI admits that Plaintiff and JSW/PMI entered into the agreement dated January 30, 2001 which is attached to the 1st Amend. Complaint as Exhibit "B" ("Exhibit B Agreement"). In further answer to paragraph 8, JSW/PMI alleges that the Exhibit B Agreement speaks for itself. Except as expressly admitted, Defendant JSW/PMI denies, generally and specifically, each and every other allegation in that paragraph.

## IV.

## ANSWER TO FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

9. Answering paragraph 9, Defendant JSW/PMI denies that it breached any contract with Plaintiff. In further answer to this paragraph, JSW/PMI is without information or knowledge sufficient to form a belief as to the truth of the other allegations in that paragraph, and therefore denies each and every allegation therein.

10. Answering paragraph 10, Defendant JSW/PMI denies that it breached any contract with Plaintiff. In further answer to this paragraph, JSW/PMI is without information or knowledge sufficient to form a belief as to the truth of the other allegations in that paragraph, and therefore denies each and every allegation therein.

11. Answering paragraph 11, Defendant JSW/PMI denies that it breached any contract with Plaintiff. In further answer to this paragraph, JSW/PMI is without information or knowledge sufficient to form a belief as to the truth of the other allegations in that paragraph, and therefore denies each and every allegation therein.

12. Answering paragraph 12, Defendant JSW/PMI denies that it breached any contract with Plaintiff. In further answer to this paragraph, JSW/PMI is without information or knowledge sufficient to form a belief as to the truth of the other allegations in that paragraph, and therefore denies each and every allegation therein.

13. Answering paragraph 13, Defendant JSW/PMI denies that it breached any contract with Plaintiff. In further answer to this paragraph, JSW/PMI is without information or knowledge sufficient to form a belief as to the truth of the other allegations in that paragraph, and therefore denies each and every allegation therein.

14. Answering paragraph 14, Defendant JSW/PMI denies that it breached any contract with Plaintiff. In further answer to this paragraph, JSW/PMI is without information or knowledge sufficient to form a belief as to the truth of the other allegations in that paragraph, and therefore denies each and every allegation therein.

## V.
## ANSWER TO SECOND CLAIM FOR RELIEF – FRAUD AND FRAUDULENT INDUCEMENT

15. Answering paragraph 15, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

16. Answering paragraph 16, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

17. Answering paragraph 17, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

18. Answering paragraph 18, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

19. Answering paragraph 19, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

20. Answering paragraph 20, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

21. Answering paragraph 21, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

22. Answering paragraph 22, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

## VI.

## ANSWER TO THIRD CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION

23. Answering paragraph 23, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

24. Answering paragraph 24, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

25. Answering paragraph 25, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

25. Answering paragraph 25, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

26. Answering paragraph 26, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

27. Answering paragraph 27, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

## VI.

## ANSWER TO FOURTH CLAIM FOR RELIEF – CONVERSION OF DOWN PAYMENT

28. Answering paragraph 28, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

29. Answering paragraph 29, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

30. Answering paragraph 30, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

31. Answering paragraph 31, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

## VII.

## ANSWER TO FIFTH CLAIM FOR RELIEF – TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACT

32. Answering paragraph 32, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

33. Answering paragraph 33, Defendant JSW/PMI denies, generally and specifically, each and every allegation in that paragraph.

## VIII.

## ANSWER TO CLAIM FOR ATTORNEY'S FEES

34. Answering paragraph 34, Defendant JSW/PMI admits that Plaintiff is seeking reasonable attorney's fees and that Texas Civil Practice and Remedies Code §38.001.(8) provides for the granting of attorney's fees under certain circumstances. Except as expressly admitted, Defendant JSW/PMI denies, generally and specifically, each and every other allegation in that paragraph.

## AS SEPARATE AND AFFIRMATIVE DEFENSES, DEFENDANT JSW/PMI ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

35. The 1st Amend. Complaint and each purported claim therein does not state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

36. Plaintiff is barred by the doctrine of laches from obtaining any of the relief sought herein.

## THIRD AFFIRMATIVE DEFENSE

37. Plaintiff is barred by the doctrine of estoppel from obtaining any of the relief sought herein.

## FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff is barred by the doctrine of waiver from obtaining any of the relief sought herein.

## FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff is barred by the doctrine of unclean hands from obtaining any of the relief sought herein.

## SIXTH AFFIRMATIVE DEFENSE

40. Plaintiff's allegations and purported claims against Defendant JSW/PMI for exemplary damages are violative of the protections afforded by the due process clauses of the United States, California and Texas Constitutions.

41. To the extent that Texas law on punitive or exemplary damages applies,

Defendant affirmatively pleads the limitation that prejudgment interest may not be assessed or recovered on an award of exemplary damages. See section 41.007 of the Texas Civil Practice and Remedies Code.

42. To the extent that Texas law on punitive or exemplary damages applies, Defendant affirmatively pleads the limitations on exemplary damages provided for in Section 41.008 of the Texas Civil Practice and Remedies Code, and any other restrictions or limitations found in Section 41.001 et. seq. of the Texas Civil Practice and Remedies Code.

43. To the extent that Texas law on punitive or exemplary damages applies, Defendant affirmatively pleads that in the unlikely event that there is a bifurcated trial on exemplary damages, that Plaintiffs must prove same by clear and convincing evidence as required by Chapter 41 of the Texas Civil Practice and Remedies Code.

### SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff's request for exemplary damages is barred because Plaintiff's claims for relief have insufficient allegations of oppression, fraud or malice for the imposition of exemplary damages, and Plaintiff has otherwise failed to allege facts sufficient to constitute a claim for punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

45.     Plaintiff's recovery is barred to the extent that Plaintiff and/or its agents consented to the matters sued upon.

