30

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 3 2002

Michael N. Milby
Clerk of Court

|  |  |  |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] **JURY TRIAL DEMANDED** |
| vs. | § § | |
| JSW PLASTICS MACHINERY, INC., | § § | |
| Defendant. | § § § | |

## ANSWER OF DEFENDANT JAPAN STEEL WORKS AMERICA, INC. TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Japan Steel Works America, Inc. (hereinafter "JSWA), for itself and itself alone, in answer to Plaintiff's First Amended Original Complaint ("1ˢᵗ Amended Complaint"), admits, denies and alleges as follows:

---

ANSWER OF DEFENDANT JAPAN STEEL WORKS AMERICA, INC.
TO FIRST AMENDED ORIGINAL COMPLAINT

1

## I.

## ANSWER TO ALLEGATIONS RE PARTIES

1.      Answering paragraph 1, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

2.      Answering paragraph 2, Defendant JSWA admits that JSW Plastics Machinery, Inc. ("JSW/PMI") is a Delaware Corporation  and admits that its principal place of business is in the State of California.  Except as expressly admitted, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the other allegations in that paragraph, and therefore denies each and every allegation therein.

3.      Answering paragraph 3, Defendant JSWA admits that it is a New York Corporation, admits that its principal place of business is in the State of New York and admits that it has been served with process in this action.  Except as expressly admitted, Defendant JSWA denies, generally and specifically, each and every other allegation in that paragraph.

## II.

## ANSWER TO ALLEGATIONS RE JURISDICTION AND VENUE

4.      Answering paragraph 4, Defendant JSWA admits that 28 U.S.C. §1332(a) provides for jurisdiction in the United States District Court where there exists complete diversity of citizenship between the plaintiff(s) and the defendant(s).  Except as expressly admitted, Defendant JSWA denies, generally and specifically, each and every other allegation in that paragraph.

5.      Answering paragraph 5, Defendant JSWA denies each and every allegation in that paragraph

## III.

## ANSWER TO ALLEGATIONS RE FACTUAL BACKGROUND

6.      Answering paragraph 6, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

7.      Answering paragraph 7, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

8.      Answering paragraph 8, D Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

## IV.

## ANSWER TO FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

9.      Answering paragraph 9, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

10.     Answering paragraph 10, Defendant  JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

---

ANSWER OF DEFENDANT JAPAN STEEL WORKS AMERICA, INC.
TO FIRST AMENDED ORIGINAL COMPLAINT

11.    Answering paragraph 11, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

12.    Answering paragraph 12, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

13.    Answering paragraph 13, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

14.    Answering paragraph 14, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

**V.**

**ANSWER TO SECOND CLAIM FOR RELIEF –**

**FRAUD AND FRAUDULENT INDUCEMENT**

15.    Answering paragraph 15, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

16.    Answering paragraph 16, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

17.    Answering paragraph 17, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

18.    Answering paragraph 18, Defendant JSWA denies, generally and specifically, each and every allegation in that paragraph.

19.    Answering paragraph 19, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

20.    Answering paragraph 20, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

21.    Answering paragraph 21, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

22.    Answering paragraph 22, Defendant JSWA denies, generally and specifically, each and every allegation in that paragraph.

## VI.

## ANSWER TO THIRD CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION

23.    Answering paragraph 23, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

24.    Answering paragraph 24, Defendant JSWA is without information or knowledge

sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

25.    Answering paragraph 25, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

25.    Answering paragraph 25, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

26.    Answering paragraph 26, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

27.    Answering paragraph 27, Defendant JSWA denies, generally and specifically, each and every allegation in that paragraph.

## VII.

## ANSWER TO FOURTH CLAIM FOR RELIEF – CONVERSION OF DOWN PAYMENT

28.    Answering paragraph 28, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

29.    Answering paragraph 29, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

30.    Answering paragraph 30, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

31.    Answering paragraph 31, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

**VII.**

**ANSWER TO FIFTH CLAIM FOR RELIEF – TORTIOUS INTERFERENCE WITH**

**PROSPECTIVE CONTRACT**

32.    Answering paragraph 32, Defendant JSWA is without information or knowledge sufficient to form a belief as to the truth of the allegations in that paragraph, and therefore denies each and every allegation therein.

33.    Answering paragraph 33, Defendant JSWA denies, generally and specifically, each and every allegation in that paragraph.

