36

700.0078/1794

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 2 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXCEL BOBBINS AND PLASTIC COMPONENTS, INC. | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. B-01-148 |
| VS. | § | JURY |
| | § | |
| JSW PLASTICS MACHINERY, INC. | § | |
| Defendant | § | |

---

## PLAINTIFF'S MOTION TO COMPEL

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, **Exel Bobbins and Plastic Components, Inc.**, and would respectfully show unto the Court the following:

### I.

Plaintiff seeks damages as a result of a breach of contract.

### II.

Plaintiff sent Defendant Request for Production on or about December 19, 2002. (Please see Request for Production attached hereto as Exhibit "A," and incorporated herein by reference for all purposes.) Specifically, Plaintiff is complaining of Defendant's following responses to Plaintiff's Request for Production to Defendant:

1.   Defendant has objected and not responded to Request for Production Nos. 3, 4, 5, 6, 7, 8, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 30, 31, 32, 33, 38, 39, 40, 43 and 44.

2.      With regard to Request for Production Nos. 10, 14, 15, 26, 36, 37 and 41, Defendant has indicated that those documents were previously produced to Plaintiff. Plaintiff is requesting that Defendant identify the specific documents which Defendant is referring to in the Requests for Production referenced above.

3.      With regard to Request for Production Nos. 29, 34, 35 and 42, Defendant indicated that they were searching for these documents and any documents found will be supplemented. Plaintiff is requesting at this time that if Defendant has located any of these documents, the same be produced to Plaintiffs' counsel prior to February 27, 2003.

### III.

Plaintiff sent Defendant's counsel a letter (attached hereto and incorporated herein by reference for all purposes as Exhibit "B") on February 20, 2003, advising that unless Defendant provided adequate answers to the Request for Production propounded to them, Plaintiff's counsel would proceed to file a Motion to Compel said answers. Plaintiff anticipates that this motion will be heard during a pretrial scheduled for February 27, 2003. If by the date of the filing of the hearing Defendant has not supplemented and/or addressed Plaintiff's concerns, Plaintiff intends to urge their Motion to Compel.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, EXEL BOBBINS AND PLASTIC COMPONENTS, respectfully requests that this Court set this motion for hearing, that it be heard, that this Court grant Plaintiff's Motion to Compel and compel responses, and for such other and further relief, both general and special, at law or in equity, to which Defendant may be justly entitled.

*Plf's Mtn to Compel -Page 2*

Respectfully submitted,

**GRIFFITH, HILL & OCHOA, L.L.P.**
One Park Place
100 Savannah, Suite 500
McAllen, Texas  78503
(956) 971-9446
(956) 971-9451 - facsimile

By: _____
  John R. Griffith
  Federal I.D. No. 12186
  State Bar No. 08480750
  Viola G. Garza
  State Bar No. 00787518

Moises M. Salas, Jr.
**Law Office of Moises M. Salas, Jr.**
847 E. Harrison
Brownsville, TX 78520
State Bar No. 00786217
Federal I.D. No. 17506

**ATTORNEYS FOR PLAINTIFF**
**EXCEL BOBBINS AND PLASTIC**
**COMPONENTS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument was forwarded to all counsel of record, to wit:

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025
(956) 541-4914
(956) 542-7403 (fax)
*Attorney-in-charge for JSW Plastics Machinery, Inc.*

James J. Regan
Lorne Lilienthal
**Regan & Braun Law Offices**
2533 Artesia Blvd, Suite 200
Redondo, CA 90278
(310) 372-1988
(310) 318-5894 (fax)
*Attorneys for JSW Plastics Machinery, Inc.*

On this ___20th___ day of February, 2003

Viola G. Garza

700.0078/1794

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EXCEL BOBBINS AND PLASTIC §
COMPONENTS, INC. §
        Plaintiff §
§     CIVIL ACTION NO. B-01-148
VS. §     JURY
§
JSW PLASTICS MACHINERY, INC. §
        Defendant §

---

## FIAT

---

       Plaintiff, EXEL BOBBINS AND PLASTIC COMPONENT'S Motion to Compel having

been presented to the Court and a request made for a hearing thereon, the same is hereby set for

hearing at ___:___ ____.m., on the _____ day of _____, 2003, in the United States

District Court for the Southern District of Texas, Brownsville Division.

       SIGNED on this the _____ day of _____, 2003.


