United States District Court
Southern District of Texas
FILED

MAR 0 5 2003

Michael N. Milby
Clerk of Court

700.0078/1794

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC. | § § | |
| Plaintiff | § § | |
| | i. | CIVIL ACTION NO. B-01-148 |
| VS. | § § | JURY |
| JSW PLASTICS MACHINERY, INC. | § | |
| Defendants | § | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff EXEL BOBBINS AND PLASTIC COMPONENTS, and hereby file this Motion for Leave to File Second Amended Petition against JSW Plastics Machinery, Inc., and would respectfully show the Court the following:

### I.

Plaintiff has sued Defendant as a result of a breach of contract that occurred in or about May 2001.

Defendant filed an answer against Plaintiff's claims for damages.

Plaintiff's Amended Petition deletes two causes of action previously plead by Plaintiff. Attached hereto is Exhibit "1" which is a true and correct copy of the petition Plaintiff is requesting leave to file. Defendant's counsel has been provided a copy of this petition, and they are unopposed to the filing of the same.

**II.**

Defendant would show the Court that filing this Amended Petition as requested herein will not cause a delay nor will it cause an inconvenience to the parties.

WHEREFORE PREMISES CONSIDERED, Plaintiff EXEL BOBBINS prays that this Motion be granted, that leave be granted to file their Second Amended Petition, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GRIFFITH, HILL & OCHOA, L.L.P.**
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503
(956) 971-9446
(956) 971-9451 - facsimile

By: *Viola G. Garza (for)*
John R. Griffith
Federal I.D. No. 12186
State Bar No. 08480750
Viola G. Garza
State Bar No. 00787518

Moises M. Salas, Jr.
**Law Office of Moises M. Salas, Jr.**
847 E. Harrison
Brownsville, TX 78520
State Bar No. 00786217
Federal I.D. No. 17506

**ATTORNEYS FOR PLAINTIFF
EXEL BOBBINS AND PLASTIC
COMPONENTS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument was forwarded to all counsel of record, to wit:

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025
(956) 541-4914
(956) 542-7403 (fax)
*Attorney-in-charge for JSW Plastics Machinery, Inc.*

James J. Regan
Lorne Lilienthal
**Regan & Braun Law Offices**
2522 Artesia Blvd, Suite 200
Redondo, CA 90278
(310) 372-1988
(310) 318-5894 (fax)
*Attorneys for JSW Plastics Machinery, Inc.*

on this 5th day of March, 2003.

By: Viola G. Garza
Viola G. Garza

## CERTIFICATE OF CONFERENCE

    I do hereby certify that Plaintiff's counsel conferred with attorney for the Defendants on the 27th day of February, 2003, and Defendant's counsel was unopposed.

By: *Viola G. Garza*
Viola G. Garza

700.0078/1794  IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC.<br>Plaintiff<br><br>VS.<br><br>JSW PLASTICS MACHINERY, INC.<br>Defendants | §<br>§<br>§<br>§ CIVIL ACTION NO. B-01-148<br>§ JURY<br>§<br>§<br>§ |

## FIAT

Plaintiff EXEL BOBBINS AND PLASTIC COMPONENTS's Motion for Leave to File Second Amended Petition having been presented to the Court and a request made for a hearing thereon, the same is hereby set for hearing at _____:_____ o'clock ____.m., on the _____ day of _____, 2003.

SIGNED on this the _____ day of _____, 2003.

_____
Judge Presiding

cc:
John R. Griffith, **GRIFFITH, HILL & OCHOA, L.L.P.**, One Park Place, 100 Savannah, Suite 500, McAllen, Texas 78503

David C. Garza **Garza & Garza, L.L.P.**, 680 E. St. Charles, Suite 300, Brownsville, TX 78522-2025

James J. Regan, **Regan & Braun Law Offices**, 2522 Artesia Blvd, Suite 200, Redondo, CA 90278

700.0078/1794     IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC. | § § | |
| Plaintiff | § | |
| | i. | CIVIL ACTION NO. B-01-148 |
| VS. | § | JURY |
| | § | |
| JSW PLASTICS MACHINERY, INC. | § | |
| Defendants | § | |

## ORDER GRANTING PLAINTIFF'S MOTION

BE IT REMEMBERED, that on the _____ day of _____, 2003, Plaintiff EXEL BOBBINS AND PLASTIC COMPONENTS's Motion for Leave to File Second Amended Petition came before the Court, and after considering the Motion presented by Plaintiff's counsel, the Court is of the opinion, as so finds, that the Plaintiff's Motion for Leave to File Second Amended Petition should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Leave to File Second Amended Petition should be, and the same is **GRANTED.**

Signed this _____ day of _____, 2003.

