42

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § | |
| JSW PLASTICS MACHINERY, INC., | § § | |
| Defendant. | § § § § | |

---

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS, AFFIDAVIT OF JAMES J. REGAN**

---

TO THE HONORABLE JUDGE OF SAID COURT:

**<u>SUMMARY OF ARGUMENT</u>**

Defendant JSW PLASTICS MACHINERY, INC. ("Defendant") opposes the Motion to

Compel ("Motion") filed by Plaintiff Exel Bobbins and Plastic Components, Inc. ("Plaintiff")

on the grounds set forth below.

1.    Plaintiff did not conduct a good faith "meet and confer" prior to the filing of its

motion as required by FRCP 26(c) and 37(a)(2)(A)-(B).

2.    The Motion was filed after February 7, 2003, the Motion deadline set in

this case, and is untimely.

In the alternative, and in the event the Court is considering granting the Plaintiff's Motion either in whole or in part, Defendant hereby requests that the Court afford Defendant a reasonable opportunity and period of time in which to seek a protective order pursuant to FRCP Rule 26(c) with respect to the documents being sought by Plaintiff, including those requests which may call for the disclosure of trade secrets.

## I.

## PLAINTIFF HAS FAILED TO MAKE GOOD FAITH EFFORTS TO MEET, CONFER AND RESOLVE ANY DISCOVERY DISPUTE WITHOUT COURT INTERVENTION

Plaintiff did not attempt a genuine "meet and confer" in connection with this discovery dispute. As set forth in the attached Declaration of James J. Regan ("Regan Decl."), counsel for JSW-PMI, Plaintiff's attorney issued to Mr. Regan a letter/fax dated February 20, 2003, stating Plaintiff's objections and simultaneously filed its motion to compel. (Regan Decl., Exhibit "A ") Relying on what he believed was Plaintiff's counsel's good faith, and unaware of the filing of the motion, Mr. Regan immediately responded to the February 20th letter by letter/fax to Plaintiff's counsel dated February 21, 2003. (Regan Decl., Exhibit "B.") Plaintiff made no response to Mr. Regan's letter in an attempt to amicably resolve this dispute, instead serving by mail the motion it had already filed.

A condition to compelling discovery is to make an informal, good faith effort to attempt to resolve the discovery dispute without court action. (FRCP Rules 26(c), 37(a)(2)(A)-(B) ) "Confer" means a genuine effort to resolve the dispute by determining (1) what the requesting party is actually seeking, (2) what the responding party is reasonably capable of producing that

is responsive to the request, and (3) what specific genuine issues cannot be resolved without judicial intervention. *Taylor v. Florida Atl. Univ.*, 132 F.R.D. 304, 305 (S.D. Fla. 1990). In its Motion, Plaintiff's counsel's letter of February 20, 2003 is characterized as an "attempt to confer with regard to the motion." (Motion, Exhibit B, page 2.) The letter, however, does not constitute a genuine effort to resolve any discovery dispute. In requesting Defendant to withdraw its objections to numerous document requests, not one factual or legal basis is offered as to why the objections are improper, other than the conclusory statement, "we are entitled to the information..." Counsel did not (and Plaintiff does not in its Motion) discuss any Request individually or present any basis for the contention that Defendant's objection to that particular Request is improper. The only basis for asserting an entitlement to further responses is the statement, "we are entitled to the information contained in the Request for Production." (Motion, Exhibit 2, page 1.) This does not constitute a good faith attempt to confer and resolve a discovery dispute.

If the movant has not conferred properly, the court can deny the motion. *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 196-97 (N.D. W.Va. 2000) (motion to compel). Having failed to make a genuine effort to confer in order to resolve the dispute, Plaintiff may not seek to compel discovery and its Motion should be denied.

## II.

## PLAINTIFF'S MOTION IS UNTIMELY

Plaintiff was required to file its Motion no later than February 7, 2003. Instead, Plaintiff's Motion was filed on February 20, 2003, thirteen days after the motion cut-off date established by the Rule 16 FRCP Scheduling Order ("Scheduling Order") in this case. Plaintiff,

served both its "meet and confer letter" and the Motion on Defendant on the same day, February

20th, seven days before the hearing date, and Defendant received the Motion, which was served

by mail, on December 24th, three days before the hearing date. Based on Plaintiff's late filing

and unreasonable notice of the hearing, the Motion is untimely and should be stricken in its

entirety.

