

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., <br><br> Plaintiff, | § § § § § § | CIVIL ACTION No. B-01-148 <br><br> [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| JSW PLASTICS MACHINERY, INC., <br><br> Defendant. | § § § § § § | |

---

**DEFENDANT JSW PLASTIC MACHINERY, INC.'S REPLY TO OPPOSITION OF PLAINTIFF TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF ISSUES**

---

**I.**

**SUMMARY OF REPLY ARGUMENT**

Plaintiff Exel Bobbins Plastic and Machinery, Inc.'s ("Plaintiff") opposition to Defendant JSW Plastic Machinery, Inc.'s ("JSW-PMI") Motion for Summary Judgment, or in the Alternative for Summary Adjudication of Issues ("Motion") should be disregarded for the following reasons:

---

(1)     On JSW-PMI's Motion with respect to lost profits damages, Plaintiff has failed to offer *any* opposition evidence regarding its lost profits damage claim on its cause of action breach of contract and therefore has failed to raise a triable issue of material fact which would warrant denial of the Motion;

(2)     On JSW-PMI's Motion with respect to the conversion cause of action, Plaintiff has not presented any evidence which would establish as a matter of law that Plaintiff was excused from the requirement that it demanded return of the deposit allegedly converted;

(3)     Plaintiff has had adequate time to respond to the Motion and has not offered any reasonable basis for a continuance of the hearing on the Motion; and

(4)     Plaintiff's claim for sanctions is baseless and frivolous.

At the hearing on the Motion held on February 27th, the parties agreed that Plaintiff could file a Second Amended Original Complaint which would allege only two causes of action: (1) breach of contract and (2) conversion. Therefore Plaintiff's causes of action for fraud, negligent misrepresentation and tortious interference with prospective contract are no longer in issue and have effectively been dismissed by Plaintiff. Because Plaintiff filed is opposition on the day of the hearing, JSW-PMI has not afforded an opportunity to reply to the opposition. The Court having taken the Motion under submission, JSW-PMI offers the instant reply.

## II.

## PLAINTIFF HAS FAILED TO OFFER ANY EVIDENCE OF LOST PROFITS DAMAGES AND THEREFORE HAS NOT RAISED A TRIABLE ISSUE OF MATERIAL FACT

Plaintiff does not present *any* evidence of lost profits damages in opposition to JSW-PMI's Motion on that issue. Instead, Plaintiff offers the affidavit of William B. Abington ("Abington"), Plaintiff expert accountant witness. (Opposition, Exhibit 6.) Abington merely recites the documents and depositions he has reviewed and intends to refer to in his deposition. Abington states: "My deposition is currently schedule for the 4th day of March 2003, at which time I will have a report outlining my current opinions and findings relating to the damages and lost profits suffered by Exel Bobbins." (Abington Affd't, ¶ 5.) No damage opinion or factual basis for an opinion is set forth. It is axiomatic that Plaintiff is obligated to provide admissible evidence in support of its damage claim. (FRCP 56(e); *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 106, S.Ct. 2548, 2553.) To avoid summary judgment, the opposing party must *demonstrate* a genuine issue of material fact on all matters as to which it has the burden of proof. (*Celotex Corp. v. Catrett,* supra, 477 U.S. at 324, 106 S.Ct. at 2553.)

Plaintiff was obligated to present this evidence with its opposition filed on February 27th and Plaintiff has had more than adequate time to garner evidence of its own damage claim. Plaintiff suggests, however, that it cannot present such evidence until JSW-PMI has deposed the Plaintiff's own expert witness. This illogical and nonsensical argument does not obviate the Plaintiff's obligation under FRCP 56(e).

## III.

## PLAINTIFF HAS NOT SHOWN ANY EVIDENCE WHICH WOULD, AS A MATTER OF LAW, EXCUSE ITS OBLIGATION ON THE CONVERSION CAUSE OF ACTION TO DEMAND RETURN OF ITS DEPOSIT

Although counsel for Plaintiff argued otherwise at the February 27th hearing on the Motion, one element of Plaintiff's cause of action for conversion is evidence that JSW-PMI refused a demand made by Plaintiff for return of its deposit. (15 Texas Jurisprudence, Conversion, § 8 and cases cited therein; *Huffmeyer v. Mann*, 49 S.W.3d 554, 558 (Tex.Civ.App.-Corpus Christi 2001.) Plaintiff's opposition to the Motion admits that no demand was made, arguing instead that such a demand was excused because JSW-PMI by its letter to Plaintiff dated May 10, 2001, indicated it would apply the deposit towards other machines being held until Plaintiff was current on certain past due balances. Steven Becker ("Becker"), Plaintiff's President, states in his affidavit: "After I read the letter dated May 10, 2001, from JSW, I believed that JSW was not going to return the $4,855.59 I paid on behalf of Exel for the 1/3 of 5% down payment from the J110 and J500 I ordered from JSW." (Becker Affidavit, ¶ 3, Opposition Exhibit 15.) The May 10th letter concludes, however, with the following sentence: "Steve, after reviewing this letter, should you have any questions, or require additional information, please feel free to contact me at the JSW Chicago Technical Center." (Opposition, Exhibit 9.) Becker's subjective belief is unsupported by the contents of the letter, which on its face evidences a spirit of cooperation, regret and a solicitation of a response by Becker. It is certainly not evidence of a "clear repudiation of Plaintiff's rights" (Opposition, ¶ 27) which would excuse the demand element of the conversion cause of action.

