United States District Court
Southern District of Texas
FILED

MAR 2 6 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § | CIVIL ACTION No. B-01-148 |
| | § § | [Assigned to the Hon. Hilda G. Tagle |
| Plaintiff, | § § | Stipulated to Magistrate Felix Recio] |
| vs. | § § | |
| JSW PLASTICS MACHINERY, INC., | § § § | |
| Defendant. | § § § § | |

**DEFENDANT'S MOTION IN LIMINE NO. 2
TO BAR EVIDENCE AT TRIAL REGARDING (A) DEFENDANT'S ALLEGED
VIOLATIONS OF THE TEXAS THEFT STATUTES TO DEMONSTRATE THAT
DEFENDANT ACTED WITH MALICE OR FRAUD AND (B) THE AMOUNT OF
EXEMPLARY DAMAGES, IF ANY, TO BE AWARDED PLAINTIFF, INCLUDING
EVIDENCE OF THE DEFENDANT'S PROFITS OR FINANCIAL CONDITION, UNTIL
AFTER A FINDING BY THE TRIER OF FACT THAT DEFENDANT HAS ACTED
WITH FRAUD OR MALICE; OR, IN THE ALTERNATIVE, FOR BIFURCATION OF
TRIAL**

Defendant JSW Plastics Machinery, Inc. ("Defendant") asks the court to bar Plaintiff Exel Bobbins and Plastic Machinery, Inc. ("Plaintiff") from presenting any testimony or other evidence at the trial of this action as follows:

(1) Reference to, including jury instructions regarding, alleged violations by Defendant of Section 134.001, et seq. of the Texas Civil Practice and Remedies Code (Texas Theft Liability Act) and Section 31.03 of the Texas Penal Code, unless and until Plaintiff establishes to the court

as a matter of law that the intent element required under either of these statutes is the same as the elements of "fraud" or "malice" as required for the recovery of exemplary damages by Texas Civil Practice and Remedies Code Section 41.003(a).

(2) Evidence regarding the amount of punitive damages, if any, to be awarded Plaintiff, including evidence of the profits or financial condition of the Defendant, should be precluded unless and until the trier of fact has first made a finding that Defendant is liable to Plaintiff for compensatory damages other than nominal damages and that Defendant has proven by clear and convincing evidence that Defendant acted with fraud or malice. In the alternative, Defendant requests that pursuant to the discretion afforded by FRCP 42(b), the Court bifurcate the trial as follows: (1) in the first phase, the trier of fact shall determine liability for compensatory and punitive damages and the amount of compensatory damages, and (2) in the second phase, if liability for exemplary damages is established in the first phase, the trier of fact shall determine the amount of exemplary damages to be awarded, if any.

1. **THE ELEMENT OF INTENT UNDER THE TEXAS THEFT STATUTES AND FRAUD OR MALICE UNDER SECTION 41.003(a) TEXAS CIVIL PRACTICE AND REMEDIES CODE**

Plaintiff is seeking exemplary damages which are referred to only in the prayer for relief and not expressly in connection with either of Plaintiff's two causes of action. ((Plaintiff's Second Amended Original Complaint ("Complaint"), prayer for relief, page 5.) Because exemplary damages are not recoverable for breach of contract, Plaintiff is apparently seeking them in connection with the second cause of action for conversion. (Complaint, Paragraphs 14 through 17.)

Plaintiff does not allege in its Complaint that Defendant acted with fraud or malice in connection with the alleged conversion, elements required by Section 41.003(a) of the Texas Civil Practice and Remedies Code. Plaintiff apparently contends that fraud or malice is shown by violations of certain state theft statutes, namely, Section 134.001, et seq. of the Texas Civil Practice and Remedies Code (Texas Theft Liability Act) and Section 31.03 of the Texas Penal Code. Texas Civil Practice and Remedies Code Section 41.003(b) provides: "The claimant must prove by clear and convincing evidence the elements of exemplary damages as provided by this section. The burden of proof may not be shifted to the defendant or satisfied by evidence of ordinary negligence, bad faith, or a deceptive trade practice." To the extent Plaintiff is relying on violations of the Texas theft statutes to demonstrate Defendant's alleged fraud or malice, Plaintiff must first establish that the elements of intent under these statutes are the equivalent of fraud or malice as set forth in Section 41.003(a).

