IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § | |
| JSW PLASTICS MACHINERY, INC., | § § § | |
| Defendant. | § § § | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 3
TO BAR PLAINTIFF FROM PRESENTING ANY EVIDENCE AT TRIAL REGARDING
JAPAN STEEL WORKS AMERICA OR OTHER COMPANY OR CORPORATION OF
WHICH DEFENDANT MAY BE A SUBSIDIARY**

Defendant JSW Plastics Machinery, Inc. ("Defendant") asks the court to exclude any evidence at trial regarding Japan Steel Works America, Inc. ("JSWA") or any parent corporation of Defendant or any other corporation of which Defendant may be a division or subsidiary. The grounds for this motion are as follows: On February 27, 2003, the Court entered its Order granting Defendant Japan Steel Works America, Inc.'s Motion for Summary Judgment finding that Plaintiff Exel Bobbins and Plastic Components, Inc.'s ("Plaintiff") First Amended Original Complaint had no merit as to JSWA in that Plaintiff was unable to raise a genuine issue of material fact that JSWA was the parent corporation of Defendant or that JSWA was otherwise liable to Plaintiff as the alter ego of Defendant. Prior to this Court's Order, Plaintiff espoused a

c:\dcg\c\JSW\Motion-In-Limine3

1

theory on causes of action for fraud and fraudulent inducement, negligent misrepresentation and conversion that JSWA, as the parent company of Defendant, was liable to Plaintiff with respect to these torts. Plaintiff subsequently filed its Second Amended Original Complaint solely for Breach Of Contract and Conversion and which does not contain any allegations as against JSWA or any other entity as the parent corporation of Defendant.

The granting of a motion for summary judgment terminates the action without trial and deprives the losing party of the right to jury. *Colello v. United States Sec. & Exh. Comm'n*, 908 F.Supp. 738, 747 (CD CA 1995). Plaintiff's meritless claim against JSWA has been adjudicated against it. The only remaining causes of action are for Breach of Contract and Conversion as against Defendant only.

For all of the foregoing reasons, Defendant respectfully requests that the Court issue an order precluding any evidence at trial regarding JSWA or any other company of which Defendant may be a division or subsidiary.

Dated: March 21, 2003.

                                                Respectfully submitted,
                                                **JSW PLASTICS MACHINERY, INC.**
                                                **Defendant**

By: _____
                                                DAVID C. GARZA
                                                State Bar ID No. 0731400
                                                FEDERAL ID #3778
                                                GARZA & GARZA, L.L.P.
                                                680 East St. Charles, Suite 300
                                                P.O. Box 2025
                                                Brownsville, Texas 78522-2025
                                                Tel: (956) 541-4914; Fax: (956) 542-7403
                                                Attorney-in-Charge for JSW

                                                JAMES J. REGAN

CAL. SBN 80576
REGAN ◆ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988; Fax: (310) 318-5894