IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § | CIVIL ACTION NO. B-01-148 |
| Plaintiff, | § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § | |
| JSW PLASTICS MACHINERY, INC., | § | <u>MOTION TO COMPEL DISCOVERY</u> DATE: APRIL 15, 2003 |
| Defendant. | § | TIME: 1:30 P.M. |

---

**DEFENDANT JSW-PLASTIC MACHINERY INC.'S STATUS REPORT
RE PLAINTIFF'S MOTION TO COMPEL**

---

The purpose of this report is to advise the court of defendant JSW-PMI's efforts to resolve, or at least narrow, the issues in dispute with regard to plaintiff Exel Bobbins and Plastic Components, Inc.'s ("Exel Bobbins") Motion to Compel Production of Documents by defendant JSW Plastics Machinery, Inc. ("JSW-PMI"). JSW-PMI worked diligently, but in rendering this report to the court, Defendant does not waive any of its prior contentions and/or objections.

Following the hearing of February 27, 2003, before this court, the parties had the following communication:

1.   "<u>V. Garza to Regan</u>" dated March 11, 2003 and attached as Exhibit 1: This letter attempts to narrow disputed requests to Nos. 1, 4-6, 10, 14, 15, 18, 19, 21, 23, 26, 27, 36, 37, 40, 42 and 44.

2.   "<u>Regan to V. Garza</u>" dated March 24, 2003 and attached as Exhibit 2: Responds to Nos. 1, 9, 10,14, 15, 26, 36, 37 and 41. Further, as to request Nos. 4-6, 21 and 44,

1

5セ

these refer to confidential JSW-P.I. quarterly meetings which do not reference Exel Bobbins.

3.    "Regan to V. Garza" letter dated April 2, 2003 and attached as Exhibit 3: Responds to Nos. 29, 34 (JSW-P.I.'s response was to advise Exel Bobbins Partner John Annoreno has documents responsive to this request and it is subject of a lawsuit in Illinois), 35 and 42

4.    "David Garza to Viola Garza" letter dated April 3, 2003, and attached to this report as Exhibit 4: Suggests that plaintiff's Motion to Compel at pg. 1 and 2 contains three sub-parts and that sections 2 and 3 appear to be answered.

If the court were to view plaintiff Exel Bobbins' original motion which was broken down into three sub Parts, it is submitted that Parts 2 and 3 appear to be resolved. The remaining section in dispute considers Part 1.    Within Part 1, plaintiff requested further answers to certain special interrogatory Nos. 4-6 (JSW-PMI quarterly meeting notes, minutes and agendas), No. 8 (JSW-PMI accounts past due from 1998 to present), No. 21 (JSW-PMI quarterly meeting of sales manager and No. 44 (JSW-PMI quarterly meetings - any matter relevant to Exel Bobbins). As to remaining requests, defendant contends these have been resolved.

JSW-PMI contends these documents are not relevant to the subject proceeding and constitute trade secrets. JSW-PMI has a further genuine concern that during the deposition of Exel Bobbins' President Steven Becker, he made statements which reflect his extreme animosity toward JSW-PMI Notwithstanding the above, if the court is not persuaded by JSW-PMI's prior position, then JSW-PMI requests it conduct an in-camera production.   If the court requires the documents to be disclosed, then JSW-PMI be permitted to prepare a Non-Disclosure and Confidentiality Agreement wherein documents produced could only be viewed by plaintiff's attorneys and experts.

2

Dated: April 14, 2003

Respectfully submitted,

By:_____

DAVID C. GARZA
SBN 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax: (956) 542-7403
Attorney-in-Charge for JSW Plastics
Machinery, Inc.

JAMES J. REGAN
CAL. SBN 80576
REGAN ◆ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **JSW PLASTIC'S MACHINERY INC.'S STATUS REPORT RE PLAINTIFF'S MOTION TO COMPEL** have been served on attorneys of records to the following addresses on this / 4/ day of April, 2003.

