Case 1:01-cv-00148   Document 56   Filed in TXSD on 04/24/2003   Page 1 of 6

56

United States District Court
Southern District of Texas
FILED

APR 2 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § | Trial Date:  May 19, 2003<br>Time:  9:00 a.m. |
| JSW PLASTICS MACHINERY, INC., | § § | Courtroom:  No. 1 |
| Defendant. | § § § | |

---

**NOTICE OF MOTION AND MOTION TO BIFURCATE TRIAL ON THE ISSUES OF LIABILITY AND DAMAGES  [FRCP 42(b)]**

---

Defendant JSW Plastics Machinery, Inc. ("JSW-PMI") hereby moves the court for an order bifurcating the trial on the issues of liability and damages so that the issues of liability for breach of contract and conversion are tried first and the issue of damages is tried second and only in the event defendant is found liable for breach of contract and/or conversion.

**I.   STATEMENT OF FACTS**

JSW-PMI is engaged in the business of manufacturing and selling plastic injection molding machines. Plaintiff Exel Bobbins and Plastic Components, Inc. ("Exel") is engaged in the business of manufacturing and selling plastic components. The court is by now familiar with the facts of this case and the contentions of the parties. For purposes of this motion, the relevant facts are that Exel Bobbins, a start-up company, entered into an agreement with JSW-PMI for the

purchase of plastic injection molding machines. In order to fund Exel Bobbins' purchases, JSW-PMI agreed to extend a line of credit to Exel Bobbins. After JSW-PMI delivered certain machines to Exel Bobbins, Exel Bobbins became delinquent in its payments. When Exel Bobbins failed to make payments as agreed to, JSW-PMI withdrew the line of credit. Exel Bobbins subsequently sued JSW-PMI on various theories, only two of which survive: (1) breach of contract and (2) conversion. The conversion cause of action involves a claim that JSW-PMI converted a deposit in the sum of $4,855.59 made by Exel Bobbins for the purchase of a machine. On its breach of contract cause of action, Exel Bobbins is seeking damages consisting almost entirely of lost profits damages which it claims are in excess of $8 million.

Both parties have designated as experts a Certified Public Accountant to testify on the issue of lost profits damages (William Abington for plaintiff, Richard Cortez for defendant). In that connection, both parties have filed (or intend to file) motions *in limine* to prevent or limit the testimony of the other party's expert and have requested (or will request) the court to hold so-called *Daubert* hearings preliminary to allowing such testimony. Both experts have prepared written reports which it is anticipated will be introduced into evidence. Both experts are expected to testify at trial and to be called for rebuttal testimony as required. The parties have also each designated an expert witness with respect to the applicable industry and its operations (Dr. Wayne Wells for plaintiff, Dean Hall for defendant) and it is anticipated that both experts will testify only in connection with the issue of damages.

II. **ARGUMENT**

    A. **Bifurcation of Issues is Authorized by FRCP 42(b)**

Bifurcation is authorized by FRCP Rule 42(b), which provides in relevant part as follows:

> "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of

any claim, cross-claim, counterclaim, or third party claim, or of any separate issues or of any number of claims..."

Bifurcation is most commonly used to separate liability and damages issues as it may accomplish "expedition and economy" by rendering unnecessary any trial of damages issues where liability issues are resolved in the defendant's favor. (*In re Paoli R.R. Yard PCB Litig.* (3rd Cir. 1997) 113 F.3d 444, 452, fn. 5; *Saxion v. Titan-C-Mfg., Inc.* (6th Cir. 1996) 86 F.3d 553, 556.) Whether to grant or deny a motion for separate trials lies within the trial court's sound discretion. (*Guedry v. Marino* (ED LA 1995) 164 FRD 181, 185.)