## NINTH AFFIRMATIVE DEFENSE

46.     Defendant JSW/PMI expressly denies that Plaintiff is entitled to recover any damages; however, Plaintiff's recovery, if any, should be barred or reduced by Plaintiff's failure to mitigate the damages of which it complains.

## TENTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are not properly before this Court, as this is an improper venue for the adjudication of this matter based upon, among other things, the fact that the Exhibit 1 Letter and Exhibit 2 Agreement were entered into and were to be performed in the State of California and the venue provision agreed to in writing between Plaintiff and JSW/PMI on or about July 19, 2001, and therefore this matter should be transferred to the Central District of California, pursuant to 28 U.S.C. §1404.

## ELEVENTH AFFIRMATIVE DEFENSE

48. To the extent that Defendant JSW/PMI has engaged in any wrongful conduct as alleged in the 1st Amended Complaint, which Defendant JSW/PMI expressly denies, such conduct was excused by the acts and representations of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

49. Plaintiff's allegations are barred by the applicable statute of limitations under both the laws of the State of California and, if applicable, the State of Texas, the applicability of which Defendant JSW/PMI expressly denies.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims against Defendant JSW/PMI are barred and precluded because Defendant JSW/PMI has always acted in good faith with regard to discharging its obligations, if any, to Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. Neither the 1st Amended Complaint nor any claim for relief asserted therein states facts sufficient to allow a recovery of attorneys' fees against Defendant JSW/PMI.

### FIFTEENTH AFFIRMATIVE DEFENSE

52. Plaintiff is barred and precluded from recovering damages against Defendant JSW/PMI because Plaintiff failed to rely upon any alleged misrepresentation, if there were any, by Defendant JSW/PMI to Plaintiff's detriment.

### SIXTEENTH AFFIRMATIVE DEFENSE

53. Defendant JSW/PMI is informed and believes and on that basis alleges that persons and/or entities, other then Defendant JSW/PMI and for which it is not responsible or liable, were at fault in causing the damages alleged, if there were any, and that the fault of those persons and/or entities proximately and actually caused and contributed to the damages complained of by Plaintiff, if there were any. That fault of such other persons and/or entities bars Plaintiff's claims for relief against Defendant JSW/PMI, or, in the alternative, reduces Plaintiff's right to recover by that amount of which said fault of the other persons or entities contributed to Plaintiff's alleged damages, if there were any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims against Defendant JSW/PMI are barred and precluded because Defendant JSW/PMI's conduct, as alleged in the 1st Amended Complaint, was privileged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims against Defendant JSW/PMI are, in whole or in part, barred and precluded because Defendant JSW/PMI on or about May 10, 2001 exercised its right under the Exhibit 2 Agreement to cancel or withdraw from said agreement upon thirty (30) days written notice to Plaintiff and said agreement was thereby terminated.

### NINETEENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims against Defendant JSW/PMI are barred and precluded by reason of the failure of consideration that defeats the effectiveness of the contract between the parties in that Plaintiff failed to provide required payments for the equipment which was the subject of the contract.

### TWENTIETH AFFIRMATIVE DEFENSE

57. Having prevented and hindered Defendant JSW/PMI from performing under the agreements alleged in the 1st Amended Complaint, and from obtaining the benefits thereof, Plaintiff would be unjustly enriched if allowed to enforce the agreement or obtain damages for the alleged breach thereof. As a result, any enforcement by Plaintiff would be unconscionable under the circumstances.

WHEREFORE, Defendant JSW/PMI prays for judgment against Plaintiff as follows:

1. That Plaintiff's 1st Amended Complaint and all of the purported causes of action asserted therein be dismissed;

2. That the Plaintiff recover nothing by reason of its 1st Amended Complaint;

3. That Defendant JSW/PMI be awarded its costs incurred in the defense of this action, including attorneys' fee incurred, to the extent allowed by law; and

4. That Defendant JSW/PMI be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 3, 2002    By: _____
　　　　　　　　　　　　　　DAVID C. GARZA
　　　　　　　　　　　　　　Federal No. 3778
　　　　　　　　　　　　　　SBN 07731400
　　　　　　　　　　　　　　GARZA & GARZA, L.L.P.
　　　　　　　　　　　　　　680 East St. Charles, Suite 300
　　　　　　　　　　　　　　P.O. Box 2025
　　　　　　　　　　　　　　Brownsville, Texas 78522-2025
　　　　　　　　　　　　　　Tel: (956) 541-4914
　　　　　　　　　　　　　　Fax: (956) 542-7403
　　　　　　　　　　　　　　Attorney-in-Charge for JSW Plastics
　　　　　　　　　　　　　　Machinery, Inc.

Dated: December 3, 2002    By: _____
　　　　　　　　　　　　　　JAMES J. REGAN
　　　　　　　　　　　　　　CAL. SBN 80576

REGAN ◆ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing ANSWER OF DEFENDANT JSW PLASTICS MACHINERY, INC. TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL have been served on attorneys of record to the following addresses on this the 3rd day of December, 2002:

| | |
|---|---|
| John R. Griffith<br>Viola G. Garza<br>GRIFFITH, HILL & OCHOA, LLP<br>One Park Place<br>100 Savannah Avenue, Suite 500<br>McAllen, TX 78503 | **CERTIFIED MAIL/RRR**<br>**NO. 7099 3220 0001 2246 9477** |
| Moises M. Salas, Jr.<br>LAW OFFICES OF MOISES<br>  M. SALAS, JR.<br>847 East Harrison<br>Brownsville, TX 78520 | **CERTIFIED MAIL/RRR**<br>**NO. 7099 3220 0001 2246 9484** |

David C. Garza