**VIII.**

**ANSWER TO CLAIM FOR ATTORNEY'S FEES**

34.    Answering paragraph 34, Defendant JSWA admits that Plaintiff is seeking reasonable attorney's fees and that Texas Civil Practice and Remedies Code §38.001.(8) provides for the granting of attorney's fees under certain circumstances. Except as expressly admitted, Defendant JSWA denies, generally and specifically, each and every other allegation in that paragraph.

## AS SEPARATE AND AFFIRMATIVE DEFENSES, DEFENDANT JSWA ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

35.    The 1st Amended Complaint and each purported claim therein fails to state facts sufficient to state a claim against Defendant JSWA, whether or not relief may be properly granted against other defendants named in the 1st Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

36.    Plaintiff is barred by the doctrine of laches from obtaining any of the relief sought herein as against Defendant JSWA.

### THIRD AFFIRMATIVE DEFENSE

37.    Plaintiff is barred by the doctrine of estoppel from obtaining any of the relief sought herein as against Defendant JSWA.

### FOURTH AFFIRMATIVE DEFENSE

38.    Plaintiff is barred by the doctrine of waiver from obtaining any of the relief sought herein as against Defendant JSWA.

### FIFTH AFFIRMATIVE DEFENSE

39.    Plaintiff is barred by the doctrine of unclean hands from obtaining any of the relief sought herein as against Defendant JSWA.

### SIXTH AFFIRMATIVE DEFENSE

40.    Plaintiff's allegations and purported claims against Defendant JSW/PMI for exemplary damages are violative of the protections afforded by the due process clauses of the United States, California and Texas Constitutions.

41.    To the extent that Texas law on punitive or exemplary damages applies, Defendant affirmatively pleads the limitation that prejudgment interest may not be assessed or recovered on an award of exemplary damages. See section 41.007 of the Texas Civil Practice and Remedies Code.

42.    To the extent that Texas law on punitive or exemplary damages applies, Defendant affirmatively pleads the limitations on exemplary damages provided for in Section 41.008 of the Texas Civil Practice and Remedies Code, and any other restrictions or limitations found in Section 41.001 et. seq. of the Texas Civil Practice and Remedies Code.

43.    To the extent that Texas law on punitive or exemplary damages applies, Defendant affirmatively pleads that in the unlikely event that there is a bifurcated trial on exemplary damages, that Plaintiffs must prove same by clear and convincing evidence as required by Chapter 41 of the Texas Civil Practice and Remedies Code.

### SEVENTH AFFIRMATIVE DEFENSE

44.    Plaintiff's request for exemplary damages is barred because Plaintiff's claims for relief have insufficient allegations of oppression, fraud or malice for the imposition of exemplary damages, and Plaintiff has otherwise failed to allege facts sufficient to constitute a claim for punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

45.    Plaintiff's allegations, purported claims and request for recovery against Defendant JSWA are barred to the extent that Plaintiff and/or its agents consented to the matters sued upon.

---

ANSWER OF DEFENDANT JAPAN STEEL WORKS AMERICA, INC.
TO FIRST AMENDED ORIGINAL COMPLAINT
9

### NINTH AFFIRMATIVE DEFENSE

46.     Defendant JSWA expressly denies that Plaintiff is entitled to recover any damages from Defendant JSWA; however, Plaintiff's recovery, if any, should be barred or reduced by Plaintiff's failure to mitigate the damages of which it complains.

### TENTH AFFIRMATIVE DEFENSE

47.     To the extent that Defendant JSWA has engaged in any wrongful conduct as alleged in the 1st Amended Complaint, which Defendant JSWA expressly denies, such conduct was excused by the acts and representations of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

48.     Plaintiff's allegations are barred by the applicable statute of limitations under both the laws of the State of California and, if applicable, the State of Texas , the applicability of which Defendant JSWA expressly denies.

### TWELFTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims against Defendant JSWA are barred and precluded because Defendant JSWA has always acted in good faith with regard to discharging its obligations, if any, to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

50.     Neither the 1st Amended Complaint nor any claim for relief asserted therein states facts sufficient to allow a recovery of attorneys' fees against Defendant JSWA.