                           _____
                           Judge Presiding

cc:
John R. Griffith                        David C. Garza
Viola G. Garza                          **Garza & Garza, L.L.P.**
**Griffith, Hill & Ochoa, L.L.P.**          680 E. St. Charles, Suite 300
One Park Place                     Brownsville, TX 78522-2025
100 Savannah, Suite 500
McAllen, Texas 78503              James J. Regan
                                Lorne Lilienthal
Moises M. Salas, Jr.               **Regan & Braun Law Offices**
**Law Office of Moises M. Salas, Jr.**     2533 Artesia Blvd, Suite 200
847 E. Harrison                     Redondo, CA 90278
Brownsville, TX 78520


*Plf's Mtn to Compel -Page 5*

700.0078/1794          IN THE UNITED STATES DISTRICT COURT
                       FOR THE SOUTHERN DISTRICT OF TEXAS
                            BROWNSVILLE DIVISION


| | | |
|---|---|---|
| EXCEL BOBBINS AND PLASTIC | § | |
| COMPONENTS, INC. | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. B-01-148 |
| VS. | § | JURY |
| | § | |
| JSW PLASTICS MACHINERY, INC. | § | |
|     Defendant | § | |

---

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

---

BE IT REMEMBERED, that on the _____ day of _____, 2003, Plaintiff, EXEL BOBBINS AND PLASTIC COMPONENTS' Motion to Compel came before the Court, and after considering the Motion presented by Plaintiff's counsel, the Court is of the opinion, as so finds, that the Plaintiff's Motion to Compel should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion to Compel should be, and the same is **GRANTED** and that it is:

**ORDERED** that Defendant respond to Plaintiff's Request for Production within _____ days of the signing of this Order.

Signed this _____ day of _____, 2003.


                                   _____
                                   JUDGE PRESIDING


*Plf's Mtn to Compel -Page 6*

cc:

John R. Griffith
Viola G. Garza
**Griffith, Hill & Ochoa, L.L.P.**
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503

Moises M. Salas, Jr.
**Law Office of Moises M. Salas, Jr.**
847 E. Harrison
Brownsville, TX 78520

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025

James J. Regan
Lorne Lilienthal
**Regan & Braun Law Offices**
2533 Artesia Blvd, Suite 200
Redondo, CA 90278

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

EXEL BOBBINS AND PLASTIC §
COMPONENTS, INC., § CIVIL ACTION No. B-01-148
§
Plaintiff, § [Assigned to the Hon. Hilda G. Tagle]
§ Stipulated to Magistrate Felix Recio
vs. §
§ DEFENDANT, JSW PLASTICS
JSW PLASTICS MACHINERY, INC., § MACHINERY, INC.'S RESPONSE
§ TO PLAINTIFF'S REQUEST FOR
Defendant. § PRODUCTION
§
§

---

## DEFENDANT, JSW PLASTICS MACHINERY, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant JSW Plastics Machinery, Inc. ("Responding Party"), herewith responds to the Request for Production propounded by Plaintiff Exel Bobbins and Plastic Components, Inc. These responses are based upon information currently available to Responding Party and are made without prejudice to Responding Party's right to present subsequently discovered facts or facts known but the relevance, significance, or applicability of which has not yet been ascertained. Responding Party has not completed its discovery and preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known by this Responding Party and disclose only those contentions, information and documentation which presently occurs to this Responding Party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial

---

REC'D JAN 2 8 2003

additions to, changes in and variations from any and all information herein set forth. The following discovery responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered facts, documents and\or other types of evidence which this Responding Party may later locate, discover and\or recall.

Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analysis is made, legal research is completed and contentions are formulated thereon. These responses are made in a good faith effort to supply as much factual information and as much specification of legal contentions and documentation as is presently known, but should, in no way, be to the prejudice of Responding Party in relation to further discovery, research and analysis.

No response given herein is intended as nor shall it be construed by any party or person to be a waive of the attorney-client privilege or attorney work-product doctrine. Each of those privileges and\or doctrines are hereby incorporated into each response and each response is given subject to them.

## DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce any and all documents forwarded by JSW to U.S. Bank Corp. regarding Exel Bobbins and Plastics Components.

### RESPONSE:

All documents have been previously produced at JSW-PMI deposition in Chicago.

### REQUEST FOR PRODUCTION NO. 2:

Please produce any and all news letters from 1998 through the present of JSW Plastics Machinery, Inc.

### RESPONSE:

Objection. Not relevant to this action.

The whereabouts of these documents are unknown. Responding party is currently looking for these documents.

### REQUEST FOR PRODUCTION NO. 3:

Please produce any and all documents which would reflect a forecast for machines to be

---

sold by JSW Plastics Machinery, Inc. for the years 1998 through the present.

**RESPONSE:**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all notes for the quarterly meetings for JSW Plastics Machinery, Inc.