_____
Judge Presiding

cc:
John R. Griffith, **GRIFFITH, HILL & OCHOA, L.L.P.**, One Park Place, 100 Savannah, Suite 500, McAllen, Texas 78503

David C. Garza **Garza & Garza, L.L.P.**, 680 E. St. Charles, Suite 300, Brownsville, TX 78522-2025

James J. Regan, **Regan & Braun Law Offices**, 2522 Artesia Blvd, Suite 200, Redondo, CA 90278

# EXHIBIT "1"

700.0078/1794

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC. § <br> Plaintiff § <br> § <br> VS. § <br> § <br> JSW PLASTICS MACHINERY, INC. § <br> Defendants § | CIVIL ACTION NO. B-01-148 <br> JURY |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EXEL BOBBINS AND PLASTIC COMPONENTS, INC., Plaintiff and files this its Second Amended Complaint against JSW PLASTICS MACHINERY, INC., Defendant, and would show the Court as follows:

**I.**

1. EXEL BOBBINS AND PLASTIC COMPONENTS, INC., ("EXEL") is a Texas Corporation with its principal place of business in Brownsville, Cameron County, Texas.

2. JSW PLASTICS MACHINERY, INC., ("JSW") is a Delaware corporation with its principal place of business in Anaheim, California. "JSW" has made an appearance and no service is requested at this time.

### JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332(a) in that there exists complete diversity of citizenship between EXEL and "JSW." In addition, the amount in controversy exceeds the amount of $75,000.00.

## VENUE

4.   Venue is proper in the Brownsville Division of this Court pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to EXEL's claims occurred in Brownsville, Cameron County, Texas.

## FACTUAL BACKGROUND

5.   Beginning in 1999, EXEL inquired of JSW whether JSW would sell to EXEL certain JSW plastic molding machines. EXEL sought to purchase JSW molding machines in order to provide plastic molding services to its customer, including, but not limited to, Sunbeam-Oster. Further, EXEL inquired whether JSW would extend a line of credit to EXEL specifically for EXEL's purchase of certain JSW machines from JSW. Thereafter, on or about February 2000, JSW confirmed, in writing to EXEL, that JSW would provide and sell the molding machines needed by EXEL to provide services to its customers. (See attached Exhibit "1").

6.   In that connection, JSW knew that the JSW machines which EXEL sought to purchase and finance were being purchased by EXEL in order that EXEL would provide services to its customers. Further, JSW had knowledge of specific customers of EXEL for which EXEL would provide services by means of the JSW machines. For example, JSW knew that EXEL sought to purchase and finance certain JSW machines in order to provide services specifically to Sunbeam-Oster. In that regard, JSW had knowledge of EXEL's ongoing business relationship with Sunbeam-Oster. More significantly, JSW had knowledge of EXEL's prospective business and contractual relationship with Sunbeam-Oster. Accordingly, JSW represented to EXEL, Sunbeam-Oster and other EXEL customers, in writing, that an inventory of JSW machines would remain available to meet EXEL's needs and that JSW would provide to EXEL "full support on an on-going basis." JSW further represented that JSW had "extended a credit line of

*Plf's Second Amended Original Petition - Page 2*

$1,500,000.00 to EXEL for the purchase of JSW's products and services ...". EXEL relied upon these representations and further acted in reliance upon the same. As a result, EXEL incurred expenses, costs and other liabilities including, but not limited to, other contractual obligations.

7. Thereafter, on or about January 2001, EXEL and JSW entered a written agreement ("contract") setting forth, among other things, that JSW would sell certain JSW machines to EXEL, would extend a credit line to support the purchase of said machines and that the JSW machines would be delivered to EXEL pursuant to the contract. (See attached Exhibit "2"). The contract was delivered to EXEL by JSW's Vice President of Operations, Jerry Johnson on behalf of JSW. On or about April 2001, EXEL paid the amount of $4,788.92 pursuant to the contract as the initial down payment. Nevertheless, on or about May 10, 2001, JSW advised EXEL that it would not perform its obligations set forth in the contract. Consequently, EXEL has been caused to suffer injury and damages beyond the minimum jurisdictional limits of this Court.