      **a.**    <u>**Plaintiff's Motion Was Filed After the Motion Cutoff Date and is Barred**</u>

      The Scheduling Order herein was filed on August 2, 2002, and established the following

deadlines: (1) all discovery in this case was to be completed by January 24, 2003; (2) all

motions were to be filed by February 7, 2003; and, (3) all pending motions were to be heard on

February 27, 2003. Plaintiff has not sought any relief from these deadlines or offered any reason

why they should not apply to the instant Motion. Although Judge Tagle's own Rule 5.B permits

non-dispositive motions (which would include a motion to compel discovery) to be filed at least

forty-five days before the date set for final pretrial conference (or "docket call"), which is set in

this case for April 2003, Rule 5.B. is by its own terms subject to any limitations set forth in the

Scheduling Order, which set the motion cutoff for February 7, 2003. Therefor, the 45-day limit

under Rule 5.B would not apply and does not save the Motion from being untimely

Plaintiff propounded and served the subject Request for Production ("Request") on December

19, 2002, just thirty-six (36) days prior to the discovery cutoff date established by the Scheduling

Order. On January 22, 2003, Defendant served on Plaintiff its written response to the Request

This response was timely and was made sixteen (16) days prior to the motion cutoff date

Despite this deadline, Plaintiff waited twenty-nine (29) days, until February 20, 2003, almost

two weeks after the motion cutoff date, to send Defendant its letter/fax setting forth Plaintiff's

objections to the response. Despite the fact that its Motion was barred by the applicable motion

cutoff date. Plaintiff, without justification and without seeking the Court's permission to do so,

filed its Motion on February 20, 2003, almost two weeks after the cutoff date.

**b.    Plaintiff has Failed to Provide Reasonable Notice of the Motion as Required by FRCP Rule 37(a)**

Despite Defendant's January 22, 2003, service on Plaintiff of its response, Plaintiff

waited until February 20, 2003, twenty-nine (29) days later (and almost two weeks after the

motion cutoff date) to send Defendant its letter/fax setting forth Plaintiff's objections to the

response and stating a Motion to Compel was being filed and would be heard at the pre-trial

hearing on February 27, 2003, just seven days later. Plaintiff's "meet and confer" letter did not

contain a courtesy copy of the referenced Motion and did not inform the Defendant that the

Motion was in fact being filed the same day as the letter, Viola Garza, Plaintiff's counsel. stating

only that "I am filing a Motion to Compel." (See Motion, Exhibit B.) FRCP Rule 37(a)

authorizes a motion to compel discovery "upon reasonable notice to other parties." Not only did

Plaintiff wait almost a month to even inform Defendant that it objected to the responses, Plaintiff

waited until just seven days prior to the hearing date to serve its motion and further delayed

providing Defendant with notice of its Motion by serving the Motion by mail, not facsimile,

which resulted in the Defendant receiving the Motion on February 24, 2003, just three (3) days

prior to the hearing date.

Plaintiff's unjustified delay and last minute maneuverings do not withstand scrutiny and

cannot by any standard be said to provide "reasonable notice" as required by FRCP Rule 37(a)

Based on the foregoing, Plaintiff's motion should be stricken in its entirety.

## III.

## PLAINTIFF HAS NOT PRESENTED ANY BASIS IN FACT OR

## LAW TO COMPEL FURTHER RESPONSES

No legal authority or other basis is cited by Plaintiff for either (a) why Defendants objections are improper or (b) why a further response is required. Although Defendant has been given what it considers completely unreasonable notice of the Motion and has not been afforded a reasonable time to respond to the Motion, Defendant contends that its objections as set forth in its Response are proper as set forth below. We note that Plaintiff's Request Nos. 12 and 13 are identical and these are treated herein as a single Request.

**a.    Request No. 31 – Personnel File of Robert Fehrenbach**

Plaintiff has not made, or attempted to make, a showing of a compelling need and clear relevance for the discovery of Fehrenbach's personnel file and absent such a showing the personnel file is not discoverable matter. *Matter of Hawaii Corp.* (D HI 1980) 88 FRD 518, 524 Plaintiff further has not shown the relevance of Fehrenbach's personnel file to the issues presented in this case. (FRCP 26(b)(1).)