## IV.

### DEFENDANT'S MOTION WAS TIMELY FILED

The Rule 16 F.R.C.P. Scheduling Order ("Scheduling Order") filed herein by Magistrate Recio on August 2, 2002, states that "all motion, including dispositive motions...must be filed by this date," the referred to date being February 7, 2003. (Scheduling Order, Item No. 7.) Defendant JSW Plastic Machinery, Inc. ("JSW-PMI") filed its Motion for Summary Judgment ("Motion") on February 7, 2003. The phrase "by this date" does not mean "before" this date and Plaintiff cites no authority or offers any reasonable basis for such an interpretation.

## V.

### DEFENDANT HAD ADEQUATE TIME TO RESPOND TO THE MOTION

Plaintiff erroneously construes Local Rules 5(C), (D) and (E) as allowing Plaintiff "at least 20 days to respond" to said Motion. Local Rule 5(C) provides that counsel must respond to an opposed motion "within twenty days from the date the motion is filed with the Clerk's Office." This is not a minimum time limit, but rather sets the maximum time within which Plaintiff was required to respond. Plaintiff, by waiting until February 27th to file its opposition, met the deadline set by Rule 5(C) on the final day and cannot complain about its own compliance with the Local Rule. The Court, having taken the Motion under submission at the hearing on February 27th, rendered moot Plaintiff's objection to having the hearing prior to the deadline for filing its opposition. Local Rules 5(D) and (E) have no application to the time allowed the Plaintiff to oppose the Motion and are irrelevant.

## VI.

## A CONTINUANCE FOR PURPOSES OF ALLOWING JSW-PMI TO TAKE THE DEPOSITION OF PLAINTIFF'S EXPERT IS ILLOGICAL AND UNWARRANTED

Plaintiff argues that a continuance of the hearing on the Motion is warranted on the issue of lost profits because JSW-PMI is scheduled to take the deposition of Plaintiff's expert accountant witness on March 4, 2003. By this unique argument, because JSW-PMI has not completed its discovery regarding Plaintiff's expert, the Plaintiff is unable to provide evidence as to whether it was a new business without profits at the time of the alleged breach. That the Plaintiff may need the assistance of JSW-PMI's examination of its own expert to determine what losses Plaintiff may have is perhaps flattering but it is not an adequate explanation for having failed to oppose the lost profits issue with admissible evidence sufficient to raise a triable issue of material fact. The affidavit of Plaintiff's expert, William B. Abington (Opposition Exhibit 6), adds nothing to Plaintiff's argument other than to reveal those topics and documents about which JSW-PMI may be expected to examine the witness. By seeking to wait until JSW-PMI has deposed its expert, Plaintiff in effect argues that JSW-PMI possesses (or will possess) the evidence to oppose the Motion. This is not a grounds for continuance or for denying the Motion. (*Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 106 S.Ct. 2505, 2514.)

A continuance of the hearing alone until completion of Mr. Abington's deposition would be meaningless to a resolution of the lost profits issue as set forth in the Motion unless Plaintiff were able to utilize the delay to present additional evidence in opposition to the Motion. While the Plaintiff has not expressly requested leave of the Court to do so, such a request is strongly and necessarily implied. JSW-PMI objects to the introduction of any such evidence after the

time for Plaintiff to file its opposition has passed. The Plaintiff has had more than sufficient time to develop its evidence of lost profits and its failure to raise a triable issue of material fact by presenting admissible evidence in opposition to the Motion argues in favor of granting the Motion. "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." (FRCP 56(e).) (emphasis added.)

## VII.

## THE REQUEST FOR SANCTIONS IS FRIVOLOUS AND WITHOUT FOUNDATION

The Plaintiff is entitled to oppose the motion vigorously, including by disagreeing with the movant's interpretation of the facts or asserting a lack of evidence to support its contentions. Characterizing these differences between the parties, however, as "blatant misstatements" by the movant justifying sanctions is tantamount to charging the movant and its counsel with misleading the Court, a serious charge which should not be allowed to stand. Each and every fact referenced in the Motion was based on the movant's and counsel's best knowledge, information and belief after reasonable inquiry and the factual contentions set forth in the Motion have evidentiary support. This is what is required by FRCP 11(b)(3). None of the evidence in the Motion was

presented for an improper purpose or would otherwise qualify as a violation of FRCP 11(b).

Plaintiff's request for sanctions should be denied.

Dated: March 6, 2003

            Respectfully submitted,

By: _____
DAVID C. GARZA
SBN 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax: (956) 542-7403
Attorney-in-Charge for JSW Plastics
Machinery, Inc.

JAMES J. REGAN
CAL. SBN 80576
REGAN ♦ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT JSW PLASTICS MACHINERY, INC.'S REPLY TO OPPOSITION OF PLAINTIFF TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF ISSUES** have been served on attorneys of records to the following addresses on this 6th day of March, 2003.

| | |
|---|---|
| John R. Griffith<br>Viola G. Garza<br>GRIFFITH, HILL & OCHOA, LLP<br>One Park Place<br>100 Savannah Avenue, Suite 500<br>McAllen, Texas 78503 | Via Certified Mail/RRR<br>No. 7099 3220 0005 4623 6990<br>and Via Fax: (956) 971-9451 |
| Moises M. Salas, Jr.<br>LAW OFFICES OF MOISES M. SALAS JR.<br>847 East Harrison<br>Brownsville, Texas 78520 | Via Certified Mail/RRR<br>No. 7099 3220 0005 4623 6952<br>and Via Fax: (956) 982-0601 |

_____
DAVID C. GARZA