With respect to criminal theft under Texas Penal Code Section 31.03, that section requires only that one appropriate property "with the intent to deprive the owner of property." The element of intent in connection with the tort of conversion requires only that the defendant have intended to assert some right in the property allegedly converted. *White-Sellie's Jewelry Co. v. Goodyear Tire & Rubber Co.* (1972, Tex.Civ.App. Houston) 477 S.W.2d 658. Neither the tort of conversion or the Texas theft statute require a showing of fraud or malice on the part of the defendant. Therefore, the mere violation of Section 31.03 would not constitute evidence of fraud or malice for purposes of supporting a claim for exemplary damages.

Section 134.002 of the Texas Civil Practice and Remedies Code defines a theft as "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03...Penal Code." This leads back to the same element of intent discussed above and offers no

additional basis for claiming that a violation of Section 134.002 is the equivalent of fraud or malice for purposes of supporting a claim for exemplary damages.

Absent a showing that violations of the Texas theft statutes would demonstrate the necessary elements of fraud or malice for purposes of a claim for exemplary damages, the Texas theft statutes become irrelevant and the mention of said statutes or the implication that Defendant violated either stataute would be prejudicial to the Defendant and evidence thereof should, under such circumstances, be barred.

2. **EVIDENCE OF THE AMOUNT OF EXEMPLARY DAMAGES, IF ANY, SHOULD BE ALLOWED ONLY AFTER THE TRIER OF FACT FIRST FINDS THAT DEFENDANT IS LIABLE FOR COMPENSATORY AND PUNITIVE DAMAGES**

Texas Civil Practice and Remedies Code, Section 41.004 provides as follows:

"(a)   Except as provided by Subsection (b), exemplary damages may be awarded only if damages other than nominal damages are awarded.

(b)   A claimant may recover exemplary damages, even if only nominal damages are awarded, if the claimant establishes by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from malice as defined in Section 41.001(7)(A)..."

Based on the foregoing, Plaintiff should be barred from presenting any evidence regarding the amount of exemplary damages, if any, to be awarded, including any evidence of the Defendant's net worth, until the trier of fact has first determined that (a) Plaintiff is entitled to other than nominal damages or (b) if only nominal damages are awarded, that Defendant has

acted with malice as defined by Section 41.001(7)(A) of Texas Civil Practice and Remedies Code. This result may be achieved, in the alternative, by bifurcating the trial into two phases: (1) in the first phase, the trier of fact shall determine liability for compensatory and punitive damages and the amount of compensatory damages, and (2) in the second phase, if liability for exemplary damages is established in the first phase, the trier of fact shall determine the amount of exemplary damages to be awarded, if any. Pursuant to FRCP Rule 42(b), the Court has discretion to order a separate trial on any issue in the furtherance of convenience or to avoid prejudice. Trying the liability issue first may render unnecessary any trial of the damage issues if liability is resolved in the Defendant's favor. *Rosales v. Honda Motor Co., Ltd.*, 726 2d 259, 261 (5th Cir. 1984). In the absence of a finding that Defendant acted with fraud or malice and is liable to Plaintiff for exemplary damages, it would be inconvenient and time consuming to present evidence, including that of expert witnesses, on the issue of the amount of exemplary damages and, in addition, evidence of the Defendant's profits and financial condition, in the absence of such a finding, might result in unwarranted prejudice against the Defendant.

     For all of the foregoing reasons, Defendant respectfully requests that the Court issue an order as follows: (1) precluding any reference to alleged violations by Defendant of Section 134.001, et seq. of the Texas Civil Practice and Remedies Code (Texas Theft Liability Act) and Section 31.03 of the Texas Penal Code, unless and until Plaintiff establishes to the court as a matter of law that the intent element required under either of these statutes is the same as the elements of "fraud" or "malice" as required for the recovery of exemplary damages by Texas Civil Practice and Remedies Code Section 41.003(a); (2) precluding any evidence at trial regarding the amount of punitive damages, if any, to be awarded Plaintiff, including evidence of the profits or financial condition of the Defendant, until the trier of fact has first made a finding

that Defendant is liable to Plaintiff for exemplary damages or, the alternative, that the court bifurcate the trial on the issue of liability (to be tried first) and damage (to be tried second, if necessary).

March 21, 2003.

                            Respectfully submitted,
                            **JSW PLASTICS MACHINERY, INC.,**
                            **Defendant**

By: _____
                            DAVID C. GARZA
                            State Bar ID No. 0731400
                            FEDERAL ID #3778
                            GARZA & GARZA, L.L.P.
                            680 East St. Charles, Suite 300
                            P.O. Box 2025
                            Brownsville, Texas 78522-2025
                            Tel: (956) 541-4914; Fax: (956) 542-7403
                            Attorney-in-Charge for JSW Plastics, Inc.,

JAMES J. REGAN
CAL. SBN 80576
REGAN ♦ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988; Fax: (310) 318-5894