John R. Griffith                                    Via Fax: (956) 971-9451
Viola G. Garza
GRIFFITH, HILL & OCHOA, LLP
One Park Place
100 Savannah Avenue, Suite 500
McAllen, Texas 78503

Moises M. Salas, Jr.                                Via Fax: (956) 982- 0601
LAW OFFICES OF MOISES M. SALAS JR.
847 East Harrison
Brownsville, Texas 78520

DAVID C. GARZA

---

JSW PLASTIC MACHINERY, INC.'S CERTIFICATE OF SERVICE

c:\dcg\cf\JSW\certificate-of-service5

**ATTACHMENT 1**

# GRIFFITH, HILL & OCHOA, L.L.P.

### ATTORNEYS AT LAW

VIOLA G. GARZA

ONE PARK PLACE
100 SAVANNAH, SUITE 500
MCALLEN, TEXAS 78503
956/971-9446
FAX/971-9451

March 11, 2003

*Via Telefax No.(310) 318-5894*
James J. Regan
**REGAN BRAUN LAW OFFICES**
2522 Artesia Boulevard
Redondo Beach, CA 90278

Re:     *Cause No. B-01-148; Excel Bobbins and Plastic Components, Inc, v. JSW Plastics Machinery, Inc., et. al.; In the U.S. District Court for the Southern District of Texas, Brownsville Division*

Dear Jim:

You and I have been playing phone tag lately regarding Plaintiff's Motion to Compel Defendant's Responses to Request for Production. I thought if I put down in writing the specific issues I would like to address, it may be easier for us to reach an agreement.

Request for Production No. 1: You have indicated that all documents have been previously produced. Please identify those documents you believe are responsive.

Request for Production No. 4: Regarding notes for the quarterly meeting for JSW Plastics, I believe that Dennis Pochstek and Jerry Johnson both testified in their deposition that there are notes from the quarterly meetings and there were occasions when Exel and/or JSW cash flow problems was discussed during the meetings.

Request for Production No. 5: Again, any writing that would reflect the subject matter of the quarterly meetings of JSW Plastics Machinery, Inc., we would like produced.

Request for Production No. 6: Again, agendas related to the quarterly meetings, we would like produced.

Request for Production No. 10: Indicates a request for the entire file of JSW Plastics. You have answered that these documents were previously produced. I would just like you to respond that the entire JSW Plastics Machinery, Inc. file with regard to Exel Bobbins has been produced.

Mr. James Regan
March 11, 2003
Page 2

Request for Production No. 14: I would like you to identify which documents you believe are responsive.

Request for Production No. 15: Again, I would like you to identify which documents you believe are responsive.

Request for Production No. 18: If there are any policies or procedures of JSW which were implemented in relation to JSW's business dealings with Exel Bobbins, we would like those produced.

Request for Production No. 19: What we are specifically looking for is any telephone records which would reflect the two telephone conferences with JSW and Sunbeam-Oster.

Request for Production No. 21: Again, we are requesting any and all documents which would contain information regarding the quarterly meetings of the sales managers for JSW where Exel or cash flow problems were discussed.

Request for Production No. 23: We would like a list which would reflect the inventory of JSW Plastics Machinery, Inc.

Request for Production No. 26: If you have a copy of the UCC for the State of Illinois which requires all business owners to sign the UCC form, please provide it.

Request for Production No. 27: Please provide any policies and procedures of JSW Plastics regarding extensions of line of credit to customers.

Request for Production No. 36: Please identify those documents which you believe are responsive.

Request for Production No. 37: Please identify those documents which you believe are responsive.

Request for Production No. 40: Please produce any documents, memos and e-mails issued by Fumio Hiriyama related to JSW Plastics' cash flow problems.

Request for Production No. 42: Please let me know whether or not you have been able to locate any documents.

Request for Production No. 44: Again, please produce any and all documents.

Mr. James Reyan
March 11, 2003
Page 3

Jim, as you probably noted, most of the Request for Production that we would like a response to are related to the quarterly meetings of JSW which Dennis Pochatek and Jerry Johnson testified about during their depositions. Please let me know if you have any problems with producing these documents. Finally, we are willing to enter into a protective order regarding any documents produced. If you would like to draft something for my review, please do so upon production of the documents, or if you feel more comfortable, prior to the production of the documents.

Further, I understand that the deposition of Dean Hall is scheduled for March 21, 2003. A deposition notice will be going out this afternoon. Finally, we need to firm up the date for the deposition of Richard Cortez and I understand that you are working that out with John.

Should you have any questions or require further information, please feel free to contact me.

Very truly yours,

GRIFFITH, HILL & OCHOA, L.L.P.