B.      **Bifurcation of the Issues of Liability and Damages Would Further the Purposes of FRCP 42(b)**

The factors to be considered by the court on a motion for separate trials include: (1) convenience; (2) prejudice; (3) judicial economy; (4) reducing the risk of confusion; and (5) separability of issues. (*Hirst v. Gertzen* (9th Cir. 1982) 676 F.2d 1252, 1261; *Angelo v. Armstrong World Industries, Inc.* (10th Cir. 1993) 11 F.3d 957, 964.) A consideration of each of these issues supports the bifurcation of trial as requested by JSW-PMI.

1.      **Convenience:** The convenience of both parties, their witnesses and the court would benefit from the bifurcation of liability and damages issues. The order of witnesses and proof would be known in advance of trial, assisting in the orderly conduct of the trial. Knowing in advance that expert witnesses will not be required unless liability is determined first, the parties can more accurately and effectively schedule the appearance of their percipient and expert witnesses.

2.      **Prejudice:** Neither party would be prejudiced by bifurcation of the issues of liability and damages. To the contrary, in the event JSW-PMI is found not to be liable for breach

of contract, both parties would save substantial amounts of time and money by not being required to present expert testimony on the issue of lost profits damages. The percipient witnesses who might testify regarding both liability and damages will, regardless of the court's ruling on this motion, be present throughout the court trial, which is anticipated to be of relatively short duration, and the scheduling of their damage testimony only after a finding of liability will consequently not result in any prejudice to the parties or their percipient witnesses.

3. **Judicial economy**: In the event JSW-PMI is found by the court not to be liable for breach of contract, judicial economy will be substantially advanced by completely eliminating the need of the court to consider evidence and rule on Exel Bobbins claim of lost profits damages, which would include eliminating the necessity for the court to (a) rule on mutual motions *in limine* regarding expert testimony, (b) hold so-called *Daubert* hearings on the experts' qualifications, (c) hear expert testimony on behalf of both parties, both on direct and in rebuttal, and (d) consider expert reports. The elimination of these various hearings, motions and testimony would substantially shorten the time required to try this case.

4. **Reducing the risk of confusion**: As this case is being tried without a jury, reduction of the risk of confusion is less significant as a factor. However, trying the issue of liability without concurrent evidence regarding damages would substantially reduce the amount of evidence before the court and assist the court in its determination on the issue of liability.

5. **Separability**: The issues of liability and damages are clearly separable and indeed are the most frequently bifurcated issues. (*In re Paoli R.R. Yard PCB Litig., supra;*; *Saxion v. Titan-C-Mfg., Inc., supra.*)

III. **CONCLUSION**

Based on the foregoing, JSW-PMI respectfully requests that the court order bifurcation of the issues of liability and damages.

Dated: April 24, 2003.                    Respectfully submitted,

By: _____
DAVID C. GARZA
Federal Id # 3778
SBN 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914; Fax: (956) 542-7403
Attorney-in-Charge for JSW Plastics Machinery


JAMES J. REGAN
CAL. SBN 80576
REGAN ◆ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988; Fax: (310) 318-5894

## CERTIFICATE OF CONFERENCE

I hereby certify that the undergoing spoke with the attorney for the Plaintiff on April 24, 2003. The attorney is considering the motion and what the Plaintiff's position on the motion will be. Court will be notified of same in due course.

_____
David C. Garza

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **NOTICE OF MOTION AND MOTION TO BIFURCATE TRIAL ON THE ISSUES OF LIABILITY AND DAMAGES [FRCP 42(b)]** have been served on attorneys of records to the following addresses on this 24th day of April, 2003.

| | |
|---|---|
| John R. Griffith<br>Viola G. Garza<br>GRIFFITH, HILL & OCHOA, LLP<br>One Park Place<br>100 Savannah Avenue, Suite 500<br>McAllen, Texas 78503 | Via Fax: (956) 971-9451<br>and Certified Mail/RRR<br>No. 7099 3220 0005 4623 6846 |
| Moises M. Salas, Jr.<br>LAW OFFICES OF MOISES M. SALAS JR.<br>847 East Harrison<br>Brownsville, Texas 78520 | Via Fax: (956) 982- 0601<br>and Certified Mail/RRR<br>No. 7099 3220 0005 4623 6853 |

_____
David C. Garza