### FOURTEENTH AFFIRMATIVE DEFENSE

51.     Plaintiff is barred and precluded from recovering damages against Defendant JSWA because Plaintiff failed to rely upon any alleged misrepresentation, if there were any, by

Defendant JSWA to the detriment of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

52.     Defendant JSWA is informed and believes and on that basis alleges that persons and/or entities, other then Defendant JSWA and for which it is not responsible or liable, were at fault in causing the damages alleged, if there were any, and that the fault of those persons and/or entities proximately and actually caused and contributed to the damages complained of by Plaintiff, if there were any.  That fault of such other persons and/or entities bars Plaintiff's claims for relief against Defendant JSWA, or, in the alternative, reduces Plaintiff's right to recover by that amount of which said fault of the other persons or entities contributed to Plaintiff's alleged damages, if there were any.

## SIXTEENTH AFFIRMATIVE DEFENSE

53.     Plaintiff's allegations and purported claims against Defendant JSWA are barred and precluded because Defendant JSWA's conduct, as alleged in the 1st Amended Complaint, was privileged.

## SEVENTEENTH AFFIRMATIVE DEFENSE

54.     Defendant JSWA is informed and believes, and on that basis alleges, that Plaintiff's allegations and purported claims against Defendant JSWA are, in whole or in part, barred and precluded because Defendant JSW/PMI, on or about May 10, 2001, exercised its right under the Exhibit 2 Agreement to cancel or withdraw from said agreement upon thirty (30) days written notice to Plaintiff and said agreement was thereby terminated.

## EIGHTEENTH AFFIRMATIVE DEFENSE

55.     Defendant JSWA is informed and believes, and on that basis alleges, that

Plaintiff's claims against Defendant JSWA are barred and precluded by reason of the failure of consideration that defeats the effectiveness of the contract, if any, between the parties in that Plaintiff failed to provide required payments for the equipment which was the subject of the contract as between Plaintiff and JSW/PMI.

### NINETEENTH AFFIRMATIVE DEFENSE

56.    Defendant JSWA is informed and believes, and on that basis alleges, that having prevented and hindered Defendant JSW/PMI from performing under the agreements alleged in the 1st Amended Complaint, and from obtaining the benefits thereof, Plaintiff would be unjustly enriched if allowed to enforce the agreement or obtain damages for the alleged breach thereof. As a result, any enforcement by Plaintiff would be unconscionable under the circumstances.

### TWENTIETH AFFIRMATIVE DEFENSE

57.    Plaintiff's allegations and purported claims against Defendant JSWA are barred and precluded in that JSWA is not the alter ego of Defendant JSW/PMI and JSWA cannot on that basis be found liable to Plaintiff for injury or damage, if any, which may have been caused to Plaintiff by Defendant JSW/PMI.

WHEREFORE, Defendant JSWA prays for judgment against Plaintiff as follows:

1.    That Plaintiff's 1st Amended Complaint and all of the purported causes of action asserted therein be dismissed;

2.    That the Plaintiff recover nothing by reason of its 1st Amended Complaint;

3.    That Defendant JSWA be awarded its costs incurred in the defense of this action, including attorneys' fee incurred, to the extent allowed by law; and

4.    That Defendant JSWA be awarded such other and further relief as the Court may

deem just and proper.

Respectfully submitted,

Dated: December 3, 2002

By: _____
DAVID C. GARZA
Federal ID No. 3778
Texas SBN 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel:  (956) 541-4914
Fax: (956) 542-7403
Attorney-in-Charge for JSW Plastics
Machinery, Inc.

Dated: December 3, 2002

By: _____
JAMES J. REGAN
CAL. SBN 80576
REGAN ◆ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel:  (310) 372-1988
Fax: (310) 318-5894

_____
ANSWER OF DEFENDANT JAPAN STEEL WORKS AMERICA, INC.
TO FIRST AMENDED ORIGINAL COMPLAINT
13

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **ANSWER OF DEFENDANT JAPAN STEEL WORKS AMERICA, INC. TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL** have been served on attorneys of record to the following addresses on this the ⟨3rd⟩ day of December, 2002:

John R. Griffith
Viola G. Garza
GRIFFITH, HILL & OCHOA, LLP
One Park Place
100 Savannah Avenue, Suite 500
McAllen,  TX  78503

**CERTIFIED MAIL/RRR**
**No. 7099 3220 0001 2246 9477**

Moises M. Salas, Jr.
LAW OFFICES OF MOISES
  M. SALAS, JR.
847 East Harrison
Brownsville, TX 78520

**CERTIFIED MAIL/RRR**
**NO. 7099 3220 0001 2246 9484**


David C. Garza

---

ANSWER OF DEFENDANT JAPAN STEEL WORKS AMERICA, INC.
TO FIRST AMENDED ORIGINAL COMPLAINT
14