**RESPONSE:**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all minutes of the quarterly meetings of JSW Plastics Machinery,

Inc.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 6**:

Please produce any and all agenda related to the quarterly meetings of JSW Plastics Machinery, Inc.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 7**:

Please produce any and all documents related to the accounts receivable of JSW Plastics

Machinery, Inc. from 1998 through the present.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 8:

Please produce any and all documents related to the accounts past due of JSW Plastics Machinery, Inc. from 1998 through the present.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 9:

Please produce any and all documents forwarded by JSW to U.S. Bank Corp. regarding

Exel Bobbins and Plastics Components.

**RESPONSE**:
All documents have been previously produced at JSW-PMI deposition in Chicago.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce the entire file of JSW Plastics Machinery, Inc. with regard to Exel Bobbins.

**RESPONSE**:

These documents were previously produced to Plaintiff.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce any and all documents of JSW Plastics Machinery, Inc. listing the regional sales report for all regions from 1999 through the present.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce any and all documents which would reflect and define the specific sales regions for JSW Plastics Machinery, Inc. from 1999 through the present.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other

materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 13:

Please produce any and all documents which would reflect and define the specific sales regions for JSW Plastics Machinery, Inc. from 1999 through the present.

## RESPONSE:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 14:

Please produce any and all documents from JSW Plastics Machinery, Inc. requesting written confirmation from Exel Bobbins and Plastic Components regarding any business which Sunbeam-Oster would be giving to Exel Bobbins and Plastic Components.

## RESPONSE:

These documents were previously produced to Plaintiff.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all correspondence to Steve Becker relating to giving Steve Becker notice that if he did not pay on the JSW 385, they would not be forwarding any other machines.

**RESPONSE:**

These documents were previously produced to Plaintiff.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all documents which would reflect the relationship of JSW Plastics Machinery, Inc. to JSW in Japan.

**RESPONSE:**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all documents which would reflect the corporate structure of JSW Plastics Machinery, Inc.

**RESPONSE:**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will

not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 18:

Please produce any and all documents of JSW Plastics Machinery, Inc. which would reflect the policies and procedures of JSW Plastics Machinery, Inc from 1998 through the present.
## RESPONSE:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 19:

Please produce any and all telephone records of JSW Plastics Machinery, Inc.'s Chicago office from 1998 through 2002.

## RESPONSE:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will

not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

None available.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce the articles of incorporation of JSW Plastics Machinery, Inc.

**RESPONSE**:

Objection. Not relevant to this action.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce any and all documents which would contain information regarding the quarterly meetings of the sales managers for JSW Plastics Machinery, Inc. from 1998 through the present.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 22**:

Please produce any and all documents which would reflect the general business practices of JSW Plastics Machinery. Inc.

**RESPONSE:**

Objection. Vague and ambiguous as to the term "general business practice".

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia,* the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce any and all documents which would reflect the machine inventory of JSW Plastics Machinery, Inc. from 1998 through 2002.

**RESPONSE::**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia,* the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any and all documents which would reflect the name and position of the

employees working for JSW Plastics Machinery, Inc. which are on loan from JSW Japan.

**RESPONSE:**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

None at the present.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce any and all documents which would reflect the business relationship between JSW Plastics Machinery, Inc. and JSW Japan.

**RESPONSE:**

Objection. Vague and ambiguous as to the term "business relationship".

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce a copy of the U.C.C. for the State of Illinois which would require that all owners of a business to sign the U.C.C. form prior to the release of a machine to a purchaser.

**RESPONSE**:

This document has been previously produced to plaintiff.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce any and all documents which would reflect the policies and procedures of JSW Plastics Machinery, Inc. in extending a line of credit to a customer from 1998 and 2002.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 28**:

Please produce any and all documents of JSW Plastics Machinery, Inc. which would reflect the policies and procedures of JSW Plastics Machinery, Inc. from 1998 through the 2002 related to the sale of machines to any of its customers.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will

---

not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 29:

Please produce a copy of any and all pleadings in any lawsuits in which JSW Plastics Machinery, Inc. has been sued under the same or similar circumstances as the lawsuit made the basis herein.

## RESPONSE:

None to my knowledge. Discovery continues.

## REQUEST FOR PRODUCTION NO. 30:

Please produce the financial statements of JSW Plastics Machinery, inc. from 1998 through the present.