## BREACH OF CONTRACT

8. At all times relevant, there exists an enforceable contract between EXEL and JSW. There was a valid offer and valid acceptance of said offer. Further, EXEL and JSW mutually assented to the contract. In addition, JSW executed the contract and delivered the same with the intent that such contract be mutual and binding. There exist mutual obligations of the parties which support such contract. Further, EXEL performed or tendered performance of its obligations set forth in the contract. Further, EXEL performed all conditions precedent to the contract. Nevertheless, JSW has breached the contract and said breach has caused EXEL injury and damages.

9. Specifically, JSW has breached the contract by failing, without legal justification,

to perform one or more of the terms of the contract. That is, JSW breached the contract by failing and refusing to deliver the JSW machines to EXEL as set forth in the contract. Further, JSW has breached the contract by failing and refusing to provide EXEL the line of credit as set forth in the contract. In short, JSW has refused to perform the contractual obligations set forth in the contract.

10. JSW has further breached the contract by, without legal justification, taking actions inconsistent with the existence of such contract. That is, JSW failed and refused to deliver JSW machines to EXEL and to extend the credit line to EXEL as set forth in the contract, thereby acting inconsistent with the existence of the contract and the obligations set forth therein. Further, JSW received, accepted and retained EXEL's performance and tender of down payment made pursuant to the contract and thereafter failed and refused to perform JSW's obligations in the contract inconsistent with th existence of the contract.

11. JSW has further breached the contract by failing, without legal justification, to recognize the existence of such contract. That is, JSW by its actions has expressed its refusal to recognize the existence of the contract and its obligations to EXEL set forth therein.

12. JSW has further breached the contract by, without legal justification, expressing its fixed intent to abandon and renounce the contract and by refusing to perform pursuant to the terms of the contract.

13. As a result of JSW's breaches of the contract, EXEL has been caused to suffer injury and damages including, but not limited to, nominal damages and actual damages.

## CONVERSION OF DOWN PAYMENT

14. JSW deliberately and maliciously kept the down payment paid by EXEL to JSW and failed to pay these proceeds back to EXEL in accordance with the contract.

15.   JSW's wrongful withholding of the proceeds constitutes conversion. EXEL had a superior right to the proceeds as provided in the contract, and JSW had no right or justification for exercising wrongful dominion over the proceeds.

16.   JSW's wrongful withholding of the proceeds violates the Texas Theft Liability Act, Tex.Civ. Prac. & Rem. Code §134.001, et seq.  JSW unlawfully appropriated EXEL's property without EXEL's effective consent.  Tex. Penal §31.03.

17.   EXEL seeks to recover its proceeds wrongfully being withheld by JSW under the common law doctrine of money had and received.

## ATTORNEY'S FEES

18.   In addition to recovery of nominal and actual damages, EXEL seeks reasonable attorney's fees for JSW's breach of contract pursuant to Texas Civil Practice and Remedies Code, §38.001(8).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff EXEL prays that Defendant JSW be cited to answer and appear herein and that upon a trial on the merits, judgment be entered against Defendant JSW, and that Plaintiff EXEL be awarded nominal damages, actual damages, exemplary damages, attorney's fees, pre-judgment interest, post-judgement interest, and for such other and further relief to which Plaintiff EXEL may show itself justly entitled to receive.

Respectfully submitted,

**GRIFFITH, HILL & OCHOA, L.L.P.**
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503
(956) 971-9446
(956) 971-9451 - facsimile


By: _____
    John R. Griffith
    Federal I.D. No. 12186
    State Bar No. 08480750
    Viola G. Garza
    State Bar No. 00787518

Moises M. Salas, Jr.
**Law Office of Moises M. Salas, Jr.**
847 E. Harrison
Brownsville, TX 78520
State Bar No. 00786217
Federal I.D. No. 17506

**ATTORNEYS FOR PLAINTIFF
EXEL BOBBINS AND PLASTIC
COMPONENTS, INC.**

## CERTIFICATE OF SERVICE

I, do hereby certify that a true copy of the above and foregoing instrument was forwarded to all counsel of record, to wit:

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025
(956) 541-4914
(956) 542-7403 (fax)
*Attorney-in-charge for JSW Plastics Machinery, Inc.*

James J. Regan
Lorne Lilienthal
**Regan & Braun Law Offices**
2533 Artesia Blvd, Suite 200
Redondo, CA 90278
(310) 372-1988
(310) 318-5894 (fax)
*Attorneys for JSW Plastics Machinery, Inc.*

on this _____ day of February, 2003.

_____
Viola G. Garza