**b.    Request Nos. 2, 29, 34, 35 and 42**

A search for documents in response to these requests has been made and to date Defendant has been unable to locate any documents responsive thereto. In the event Defendant is able to locate any responsive documents, and to the extent any such documents are not privileged or otherwise subject to a valid objection, such documents will be produced

---

**c.**    **Request Nos. 3-8, 11-13, 16-25, 27-28, 30-33, 38-40 and 43-44**

Each of these requests is objectionable on multiple grounds.

1.    Although the matters which are the subject of Plaintiff's lawsuit occurred during the years 1999 through 2001, Plaintiff has propounded requests which, by their own terms, seek documents which expressly fall outside the relevant time period (Request Nos 3, 7–8, 18–19, 21, 23, 27, 30, 38, 40, ) or which seek documents without any limits as to time (Request Nos. 4–6, 16–17, 22, 24–25, 32–33, 39, 43–44). To the extent these requests seek information unrelated to the time period involved in this action, they (a) seek information which is not relevant (FRCP 26(b)(1), (b) are overbroad (FRCP 26(b)(1)-(2) and (c) are unduly burdensome (FRCP 26(b)(2)(i)).

2.    The requests seek information which is not relevant to the issues presented in the complaint and they are therefore objectionable under FRCP 26(b)(1). Each of these requests is also stated so generally and broadly and encompasses such a potentially vast amount of information as to be unduly burdensome within the meaning of FRCP 26(b)(2)(iii) and overbroad within the meaning of FRCP 26(b)(1)-(2), that is, they seek information which inquires into matters that go beyond what is relevant to the parties' claims or defenses. *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989).

The requests to which these objections apply are as follows: sales forecasts for all machines to be sold by Defendant between 1998 to the present (Request No. 3); all notes for Defendant's quarterly meetings (Request No. 4); all minutes of Defendant's quarterly meetings (Request No. 5); all agenda relating to Defendant's quarterly meetings (Request No 6), all of Defendant's accounts receivable from 1998 to the present (Request No. 7); all of Defendant's

past due accounts from 1998 to the present (Request No. 8); regional sales reports for all regions from 1999 to the present (Request No. 11); all documents regarding Defendant's sales regions from 1999 to the present (Request Nos. 12 and 13); all documents reflecting the relationship between JSW Plastics Machinery, Inc. and JSW in Japan (Request No. 16); all documents reflecting Defendant's corporate structure (Request No. 17); all documents reflecting Defendant's policies and procedures from 1998 to the present (Request No. 18); all of Defendant's telephone records in Chicago from 1998 through 2002 (Request No 19); Defendant's articles of incorporation (Request No 20); all documents containing information about the quarterly meetings of Defendant's sale managers from 1998 to the present (Request No. 21); all documents reflecting Defendant's general business practices (Request No. 22), all documents reflecting Defendant's machine inventory from 1998 through 2002 (Request No. 23); all document reflecting the name and position of Defendant's employees on loan from JSW Japan (Request No. 24); all documents reflecting the business relationship between Defendant and JSW Japan (Request No. 25); all documents reflecting Defendant's policies and procedures regarding the extension of lines of credit from 1998 through 2002 (Request No 27); all documents reflecting Defendant's policies and procedures for the sale of machines to customers from 1998 through 2002 (Request No. 28); Defendant's financial statements from 1998 to the present (Request No. 30); all documents reflecting the sale by Defendant of $20–$24 million in sales (Request No. 32); all documents evidencing JSW Japan's authority over Defendant (Request No. 33); all document evidencing Defendant's retrieval or repossession of its machines from customers between 1998 and the present (Request No. 38); all documents identifying those of Defendant's customers making agreed payments on their purchase of Defendant's machines

(Request No. 39); all documents issued by Fumio Hiriyama from 1998 to the present regarding Defendant's cash flow (Request No. 40); all documents reflecting Defendant's extension of "special terms" (not otherwise defined by Plaintiff) to its customers (Request No. 43); and all documents evidencing minutes of manager's meetings during which Plaintiff was discussed (Request No. 44).