Vick G. Garza

VGG:clo

**ATTACHMENT 2**

# REGAN • BRAUN
### L A W   O F F I C E S

JAMES J. REGAN, PARTNER
MICHAEL S. BRAUN, PARTNER
MICHAELANNE CAHILL
ROBERT A. LOGAN
SHEILA WALSH
GENE A. WILKER

2522 ARTESIA BOULEVARD, SUITE 200
REDONDO BEACH, CALIFORNIA 90278
TEL: (310) 372-1988
FAX (310) 318-5894
E-MAIL: jregan@reganlaw.com
www.reganlaw.com

OF COUNSEL
ARTHUR W. FRANCIS, JR.
A PROFESSIONAL CORPORATION
DONALD L. PRICHARD
FRANK D. RORIE

March 24, 2003

VIA FAX: (956) 971-9451
Viola G. Garza, Esq.
Griffith, Hill & Ochoa, L.L.P.
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503

Re:    JSW Plastics Machinery, Inc. adv. Exel Bobbins
       Texas Southern District
       Civil Action No.: B-01-148

Dear Ms. Garza:

In a good faith effort to at least partially resolve the current dispute regarding the response of JSW Plastics Machinery, Inc. ("JSW-PMI") to Exel Bobbins and Plastics Machinery, Inc.'s Request for Production served on or about December 19, 2002, and which is the subject of Exel's current Motion to Compel Production which has been opposed by JSW-PMI (and which motion has yet to have been ruled upon by the Court), I offer on behalf of JSW-PMI the following further responses.

## 1.    DOCUMENTS PREVIOUSLY PRODUCED

In response to the following requests for production, Defendant responded that responsive documents had previously been produced. The following further responses are provided in order to assist you in identifying the previously produced documents, if any.

### Request for Production Nos. 1 and 9 (these requests are identical and are treated as one request):

Please produce any and all documents forwarded by JSW to U.S. Bank Corp. regarding Exel Bobbins and Plastics Components.

### Response:

JSW-PMI has made a reasonable search and has not been able to locate any documents which would be responsive to this request.

### Request for Production No. 10:

Please produce the entire file of JSW Plastics Machinery, Inc. with regard to Exel Bobbins.

1

**Response**:

These documents were previously produced to Plaintiff pursuant to Plaintiff's first set of requests for production and at the depositions of Dennis Pochatek and Jerry Johnson.

### Request for Production No. 14:

Please produce any and all documents from JSW Plastics Machinery, Inc requesting written confirmation from Exel Bobbins and Plastic Components regarding any business which Sunbeam-Oster would be giving to Exel Bobbins and Plastic Components.

**Response**

These documents were previously produced to Plaintiff:

(1)   Letter dated March 29, 2001, from JSW-PMI (Dennis J. Pochatek) to Exel (Steve Becker. (Plaintiff Exhibit 10, Deposition of Dennis Pochatek taken October 10, 2002)

### Request for Production No. 15:

Please produce any and all correspondence to Steve Becker relating to giving Steve Becker notice that if he did not pay on the JSW 385, they would not be forwarding any other machines.

**Response**:

Assuming that "they" refers to JSW-PMI, the following documents have previously been produced to Plaintiff:

(1) Letter dated February 29, 2000, from JSW-PMI (Jerry Johnson) to "To Whom It May Concern" (with and without interlineations by Steve Becker) (Plaintiff Exhibit 7, Deposition of Dennis Pochatek taken October 10, 2002).

(2) Letter dated January 30, 2001 from JSW-PMI (Jerry Johnson) to Exel (Steve Becker)(Plaintiff Exhibit 6, Deposition of Dennis Pochatek taken October 10, 2002).

(3) Letter dated March 22, 2001, from JSW-PMI (Dennis J. Pochatek) to Exel (John Annoreno and Steve Becker) (Plaintiff Exhibit 15, Deposition of Dennis Pochatek taken October 10, 2002).

(4) Letter dated May 10, 2001, from JSW-PMI (Jerry Johnson) to Exel (Steve Becker).

(5) Letter dated June 13, 2001, from Regan◆Braun Law Offices (James J. Regan) to Exel (Steve Becker).

(6) Letter dated July 13, 2001, from Regan◆Braun Law Offices (James J. Regan) to Exel (Steve Becker), read, agreed and approved by Steve Becker..