## RESPONSE:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 31:

Please produce the personal file of Robert Fehrenbach for JSW Plastics Machinery, Inc.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 32**:

Please produce any and all documents which reflect that JSW Plastics Machinery, Inc. has between $20-$24 million in sales in machinery.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 33**:

Please produce any and all documents which evidence the business practices, oversight and authority of JSW Japan over JSW Plastics Machinery, Inc.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

## REQUEST FOR PRODUCTION NO. 34:

Please produce any and all documents which reflect the sale of each JSW machine to John Annoreno or Exel Plastics, Inc.

**RESPONSE**:

Objection. Not relevant to this action. Also, John Annoreno has equal access to these documents.

To the extent, JSW-PMI can locate these documents, they will be produced.

## REQUEST FOR PRODUCTION NO. 35:

Please produce any and all documents which evidence or reflect that John Annoreno and/or Exel Plastics, Inc. submitted purchase orders to JSW for machinery and then refused to take delivery of same.

**RESPONSE**:

Objection. Not relevant to this action. Also, John Annoreno has equal access to these documents.

To the extent, JSW-PMI can locate these documents, they will be produced.

## REQUEST FOR PRODUCTION NO. 36:

Please produce any and all correspondence to Steve Becker and/or John Annoreno from Jerry Johnson requesting that both sign the U.C.C. forms for the JSW "500" and JSW "110".

---

**RESPONSE:**

These documents were previously produced to Plaintiff.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce any and all correspondence from Dennis Pochatek to Steve Becker regarding the shipment and/or delivery of JSW machinery to Exel Bobbins and Plastic Components.

**RESPONSE:**

These documents were previously produced to Plaintiff.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce any and all documents which evidence the retrieval or repossession of JSW machines from customers between 1998 to the present.

**RESPONSE:**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce any and all documents which identify the JSW customers which were making payments according to the agreed terms with JSW related to the purchase of an injection molding machine.

**RESPONSE:**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data,

proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce any and all documents which evidence or reflect the memos and e-mail issued by Fumio Hiriyama from 1998 to the present related to or concerning JSW Plastics' cash flow.

**RESPONSE:**

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce any and all documents which evidence that Jerry Johnson sent to Exel Bobbins and Plastics Components the U.C.C. Forms for the JSW "110" and "JSW" 500 for signature.

**RESPONSE:**

These documents were previously produced to Plaintiff.

---

**REQUEST FOR PRODUCTION NO. 42**:

Please produce any and all documents, including but not limited to Jerry Johnson's "Daytimer" or "Calendar", which evidence efforts to meet with John Annoreno to obtain his signature on the U.C.C. forms for the JSW "110" and JSW "500".

**RESPONSE**:

These documents, if they can be located, will be produced.

**REQUEST FOR PRODUCTION NO. 43**:

Please produce any and all documents which evidence and reflect that JSW has extended "special terms" to any of its customers, including but not limited to Exel Bobbins and Plastics Components.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

**REQUEST FOR PRODUCTION NO. 44**:

Please produce any and all documents which evidence or reflect the minutes of Manager's meetings during which any matter relevant to or concerning Exel Bobbins and Plastics Components were discussed.

**RESPONSE**:

Objection. Not relevant to this action. Over broad, unduly burdensome, vexation, harassing, nor reasonably calculated to lead to discovery of admissible evidence.

Objection. This request requires responding party to disclose information or other materials constituting or containing, in whole or in part, trade secrets, confidential data, proprietary information, right of privacy or non-public financial information relating or pertaining to JSW-PMI, its past or present employees, or other companies, and seeks information that is protected from disclosure under federal and state law. JSW-PMI will

---

not undertake to provide any information constituting or containing any trade secrets or other confidential, proprietary, nonpublic financial, or sensitive business information unless and until a suitable protective order is agreed upon which relates to and or discusses plaintiff and plaintiff's machinery needs, executed by all parties to this action and entered by the Court. Moreover, to the extent that the requests seek information that invades or implicates the privacy rights of non-parties to this litigation, JSW-PMI is under a legal obligation not to disclose such information unless and until such non-parties have had an adequate opportunity to object to the disclosure of such information and to assert their privacy rights. Accordingly, JSW-PMI will not undertake to provide any such information unless and until, *inter alia*, the privacy rights of such third parties have been adequately addressed.

Dated: January 22, 2003

By: _____

JAMES J. REGAN
CA SBN 80576
REGAN • BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

DAVID C. GARZA
SBN 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax:(956) 542-7403
Attorney-in-Charge for JSW PLASTICS
MACHINERY, INC.

VERIFICATION

In the United States District Court for the Southern District of Texas

~~XXXXXXXXX XXXXXXXXXXXXXXXXXXX XXX~~ DEFENDANT, JSW PLASTICS MACHINERY, INC'S RESPONSE TO
I have read the foregoing _____
PLAINTIFF'S REQUEST FOR PRODUCTION _____ and know its contents.