With respect to those Requests seeking information regarding "JSW Japan" (Request Nos. 16, 24, 25, 33), Plaintiff does not further identify or define JSW Japan, which is not a party to this action, nor is it an identifiable entity for purposes of permitting Defendant to make any meaningful response.

These requests seek such all-encompassing information regarding the Defendant's business methods, practices, strategies, structure, operations, financial status and internal communications that, if complied with literally, they would result in the disclosure of privileged, proprietary and/or confidential materials, including trade secrets, to the detriment of Defendant

d.    **Request Nos. 10, 14, 15, 26, 36, 37 and 41**

Having previously produced responsive documents regarding each of these requests, Defendant is under no obligation to identify the specific documents in question. In addition, the previously produced documents which apply to each request should be clear from the face of the produced documents themselves. Plaintiff has requested the following documents: the "entire file of JSW Plastics Machinery, Inc. with regard to Exel Bobbins" (Request No. 10); "all documents from JSW...requesting written confirmation from Exel...regarding any business which Sunbeam-Oster would be giving Exel..." (Request No. 14); "correspondence from Steve Becker relating to given Steve Becker notice..." (Request No. 15); "the U.C.C. form the State of

Illinois which would require that all owners of a business sign the U.C.C. form. " (Request No. 26); "all correspondence to Steve Beck and/or John Annoreno from Jerry Johnson requesting that both sign the U.C.C..." (Request No. 36); "any and all correspondence from Dennis Pochatek to Steve Becker regarding the shipment and/or delivery of JSW machinery to Exel " (Request No. 37); and "all documents which evidence that Jerry Johnson sent to Exel . . the U.C.C. forms..." (Request No. 41). The content of these requests clearly identifies any previously produced documents which would be responsive to that request.

<center>IV.</center>

<center>**CONCLUSION**</center>

For all of the reasons set forth above, Plaintiff's Motion to Compel the further production of documents by Defendant should be denied.

Dated: March _6_, 2003.

<div style="margin-left: 40%;">
Respectfully submitted,

By: _____
DAVID C. GARZA
SBN 07731400
GARZA & GARZA, L.L.P
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax: (956) 542-7403
Attorney-in-Charge for JSW Plastics
Machinery, Inc.

JAMES J. REGAN
CAL. SBN 80576
REGAN ♦ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
</div>

Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AFFIDAVIT OF JAMES J. REGAN** have been served on attorneys of records to the following addresses on this 6th day of March, 2003.

John R. Griffith                               Via Certified Mail/RRR
Viola G. Garza                                 No. 7099 3220 0005 4623 6990
GRIFFITH, HILL & OCHOA, LLP                    and Via Fax: (956) 971-9451
One Park Place
100 Savannah Avenue, Suite 500
McAllen, Texas 78503

Moises M. Salas, Jr.                           Via Certified Mail/RRR
LAW OFFICES OF MOISES M. SALAS JR.             No. 7099 3220 0005 4623 6952
847 East Harrison                              and Via Fax: (956) 982- 0601
Brownsville, Texas 78520

_____
DAVID C. GARZA

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § § | [Assigned to the Hon. Hilda G. Tagle] |
| vs. | § § | |
| JSW PLASTICS MACHINERY, INC., | § § | |
| Defendant. | § § § | |

---

## AFFIDAVIT OF JAMES J. REGAN

---

Before me, the undersigned notary public, personally came and appeared James J. Regan, who, being duly sworn, declared as follows:

1.     My name is James J. Regan and I am one of the attorneys for defendant JSW Plastics Machinery, Inc. ("JSW-PMI") in the subject case. If called to testify, I could and would competently testify of my own personal knowledge, excepting only that which is stated under information and belief.

2.     The purpose of this Affidavit is to provide the court with evidence in support of defendant JSW-PMI's opposition to plaintiff's motion to compel production of documents.

3.     On or about February 20, 2003, I received a letter-fax from Attorney Viola Garza who represents plaintiff Exel Bobbins and Plastic Components, Inc. ("Exel Bobbins") in the subject case. Attached hereto as Exhibit "A" is a true and correct copy of that letter and incorporated herein by this reference.