**Request for Production No. 26**:

Please produce a copy of the U.C.C. for the State of Illinois which would require that all owners of a business to sign the U.C.C. form prior to the release of a machine to a purchaser

**Response**:

The responding party does not have in its possession or control a form UCC-1 containing pre-printed terms which would be responsive to this request However, see letter dated March 23, 2001, JSW-PMI (Dennis Pochatek) to "Steve" (previously produced to Plaintiff).

**Request for Production No. 36**:

Please produce any and all correspondence to Steve Becker and/or John Annoreno from Jerry Johnson requesting that both sign the U.C.C. forms for the JSW "500" and JSW "110".

**Response**:

JSW-PMI has made a reasonable search and has not been able to locate any documents which would be responsive to this request

**Request for Production No. 37**:

Please produce any and all correspondence from Dennis Pochatek to Steve Becker regarding the shipment and/or delivery of JSW machinery to Exel Bobbins and Plastic Components.

**Response**:

These documents were previously produced to Plaintiff:

(1) Letter dated March 19, 2001 from JSW-PMI (Dennis Pochatek) to Exel (Steve Becker) (Plaintiff Exhibit 10, Deposition of Dennis Pochatek taken October 10, 2002).

(2) Letter dated March 21, 2001, from JSW-PMI (Dennis Pochatek) to Exel (Steve Becker) (Plaintiff Exhibit 19, Deposition of Dennis Pochatek taken October 10, 2002).

(3) Fax dated March 21, 2001 from JSW-PMI (Dennis Pochatek) to Exel (Steve Becker) with enclosure.. (Plaintiff Exhibit 19, Deposition of Dennis Pochatek taken October 10, 2002).

(3) Letter dated March 22, 2001, from JSW-PMI (Dennis J. Pochatek) to Exel (John Annoreno and Steve Becker) (Plaintiff Exhibit 15, Deposition of Dennis Pochatek taken October 10, 2002).

(4) Letter dated March 23, 2001, JSW-PMI (Dennis Pochatek) to "Steve."

3

**Request for Production No. 41**:

Please produce any and all documents which evidence that Jerry Johnson sent to Exel Bobbins and Plastics Components the U.C.C. Forms for the JSW "110" and "JSW" 500 for signature.

**Response**:

These documents were previously produced to Plaintiff:

(1) April 2, 2001, Form UCC-1 for Machine Model J500E2, Exel Bobbins & Plastic Comp. (Debtor), JSW Plastics Machinery, Inc. (Secured Party), executed by Steve Becker.

(2) April 2, 2001, Form UCC-1 for Machine Model J110E2, Exel Bobbins & Plastic Comp. (Debtor), JSW Plastics Machinery, Inc. (Secured Party), executed by Steve Becker.

## 2.    FURTHER RESPONSE TO REQUESTS

### Request Nos. 4, 5, 6, 21 and 44

I have examined the documents regarding JSW-PMI's quarterly meetings and they do not contain any references to Exel Bobbins Plastic Machinery, Inc. or Exel Plastics and are therefore irrelevant and their production is not reasonably calculated to lead to the discovery of admissible evidence in this litigation within the meaning of FRCP 26(b)(1).

Sincerely,

JAMES J. REGAN

JJR/cm
c:    David Garza, Esq.
     Fumio Hirayama, President
     JSW Plastics Machinery, Inc.

## *FAX COVER SHEET*

**Regan Braun Law Offices**
**2522 Artesia Boulevard**
**Suite 200**
**Redondo Beach, California 90278**

**(310) 372-1988 ○ Fax: (310) 318-5894**

This message is intended only for the person or firm to whom it is addressed. It is confidential and may contain privileged information. Any dissemination or copying of this message and/or attachments by others is prohibited by law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, please notify us immediately by telephone, and destroy this message and any attachments.

TO:          Viola G. Garza, Esq.
             Griffith, Hill & Ochoa, L.L.P.

FAX NO.:     (956) 971-9451

FROM:        James J. Regan, Esq.

DATE:        March 25, 2003

SUBJECT:     JSW Plastics Machinery, Inc. adv. Exel Bobbins

This transmission is ⟨05⟩ pages, including this cover sheet. If you do not receive entire transmission, please contact our office at (310) 372-1988.