☒ CHECK APPLICABLE PARAGRAPH

☐   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to
the matters which are stated on information and belief, and as to those matters I believe them to be true.

☒   I am☐ an Officer ☐ a partner _____ ☐ a ___President___ of ___JSW Plastics___ Machinery, Inc.
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that
reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are
true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are
stated on information and belief and as to those matters I believe them to be true.

☐   I am one of the attorneys for _____.
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make
this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that
the matters stated in the foregoing document are true.

Executed on ___January 22,___ 20_03_, at ___Corona___, ___California___.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___Fumio Hirayama___
    Type or Print Name                                 Signature

PROOF OF SERVICE
(1013A (3) CCP)

STATE OF CALIFORNIA, COUNTY OF _____

☐ BY MAIL
  I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____
_____
  On _____, 20___, I served the foregoing document described as _____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

    ☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
    ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
_____California in the ordinary course of business. I am aware that on motion of the
party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing in affidavit.
Executed on _____, 20___, at _____, California
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee
Executed on _____, 20___, at _____, California
☐ (State)   I declare under penalty of perjury under the laws of the State of California and of my own personal knowledge that
the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
made.

_____               _____
        Type or Print Name                                   Signature

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT, JSW PLASTICS**

**MACHINERY, INC'S RESPONSE TO PLAINTIFF'S REQUEST FOR**

**PRODUCTION** have been served on attorneys of record to the following addresses on

this the _____22ⁿᵈ_____ day of January, 2003:


John R. Griffith                                          **VIA U.S. MAIL AND**
Viola G. Garza                                           **VIA FAX (956) 971-9451**
GRIFFITH, HILL & OCHOA, LLP
One Park Place
100 Savannah Avenue, Suite 500
McAllen, TX 78503


Moises M. Salas, Jr.                                   **VIA U.S. MAIL AND**
LAW OFFICES OF MOISES M. SALAS, JR.    **VIA FAX (956) 982-0601**
847 East Harrison
Brownsville, TX 78520

James J. Regan

# EXHIBIT "B"

# GRIFFITH, HILL & OCHOA, L.L.P.

### ATTORNEYS AT LAW

ONE PARK PLACE
100 SAVANNAH, SUITE 500
MCALLEN, TEXAS 78503
956/971-9446
FAX/971-9451

VIOLA G. GARZA

February 20, 2003

_Via Telefax No. (310) 318-5894_
James J. Regan
Lorne Lilienthal, Regan & Braun Law Offices
2522 Artesia Blvd., Suite 200
Redondo, CA 90278

> Re:    Cause No. B-01-148; _Excel Bobbins and Plastic Components, Inc. v. JSW Plastics Machinery, Inc., et. al._; In the U.S. District Court for the Southern District of Texas, Brownsville Division

Dear Mr. Regan:

I am in receipt of and have reviewed JSW Plastics Machinery, Inc.'s Responses to Plaintiff's Request for Production. With regard to the same, you have objected and not responded to Request for Production Nos. 3, 4, 5, 6, 7, 8, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 30, 31, 32, 33, 38, 39, 40, 43 and 44. At this time, I am requesting that you withdraw your objections to the same and answer the questions fully as we are entitled to the information contained in the Request for Production. Further, with regard to Request for Production No. 2, you have objected and answered. Again, I am requesting that you withdraw your objection to Request for Production No. 2 and supplement that response if necessary. Further, with regard to Request for Production Nos. 10, 14, 15, 26, 36, 37 and 41, you have indicated that those documents were previously produced to Plaintiffs. I am at this time requesting that you identify the specific documents which you are referring to in the Requests for Production referenced above.

With regard to Request for Production Nos. 29, 34, 35 and 42, you indicated that you were searching for these documents and any documents found will be supplemented. I am requesting at this time that if you have located any of these documents, the same be produced to Plaintiffs' counsel prior to February 27, 2003.

Out of an abundance of caution, I am filing a Motion to Compel which I anticipate will be heard during the pre-trial hearing scheduled for February 27, 2003. If we can come to an

Mr. James J. Regan
February 20, 2003
Page 2

agreement prior to that hearing, I will withdraw my motion.  Further, please consider this my attempt to confer with regard to my motion.  Please call my office and let me know whether or not you are opposed or unopposed to the motion.

Very truly yours,

GRIFFITH, HILL & OCHOA, L.L.P.

Viola Q. Garza

VGG:clo

cc:    David C. Garza   -    *Via Telefax No.  (956) 542-7403*