1

4.      When I received this letter, I believed that Ms. Garza intended to conduct a "meet and confer" in good faith. At the time of receiving Ms. Garza's letter, I was not aware that Ms. Garza had filed a motion to compel (it is referenced that she would file a motion to compel, however, I believed that that would only be filed if our discussions in a "meet and confer" were unsuccessful.

5.      Thus, on February 21, 2003, I prepared and sent, via fax, a letter discussing the rationale for JSW-PMI's responses, the reasons why I felt a motion to compel would likely be denied by the court, and offering a solution toward an amicable resolution.  Attached hereto as Exhibit "B" is a true and correct copy of my letter-fax dated February 21, 2003 and is incorporated herein by this reference.

6.      Following the issuance of my letter-fax, I received a Federal Express package on or about February 24, 2003 which contained the motion to compel.

7.      Following receipt of the motion to compel, neither Ms. Garza nor anyone at the Griffith, Hill & Ochoa, L.L.P. have contacted me to further discuss this matter and how we may approach a resolution in this matter.

8.      Certainly, the defendants, through either Mr. David Garza or my office, are willing to meet and discuss with plaintiff's counsel a resolution to this motion. However, in an abundance of caution, we are filing this response for the court's review and ruling.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of March 2003 in Redondo Beach, California

JAMES J. REGAN
Attorney for Defendant JSW Plastics Machinery, Inc

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

On 3/5/03 , before me, MichaelAnneCah personally appeared James J. Regan ,

personally known to me (or proved to me on the basis of satisfactory evidence) to be the

person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me

that he/she/they executed the same in his/her/their authorized capacity(ies), and that by

his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which

the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Michaellenne Cahill*

> MICHAELANNE CAHILL
> Commission # 1312256
> Notary Public - California
> Los Angeles County
> My Comm. Expires Jul 5, 2006

3

**EXHIBIT 'A'**

# GRIFFITH, HILL & OCHOA, L.L.P.

### ATTORNEYS AT LAW

**ONE PARK PLACE**
**100 SAVANNAH, SUITE 500**
**McALLEN, TEXAS 78503**
**956/971-9446**
**FAX/971-9451**

VIOLA G. GARZA

February 20, 2003

<u>*Via Telefax No. (310) 318-5894*</u>
James J. Regan
Lorne Lilienthal, Regan & Braun Law Offices
2522 Artesia Blvd., Suite 200
Redondo, CA 90278

      **Re:**   *Cause No. B-01-148; Excel Bobbins and Plastic Components, Inc. v. JSW Plastics Machinery, Inc., et. al.; In the U.S. District Court for the Southern District of Texas, Brownsville Division*

Dear Mr. Regan:

      I am in receipt of and have reviewed JSW Plastics Machinery, Inc.'s Responses to Plaintiff's Request for Production. With regard to the same, you have objected and not responded to Request for Production Nos. 3, 4, 5, 6, 7, 8, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 30, 31, 32, 33, 38, 39, 40, 43 and 44. At this time, I am requesting that you withdraw your objections to the same and answer the questions fully as we are entitled to the information contained in the Request for Production. Further, with regard to Request for Production No. 2, you have objected and answered. Again, I am requesting that you withdraw your objection to Request for Production No. 2 and supplement that response if necessary. Further, with regard to Request for Production Nos. 10, 14, 15, 26, 36, 37 and 41, you have indicated that those documents were previously produced to Plaintiffs. I am at this time requesting that you identify the specific documents which you are referring to in the Requests for Production referenced above.

      With regard to Request for Production Nos. 29, 34, 35 and 42, you indicated that you were searching for these documents and any documents found will be supplemented. I am requesting at this time that if you have located any of these documents, the same be produced to Plaintiffs' counsel prior to February 27, 2003.

      Out of an abundance of caution, I am filing a Motion to Compel which I anticipate will be heard during the pre-trial hearing scheduled for February 27, 2003. If we can come to an

# EXHIBIT A

Mr. James J. Regan
February 20, 2003
Page 2


agreement prior to that hearing, I will withdraw my motion.  Further, please consider this my attempt to confer with regard to my motion.  Please call my office and let me know whether or not you are opposed or unopposed to the motion.