*Please call Carmen if there is any problem with the transmission.*

TRANSMISSION VERIFICATION REPO.

TIME : 03/25/2003 17:55

| | |
|---|---|
| DATE,TIME | 03/25 17:53 |
| FAX NO./NAME | 19569719451 |
| DURATION | 00:01:27 |
| PAGE(S) | 05 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

**ATTACHMENT 3**

# REGAN • BRAUN
### LAW OFFICES

JAMES J. REGAN, PARTNER
MICHAEL S. BRAUN, PARTNER
MICHAELANNE CAHILL
ROBERT A. LOGAN
SHEILA WALSH
GENE A. WILKER

2522 ARTESIA BOULEVARD, SUITE 200
REDONDO BEACH, CALIFORNIA 90278
TEL: (310) 372-1988
FAX: (310) 318-5894
E-MAIL: jregan@reganlaw.com
www.reganlaw.com

OF COUNSEL

ARTHUR W. FRANCIS, JR.
A PROFESSIONAL CORPORATION
DONALD L. PRICHARD
FRANK D. RORIE

April 2, 2003

**VIA FAX: (956) 971-9451**
Viola G. Garza, Esq.
Griffith, Hill & Ochoa, L.L.P.
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503

Re:   JSW Plastics Machinery, Inc. adv. Exel Bobbins
Texas Southern District
Civil Action No.: B-01-148

Dear Ms. Garza:

In a good faith effort to at least partially resolve the current dispute regarding the response of JSW Plastics Machinery, Inc. ("JSW-PMI") to Exel Bobbins and Plastics Machinery, Inc.'s Request for Production served on or about December 19, 2002, and which is the subject of Exel's current Motion to Compel Production which has been opposed by JSW-PMI (and which motion has yet to have been ruled upon by the Court), I offer on behalf of JSW-PMI the following further responses.

## Response to Section II, Paragraph 3 of Plaintiff's Motion to Compel

In response to the following requests for production, and without waiving any objections previously asserted and incorporating said objections herein by reference, the following further responses are provided in order to further assist you in resolving the current discovery dispute.

### REQUEST FOR PRODUCTION NO. 29:

Please produce a copy of any and all pleadings in any lawsuits in which JSW Plastics Machinery, Inc has been sued under the same or similar circumstances as the lawsuit made the basis herein.

### Response:

JSW-PMI has made a reasonable search and has not been able to locate any documents which would be responsive to this request.

### REQUEST FOR PRODUCTION NO. 34:

Please produce any and all documents which reflect the sale of each JSW machine to John Annoreno or Exel Plastics, Inc.

### Response:

Objection. Not relevant to this action. Also, John Annoreno has equal access to these documents.

1

Plaintiff's Motion in Limine No. 4 is "to exclude any discussions on any machines purchased by Exel Plastics" which suggests this information is neither needed nor relevant.

Finally, during the relevant time period of January 1, 2001 through June 1, 2001, there was one machine sold to Exel Plastics (ie. J310 Press). Exel Plastics was late on the payment and has refused to pay. Moreover, there is pending litigation between JSW-PMI and Exel Plastics over Exel's failure / refusal to make timely payments. In this litigation, there has been an agreement not to inquire into facts covered by other litigations.

However, if dispute persists, please advise immediately and no later than April 7, 2003.

**REQUEST FOR PRODUCTION NO. 35**:

Please produce any and all documents which evidence or reflect that John Annoreno and/or Exel Plastics, Inc. submitted purchase orders to JSW for machinery and then refused to take delivery of same.

**Response**:

JSW-PMI has made a reasonable search and has not been able to locate any documents which would be responsive to this request.

**REQUEST FOR PRODUCTION NO. 42**:

Please produce any and all documents, including but not limited to Jerry Johnson's "Daytimer" or "Calendar", which evidence efforts to meet with John Annoreno to obtain his signature on the U C C forms for the JSW "110" and JSW "500".

**Response**.

JSW-PMI has made a reasonable search and has not been able to locate any documents which would be responsive to this request.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

JAMES J. REGAN

cc. David Garza, Esq.

Fumio Hirayama, President
JSW Plastics Machinery, Inc.