Very truly yours,

GRIFFITH, HILL & OCHOA, L.L.P.



Viola G. Garza

VGG:clo

cc:      David C. Garza    -     *Via Telefax No.  (956) 542-7403*

# GRIFFITH, HILL & OCHOA L.L.P.

### ATTORNEYS AT LAW

ONE PARK PLACE
100 SAVANNAH, SUITE 500
MCALLEN, TEXAS 78503
956/971-9446
FAX/971-9451

VIOLA G. GARZA

## FAX  TRANSMITTAL  COVERSHEET

DATE:          February 20, 2003

FROM:          Viola G. Garza

**Re:** *Cause No. B-01-148; Excel Bobbins and Plastic Components, Inc. v. JSW Plastics Machinery, Inc.; In the United States District Court of Southern Texas, Brownsville Division*

NO. OF PAGES (including this coversheet): __3

TO:          **Mr. James J. Regan**
FAX:          **(310) 318-5894**
Phone:          (310) 372-1988

TO:          **Mr. David C. Garza**
FAX:          **(956) 542-7403**
Phone:          (956) 541-4914

TYPE OF DOCUMENT:          _____
          _____

IF YOU EXPERIENCE DIFFICULTY RECEIVING THIS TRANSMISSION, PLEASE CALL **CYNDI** AT (956) 971-9446.

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT. BOTH THE INDIVIDUAL OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT AND THE INTENDED RECIPIENT ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO THIS OFFICE AT THE ABOVE-LISTED ADDRESS VIA THE U.S. POSTAL SERVICE.

COMMENTS:_____
_____
          *Thank you!*

**EXHIBIT 'B'**

# REGAN • BRAUN
### LAW OFFICES

JAMES J. REGAN, PARTNER
MICHAEL S. BRAUN, PARTNER
ALBERT CHANG
LORNE D. LILIENTHAL
SHEILA WALSH
GENE A. WILKER

2522 ARTESIA BOULEVARD, SUITE 200
REDONDO BEACH, CALIFORNIA 90278
TEL: (310) 372-1988
FAX: (310) 318-5894
E-MAIL: jregan@reganlaw.com
www.reganlaw.com

OF COUNSEL
ARTHUR W. FRANCIS, JR.
A PROFESSIONAL CORPORATION
DONALD L. PRICHARD
FRANK D. RORIE

February 21, 2003

<u>VIA FAX: (956) 971-9451</u>
Viola G. Garza, Esq.
Griffith, Hill & Ochoa, L.L.P.
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503

Re:    JSW Plastics Machinery, Inc. adv. Exel Bobbins
       Texas Southern District
       Civil Action No.: B-01-148

Dear Ms. Garza:

This letter-fax acknowledges yours dated February 20, 2003 regarding your receipt of and review as to JSW Plastics Machinery, Inc.'s responses to plaintiff's request for production of documents. Your letter suggests it is an attempt to meet and confer with regard to a motion, which, you state, is being filed.

The purpose of this letter is to respectfully question whether your letter is a genuine "meet and confer", or, a demand to answer without objections. Initially, I will analyze your letter comments and follow up with an analysis of the proposed motion to compel.

<u>Response to Letter-Fax of 2/20/2003</u>

The JSW-PMI document responses were served via fax and overnight delivery on or about January 22, 2003. Plaintiff Exel Bobbins and Plastic Components have responded with a letter-fax dated February 20, 2003 setting forth their objections to the JSW-PMI response and indicating a motion to compel is being filed to be heard at the pre-trial hearing of February 27, 2003. You do not state the actual date of filing. As we do not know the date of filing, it is dubious as to whether or not your letter is, in reality, a good faith "meet and confer" letter.

I will assume that motion has not been filed and respond as follows:

1.    Plaintiff Exel Bobbins and Plastic Components ("Exel Bobbins") has not cited any legal authority or other basis for either:

# EXHIBIT B

Viola G. Garza, Esq.
February 21, 2003
Page Two

   A. Why the JSW-PMI objections are improper

   B. Why a further response is required other than the mere statement by you that
"we are entitled to the information",

   C. No suggestion(s) for compromise are offered (it does appear that your attempt
to "confer" is, at its root, a demand to produce everything), and

   D. Exel Bobbins' counsel does not discuss each Request individually so as to
give an idea which particular objection to that particular Request is improper, but simply lumps
them all together under the rubric "we are entitled to the information".