JJR/uds

## *FAX COVER SHEET*

**Regan Braun Law Offices**
**2522 Artesia Boulevard**
**Suite 200**
**Redondo Beach, California 90278**

**(310) 372-1988 ○ Fax: (310) 318-5894**

This message is intended only for the person or firm to whom it is addressed. It is confidential and may contain privileged information. Any dissemination or copying of this message and/or attachments by others is prohibited by law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, please notify us immediately by telephone, and destroy this message and any attachments.

| | |
|---|---|
| TO: | Viola G. Garza, Esq. |
| | Griffith, Hill & Ochoa, L.L.P. |
| FAX NO.: | (956) 971-9451 |
| FROM: | James J. Regan, Esq. |
| DATE: | April 2, 2003 |
| SUBJECT: | JSW Plastics Machinery, Inc. adv. Exel Bobbins |

This transmission is __03__ pages, including this cover sheet. If you do not receive entire transmission, please contact our office at (310) 372-1988

*Please call Ursula if there is any problem with the transmission.*

TRANSMISSION VERIFICATION REPORT

TIME : 04/02/2003 17:51

| DATE.TIME | 04/02 17:50 |
|-----------|-------------|
| FAX NO./NAME | 13563719451 |
| DURATION | 00:00:53 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
|  | ECM |

**ATTACHMENT 4**

*GARZA & GARZA, L.L.P.*
*Attorneys at Law*
*A Partnership of Professional Corporations*
*680 East St. Charles, Suite 300*
*P. O. Box 2025*
*Brownsville, Texas 78522-2025*
*Telephone: (956) 541-4914*
*Fax. (956) 542-7403*

*Reynaldo G. Garza, Jr., P.C.*                                              *David C. Garza, P.C.*

April 3, 2003

Viola G. Garza                          *Via Fax: (956) 971-9451*
GRIFFITH, HILL & OCHOA LLP
One Park Place
100 Savannah Avenue, Suite 500
McAllen, Texas 78503

> Re:   *Exel Bobbins and Plastic Components, Inc., Plaintiff*
>       *v.*
>       *JSW Plastics Machinery, Inc., Defendant*
>       United States District Court
>       Southern District of Texas
>       Brownsville Division
>       Civil Action No. B-01-148

Dear Viola:

As you know a hearing is scheduled for Tuesday, April 15th on the pending motions. We assume that what would be heard would be the Defendant's motion for summary judgment and the Plaintiff's motion to compel, if anything is still unresolved.

We anticipate that the motions in limine would be heard closer to the trial date or at the final pretrial on May 19th. As you know we had requested the court at the last hearing to allow Jim Regan to participate by phone. I will be asking the court for this again. I assume you have no opposition to it. I will send the Judge a letter.

This letter also wants to address your motion to compel and try to narrow the issues. I have reviewed your motion to compel again. On pages 1 and 2 under section 2 you set out three paragraphs with various requests and what you want. As it pertains to your paragraph 2, on page 2, I believe those have been fully addressed by Mr. Regan's letter to you dated March 24, 2003. As it pertains to paragraph 3 on page 2, I believe all those have been addressed by Mr. Regan in his letter to you of April 2, 2003. If I am correct then the only thing that is still pending is your request for information set out under paragraph 1 on page 1 of your motion to compel. If so, are there any of these that you are willing to withdraw? If so, let us identify what is still pending and

c \deg\eNSW\Viola-Garza-Let2

Viola G. Garza
GRIFFITH, HILL & OCHOA, LLP
April 3, 2003
Page 2


try to resolve those. As I told you, I was provided with copies of sales meetings and minutes. As Jim's letter of March 24th pointed out there is nothing in there involving Exel. I would still like to be able to resolve those. After you have a chance to review this letter, please contact me so I can coordinate a conference call among all of us and try to resolve those requests, which are still pending. Some of the foregoing I had discussed with John Griffith over the last couple of days but I understand John may be out until tomorrow or Monday so we may want to have a call when he is back.

Your office also called yesterday about the date and time for Richard Cortez' deposition. I suggested 10:30 am in McAllen at Mr. Cortez' office on May 1st.

I also acknowledge receiving from Leo Salzman yesterday his letter confirming the mediation for May 2nd.

With best wishes, I am,

Very truly yours,

David C. Garza

DCG\vr

xc:    James J. Regan            Via Fax: (310) 318- 5894
       REGAN & BRAUN
       2522 Artesia Boulevard, Suite 200
       Redondo Beach, CA 90278