   Again, given the above approach of your letter, I respectfully question whether
this is a good faith attempt to "meet and confer" to resolve any disputes.  If we do not know the
dispute as to each objection and/or your contention, it becomes difficult to analyze and resolve.

 2. A search for documents in response to Request No. 2, 29, 34, 35 and 42 has not
resulted in responsive documents as yet.

 3. The relevancy, burdensome, vague, trade secrets/confidential information, etc.
objections to Request No. 3-8, inclusive, 11-13, inclusive, 16-25, inclusive, 27-28, 30-33, 38-40
and 43-44 are well stated in the JSW-PMI response.  None of these requests are sufficiently
limited to documents regarding the subject matter and/or time period at issue in the first amended
complaint and are not stated in such a way to seek information which might reasonably lead to
admissible evidence as required by FRCP Rule 26(b)(1).   Counsel does not provide any
argument to support relevancy.  If you simply look at these requests, they are extremely broad,
unlimited and burdensome; such that, JSW-PMI will, if necessary, seek a protective order in this
regard.

 4. With regard to trade secrets, if you wish to seek their discovery, JSW-PMI
will resist and will, if necessary, seek a protective order pursuant to FRCP Rule 26(c).

 5. With regard to the personnel file of Robert Fehrenbach (Request No. 31), there
is no showing of a compelling need and clear relevance for its discovery.  The Matter of Hawaii
Corp. (D HI 1980) 88 FRD 518, 524.

 6. Having previously produced responsive documents regarding Request Nos.
29, 34, 35 and 42, JSW-PMI is under no obligation to identify the specific documents in
question.  In addition, those documents previously produced and responsive to these requests,

Viola G. Garza, Esq.
February 21, 2003
Page Three

should be clear on the face of these previously produced documents.

I trust that you will consider the above response to objections so that we may clearly and concisely discuss which, if any of the objections, you do not feel are appropriate. Once analyzed, we may then proceed to jointly determine what action, particularly a protective order, would be appropriate. Please be aware, my client has grave and substantial concerns with regard to the stated animosity your client has toward JSW-PMI (please refer to Mr. Becker's deposition testimony). JSW-PMI will not provide your client with protected and confidential information, without protective measures taken, to prevent your client from circulating confidential information to third parties.

<u>Analysis of Proposed Motion to Compel</u>

Please consider the further analysis in general with regard to the motion to compel that you are or may be filing, to wit:

1.    Your letter states that the motion to compel is being filed to be heard at the pre-trial hearing on February 27, 2003 (the actual date of filing is not stated). The discovery cut-off date issued by Judge Tagle was January 24, 2003 and no motion for extension thereof would be granted "unless there is a showing of express need and that good cause exists". Moreover, in Judge Ricio's Order, it states that all motions are to be filed no later than February 7, 2003.

The Rule 16 FRCP scheduling Order ("Scheduling Order") in this case, sets the motion cut off date as February 7, 2003 and pertains to "all other motions". This would seemingly render untimely any discovery motions.

Respectfully, it does appear that the motion cut-off has already occurred.

2.    FRCP Rule 37(1) authorizes a motion to compel discovery "upon reasonable notice to other parties" but it does not otherwise set any time limits within which the motion must be filed. However, a condition to compelling discovery is to make an informal attempt to resolve the discovery dispute (FRCP Rule 26(c), 37(a)(2)(A)-(B). "Confer" means a genuine effort to resolve the dispute.

While you state in your letter that said letter constitutes an attempt to confer, it does appear only to ask JSW-PMI to withdraw its objections to numerous document requests. There is not one legal basis offered as to why the objections are improper other than to state in a conclusory way "we are entitled to the information.....". Respectfully, this is not a genuine effort within the meaning of the statute.

Viola G. Garza, Esq.
February 21, 2003
Page Four


Should you insist upon proceeding, I respectfully request that we have a genuine "meet and confer" conference to address any concerns that your client may have.

Thank you for your continued courtesy and cooperation in this matter.

Sincerely,

JAMES J. REGAN

JJR:cm

c:    David Garza, Esq.