6 |

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EXCEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § | Trial Date: May 19, 2003 |
| JSW PLASTICS MACHINERY, INC., | § § | |
| Defendant. | § § § | |

---

**DEFENDANT'S MOTION *IN LIMINE* NO. 5
FOR AN ORDER (1) PROHIBITING PLAINTIFF FROM INTRODUCING AT TRIAL
THE DEPOSITION TESTIMONY OF JOHN ANNORENO, GERALD JOHNSON,
DENNIS POCHATEK, AND ROBERT FEHRENBACH AND (2) PROHIBITING
PLAINTIFF FROM CALLING ROBERT FEHRENBACH AS A WITNESS;
AFFIDAVIT OF JAMES J. REGAN; PROPOSED ORDER**

---

Defendant JSW Plastics Machinery, Inc. ("Defendant") asks the court to (1) prohibit Plaintiff

Exel Bobbins and Plastic Components, Inc. ("Plaintiff") from using at trial the deposition testimony

in lieu of live testimony for other than impeachment purposes of the following witnesses: Gerald

Arthur Johnson, Dennis Pochatek and John Annoreno, and (2) prohibit Plaintiff from introducing

into evidence the testimony of Robert Fehrenbach. The grounds for this motion are set forth below.

## I.    **Summary of Facts**

Plaintiff's witness list, filed with the Joint Pretrial Order, named as witnesses, among others, John Annoreno. Plaintiff did not identify Gerald Johnson, Dennis Pochatek or Robert Fehrenbach as witnesses, stating only that Plaintiff intended to call any individuals listed as witnesses by Defendant. Defendant's witness list does not name Robert Fehrenbach. By letter dated May 9, 2003, Viola Garza, counsel for Plaintiff, for the first time advised James J. Regan, Defendant's counsel, that Plaintiff intends at trial to introduce into evidence the deposition testimony of Johnson, Pochatek, Fehrenbach and Annoreno. The letter does not set forth by page and line those portions of the depositions to be introduced, Ms. Garza stating only that page/line summaries would be forwarded to Mr. Regan "next week," i.e., the week of May 12. [Exhibit "A" to Affidavit of James J. Regan ("Regan Affidavit").] Trial in this case is scheduled to commence May 19, 2003.

## II.    **Deposition Testimony of Johnson, Pochatek and Annoreno**

FRCP 32(a)(3)((B) permits a party to use deposition testimony at trial in lieu of live testimony where the witness is at a greater distance than 100 miles from the place of trial. Defendant may require the Plaintiff to offer other parts of said deposition testimony which ought in fairness to be considered with the part introduced. (FRCP 32(a)(4).) Plaintiff has failed, however, to designate which portions of these depositions Plaintiff intends to introduce at trial and has therefore deprived the Defendant of the ability, in advance of trial, to review and select other parts of said depositions for introduction in order to put the testimony which may be used by Plaintiff in the proper context. Plaintiff's failure to timely designate its deposition testimony seriously prejudices the Defendant. As a result, Plaintiff should be barred from introducing at trial the

deposition testimony of Johnson, Pochatek and Annoreno for other than impeachment purposes unless and until Defendant has been afforded a reasonable period of time to review the deposition testimony intended to be introduced by Plaintiff and to select and introduce other portions of said deposition testimony which should be considered by the Court.

### III.    Testimony of Robert Fehrenbach

Plaintiff, in addition to failing to designate which portions of the deposition of Robert Fehrenbach it intends to introduce in evidence, has completely failed to designate Robert Fehrenbach as a witness even though Fehrenbach's deposition was taken and completed by Plaintiff on October 10, 2002, and Plaintiff has therefore had ample opportunity to make a decision regarding his value as a Plaintiff witness. This Court's Rule 16 FRCP Scheduling Order filed August 2, 2002, ordered the parties to file a Joint Pretrial Order by March 21, 2003. (Exhibit "B" to Regan Affidavit.) With leave of Court, the Joint Pretrial Order was filed on March 25, 2003. The Joint Pretrial Order was required to contain the names and addresses of the witnesses who may be called with a brief statement of the nature of their testimony. (FRCP 16(d); Rule 16.2, Local Rules of the United States District Court, Southern District of Texas and Appendix "B" thereto (Exhibit "C" to Regan Affidavit.); Judge Hilda G. Tagle's Civil Procedures, No. 8 and attached Required Contents of the Joint Pretrial Order (Exhibit "D" to Regan Affidavit.)  The Plaintiff's witness list neither named Robert Fehrenbach nor contained any  statement of the nature of the testimony of any of Plaintiff's witnesses. (Exhibit "E" to Regan Affidavit.) Plaintiff stated at the end of its witness list that Plaintiff "intends to call as witnesses any individuals listed by the Defendant on their trial witness list." Defendant's witness list does not name Robert Fehrenbach. (Exhibit "F" to Regan

FRCP 16(f) provides that if a party or party's attorney fails to obey a pretrial order, the court, upon motion or the court's own initiative, may make such orders with regard thereto as are just, including any of the orders provided in Rule 37(b)(2)(B), which includes an order "prohibiting that party from introducing designated matters in evidence." Plaintiff having failed to even name Fehrenbach as a Plaintiff witness until ten days before trial and having failed to either describe his expected testimony or designate the deposition testimony Plaintiff intends to use, Plaintiff should be prohibited from introducing Fehrenbach's testimony in evidence.

Fehrenbach is not a party to this action nor was he an officer, director or managing agent of the Plaintiff corporation within the meaning of FRCP 30(b)(6) but instead was, at all times relevant to this litigation, self-employed and acted only as a sales agent for the Plaintiff. (Fehrenbach Deposition taken October 10, 2002, 5/22-7/3; 9/6-13; 9/20-10/3; Exhibit "F" to Regan Affidavit.) As such, Fehrenbach's deposition testimony is not admissible under FRCP 32(a)(2).

For all of the foregoing reasons, Defendant respectfully requests that the Court issue an order as follows: (1) precluding Plaintiff from using at trial of the deposition testimony of Gerald Johnson, Dennis Pochatek and John Annoreno or, in the alternative, ordering the Plaintiff to provide Defendant with notice of the page and line numbers of those portions of the depositions of Gerald Johnson, Dennis Pochatek and John Annoreno at least ten (10) days prior to Plaintiff's introduction of said deposition testimony into evidence at trial, and (2) prohibiting Plaintiff from introducing the testimony of Robert Fehrenbach into evidence at trial.

Dated: May 13, 2003.

Respectfully submitted,

By: _David C. Garza_ w/P _Reynaldo Garza III_

DAVID C. GARZA
SBN 07731400
Federal ID No. 3778
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914; Fax: (956) 542-7403
Attorney-in-Charge for JSW Plastics
Machinery

JAMES J. REGAN
CAL. SBN 80576
REGAN ◆ BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988; Fax: (310) 318-5894

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT JSW PLASTICS MACHINERY, INC'S MOTION** *IN LIMINE* **NO. 5; AFFIDAVIT OF JAMES J. REGAN; [PROPOSED] ORDER** has been served on attorneys of record to the following addresses on this the ___14th___ day of May, 2003:


John R. Griffith                                      **VIA U.S. MAIL AND**
Viola G. Garza                                        **VIA FAX (956) 971-9451**
GRIFFITH, HILL & OCHOA, LLP
One Park Place
100 Savannah Avenue, Suite 500
McAllen, TX 78503


Moises M. Salas, Jr.                                  VIA ~~U.S. MAIL AND~~ *HAND DELIVERY*
LAW OFFICES OF MOISES M. SALAS, JR.    ~~VIA FAX (956) 982-0601~~
847 East Harrison
Brownsville, TX 78520


David C. Garza  w/p.

Reynaldo Garza

David C. Garza

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § | |
| JSW PLASTICS MACHINERY, INC., | § § | |
| Defendant. | § § § | |

---

## AFFIDAVIT OF JAMES J. REGAN IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 5 FOR AN ORDER (1) PROHIBITING PLAINTIFF FROM INTRODUCING AT TRIAL THE DEPOSITION TESTIMONY OF JOHN ANNORENO, GERALD JOHNSON, DENNIS POCHATEK, AND ROBERT FEHRENBACH AND (2) PROHIBITING PLAINTIFF FROM CALLING ROBERT FEHRENBACH AS A WITNESS

---

Before me, the undersigned notary public, personally appeared James J. Regan, who, after being duly sworn, declares the following under penalty of perjury under the laws of the United States:

1.      My name is James J. Regan, I am over the age of twenty-one and I submit this Affidavit in support of defendant JSW Plastics Machinery, Inc.'s **Defendant's Motion *in Limine* No. 5 for an Order (1) Prohibiting Plaintiff from Introducing at Trial the**

**Deposition Testimony of John Annoreno, Gerald Johnson, Dennis Pochatek, and Robert Fehrenbach and (2) Prohibiting Plaintiff from Calling Robert Fehrenbach as a Witness.**

2.      I am an attorney duly licensed to practice law in all courts of the State of Texas and in the United States District Court, Southern District of Texas. I am one of the attorneys primarily responsible for representing the Defendant JSW Plastics Machinery, Inc. in the above-captioned action and am familiar with the action.  I have personal knowledge of the facts set forth herein and if called upon to do so, I could and would competently testify to the matters set forth in this Affidavit.

3.      On May 9, 2003, I received via facsimile a letter addressed to me from Viola G. Garza, attorney for Plaintiff Exel Bobbins and Plastic Components, Inc. Attached hereto as EXHIBIT A is a true and correct copy of said letter.

4.      Attached hereto as Exhibit "B" is a true and correct copy of the Rule 16 FRCP Scheduling Order filed August 2, 2002.

5.      Attached hereto as Exhibit "C" is a copy of Rule 16.2, local Rules of the United States District Court, Southern District of Texas.

6.      Attached hereto as Exhibit "D" is a true and correct copy of Procedure No. 8 and Required Contents of the Joint Pretrial Order from Judge Hilda J. Tagle's Civil Procedures.

7.      Attached hereto as Exhibit "E" is a true and correct copy of Plaintiff's Witness List served by Plaintiff on Defendant as part of the parties' Joint Pretrial Order.

8.      Attached hereto as Exhibit "F" is a true and correct copy of the Defendant's Witness List filed as part of the parties' Joint Pretrial Order.

9.   I attended the deposition of Robert Fehrenbach taken in this case on October 10,

2002.  Attached hereto as Exhibit "G" are true and correct copies of those portions of the

deposition transcript referred to in Defendant's Motion *In Limine* No. 5.

Executed this __*15*__ day of May 2003, at Redondo Beach, California.

James J. Regan

## NOTARY ACKNOWLEDGMENT

State of California          )    ss.
County of                    )

On May  _13_ , 2003, before me _MichaelAnne Cahill_ , [name of notary]

personally, appeared JAMES J. REGAN personally known to me (or proved to me on the basis

of satisfactory evidence) to be the person whose name is subscribed to the within instrument and

acknowledged to me that she/he executed the same in her/his authorized capacity, and that by

her/his signature on the instrument the person, or the entity upon behalf of which the person

acted, executed this instrument.

WITNESS my hand and official seal.

Signature _Michaellane Cahill_

(SEAL)

MICHAELANNE CAHILL
Commission # 1312256
Notary Public - California
Los Angeles County
My Comm. Expires Jul 5, 2005

# EXHIBIT A

# GRIFFITH, HILL & OCHOA, L.L.P.
### ATTORNEYS AT LAW

**ONE PARK PLACE**
100 SAVANNAH, SUITE 500
MCALLEN, TEXAS 78503
956/971-9446
FAX/971-9451

VIOLA G. GARZA

May 9, 2003

**Via Telefax No. (310) 318-5894**
James J. Regan
Lorne Lilienthal, Regan & Braun Law Offices
2522 Artesia Blvd., Suite 200
Redondo, CA 90278

> **Re:** *Cause No. B-01-148; Excel Bobbins and Plastic Components, Inc. v. JSW Plastics Machinery, Inc., et. al.; In the U.S.ates District Court for the Southern District of Texas, Brownsville Division*

Dear Mr. Regan:

Pursuant to our conversation of earlier this week, please be advised that at this time we intend to use the depositions of Gerald Arthur Johnson, Dennis Pochatek, Robert Ferenbach and John Anoreno at the time of trial. We are working on the page line summaries and the same will be forwarded to you next week.

Should you have any questions or require further information, please feel free to contact me.

Very truly yours,

GRIFFITH, HILL & OCHOA, L.L.P.

Viola G. Garza

VGG:clo

cc:   David C. Garza   -   *Via Telefax No. (956) 362-7403*

# EXHIBIT B

20

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 0 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

EXEL BOBBINS AND PLASTIC
COMPONENTS, INC.

VS

           C.A. NO. B-01-148

JSW PLASTICS MACHINERY, INC.


## RULE 16, F.R.C.P. SCHEDULING ORDER

The following schedule will control the disposition of this case unless an objection to the proposed schedule is filed with the Clerk of the court no later than 14 days following the date of this Order. A copy of any such objections must be sent to my Chambers. All prior discovery deadlines, if any, are superseded by this Order.

1. **January 24, 2003**  **ALL DISCOVERY** must be completed by this date. No motion for extension to time will be granted unless there is a showing of express need and that good cause exists.

2. **December 23, 2002**  **MOTIONS FOR EXTENSION OF TIME** to complete discovery must be filed by this date.

3. **October 07, 2002**  **AMENDMENT OF PLEADINGS** must be accomplished by this date.

4. **October 21, 2002**  **PLAINTIFFS' EXPERT DISCLOSURES** shall be made by this date.

5. **December 09, 2002**  **DEFENDANT'S EXPERT DISCLOSURES** shall be made by this date.

6. **October 7, 2002**  **JOINDER OF ALL PARTIES** will be accomplished by this date. Counsel responsible for such joinder will deliver a copy of this Scheduling Order to all newly joined parties.

7. **February 07, 2003**  **MOTION DEADLINE**: All other motions, including dispositive motions and Daubert motions to strike expert testimony, must be filed by this date.

8. **February 27, 2003**    **MOTIONS HEARING**: A hearing to address any pending motions, including dispositive motions, will be held this date at 2:00 p.m. in the 2nd Floor Courtroom No. 1, U.S. Federal Building & Courthouse, 600 E. Harrison, Brownsville, Texas.  If there are no pending motions or other matters that should be addressed prior to the Final Pretrial Conference, the parties may request by an agreed motion that this setting be canceled.

9. **March 21, 2003**    **A JOINT PRETRIAL ORDER** shall be filed by this date by counsel n the format prescribed in Appendix B of the Local Rules of the Southern District of Texas with motions in limine.

10. **April 2003**    **A FINAL PRETRIAL CONFERENCE** is set on this date at 2:00 p.m., before Judge Recio, in the 2nd Floor, Courtroom No. 1, U.S. Federal Building & Courthouse, 600 E. Harrison, Brownsville, Texas.

11. **April 2003**    **JURY SELECTION** is set on this date at 9:00 a.m., before Judge Recio, in the 2nd Floor, Courtroom No. 1, U.S. Federal Building & Courthouse, 600 E. Harrison, Brownsville, Texas.

Counsel for all parties must attend the Pretrial Conference unless the Court has granted a written motion to reschedule the Pretrial Conference. Failure to timely file the Joint Pretrial Order may result in the imposition of sanctions pursuant to Rule 16(f) F.R.C.P., including dismissal or default judgment as appropriate. Any motion presented for filing which is not in compliance with Local Rule 6 will be stricken from the record. In particular, counsel are reminded that motions must be accompanied by a proposed order and (except motions under Rule 12 or 56) must certify that counsel have conferred and cannot agree. The conference requirement is important because it helps insure that the time and resources of the parties and the Court are not wasted on matters that could be resolved by agreement at the outset. For similar reasons, counsel must notify the Court immediately should the case be settled and submit an appropriate joint motion and dismissal order.

The Clerk shall send a copy of this Order to the counsel of record for the parties.

DONE at Brownsville, Texas, on 31st day of July 2002.

Felix Recio
United States Magistrate Judge

# EXHIBIT C

decide any motion, shorten or extend time periods, and request or permit additional authority or supporting material.

[Adopted effective May 1, 2000.]

## LR10.  FORM OF PLEADINGS

**LR10.1  Caption.** Papers must have a caption, including the name and party designation of the party filing it and a statement of its character, like "Defendant John Doe's Motion for Partial Summary Judgment." Federal Rule of Civil Procedure 10(a).

**LR10.2  Format.** Papers offered for filing may not be in covers. They must be on 8½" x 11" paper, stapled at the top only, punched at the top with two holes, double spaced, and paginated.

[Adopted effective May 1, 2000.]

## LR11.  SIGNING OF PLEADINGS, MOTIONS AND OTHER PAPERS BY ATTORNEY IN CHARGE

**LR11.1  Designation.** On first appearance through counsel, each party shall designate an attorney-in charge. Signing the pleading effects designation.

**LR11.2  Responsibility.** The attorney-in-charge is responsible in that action for the party. That individual attorney shall attend all court proceedings or send a fully informed attorney with authority to bind the client.

**LR11.3  Signing of Pleadings.** Every document filed must be signed by, or by permission of, the attorney-in-charge.

**11.3.A**  *Required Information.* Under the signature shall appear:

(1) attorney's individual name,

(2) designation "attorney-in-charge,"

(3) State bar number,

(4) Southern District of Texas bar number,

(5) office address including zip code, and

(6) telephone and facsimile numbers with area codes.

**11.3.B**  *Allowed Information.* Names of firms and associate counsel may appear with the designation "of counsel."

**LR11.4  Sanctions.** A paper that does not conform to the local or federal rules or that is otherwise objectionable may be struck on the motion of a party or by the Court.

[Adopted effective May 1, 2000.]

## LR16.  CIVIL PRETRIAL PROCEEDINGS

**LR16.1  Civil Initial Pretrial Conference; Scheduling Order.** Within 140 days after the filing of a complaint or notice of removal, the judge will conduct an initial pretrial conference under Federal Rule of Civil Procedure 16 and enter a scheduling order, except in these types of cases: (a) prisoner civil rights; (b) state and federal habeas corpus; (c) student and veteran loan; (d) social security appeals; (e) bankruptcy appeals; and (f) forfeiture of seized assets.

A judge may conduct an initial pretrial conference and enter a scheduling order in any of the types of cases excepted.

A scheduling order setting cut-off dates for new parties, motions, expert witnesses and discovery, setting a trial date, and establishing a time framework for disposition of motions will be entered at the conference. Should there be an earlier Rule 26(f) discovery conference, the scheduling order may be entered at that conference.

Additional pretrial/settlement/discovery conferences may be scheduled by the Court as the need is identified.

By individual notice, the Court will require attendance at conferences "by an attorney who has the authority to bind that party regarding all matters . . . ", 28 U.S.C. § 473(b)(2).

**LR16.2  Pretrial Order.** The form of the pretrial order in Appendix B is acceptable to the judges who require one.

**LR16.3  Notice of Settlement.** Counsel shall notify the Court immediately of settlements that obviate court settings. Unnecessarily summoned veniremen or disrupted court schedules resulting from an unexcusable failure to notify may be the predicate for sanctions.

**LR16.4  Alternative Dispute Resolution.** Pursuant to 28 U.S.C.§ 652 (1998) and to facilitate the settlement or narrowing of issues in civil actions, the Court adopts the following Alternative Dispute Resolution Program:

**16.4.A**  *ADR Methods Available.* The Court approves the use of the following ADR methods in civil cases pending before district, magistrate, and bankruptcy judges: mediation, early neutral evaluation, mini-trial, summary jury trial, and, if the parties consent, non-binding arbitration pursuant to 28 U.S.C. § 654 (1998) (collectively, "ADR"). A judge may approve any other ADR method the parties suggest and the judge finds appropriate for a case.

**16.4.B**  *Timing of ADR Decision.*

(1) Before the initial conference in a case, counsel are required to discuss with their clients and with opposing counsel the appropriateness of ADR in the case.

(2) At the initial pretrial conference the parties shall advise the judge of the results of their discussions concerning ADR. At that time and at subsequent conferences, if necessary, the judge shall

view to determine whether further disciplinary proceedings should be held. The reviewing judge shall notify the charged lawyer of the charges made and give that lawyer an opportunity to respond.

C. If the reviewing judge determines that further disciplinary proceedings are warranted, the chief judge shall promptly designate one district judge of the court as the hearing judge.

D. The hearing judge will give at least 14 days' notice to the charged lawyer of the time of the hearing, the charges made and the right to counsel at the hearing. The hearing shall be held in open court as a miscellaneous proceeding under Rule 1101(d)(3), Federal Rules of Evidence, reported, and all witnesses sworn.

E. In the hearing of charges before the hearing judge, the prosecution shall be by an attorney specially appointed by the hearing judge. Costs of the prosecutor and fees allowed by the hearing judge may be paid from the Attorney Admissions Fund.

F. If the hearing judge determines that disciplinary action should be taken, the judge shall send a confidential report to the court recommending either permanent disbarment; a suspension for a time; a written or oral reprimand and whether such should be public or private. The court shall act by a majority vote based on the record established at the hearing.

G. If the membership in the Southern District Bar of the lawyer being disciplined was not current at the time of the court order imposing discipline, the order may include that the lawyer shall not reapply for admission except under such conditions as the court may impose.

## RULE 6. REINSTATEMENT

A. Any lawyer who is suspended by this court is automatically reinstated at the end of the period of suspension or upon satisfying the chief judge that any special condition of suspension has been met.

B. Any lawyer who has been disbarred may not apply for reinstatement until at least five years from the effective date of his disbarment.

C. Petitions for reinstatement shall be delivered to the chief judge who will promptly refer the petition to a hearing judge. The hearing judge may appoint counsel as provided in Rule 5E or investigate the application without counsel. The hearing judge will make a recommendation on the petition to the chief judge for action by the court.

D. Petitions for reinstatement shall be accompanied by an advance cost deposit in an amount to be set by the court to cover anticipated costs of the proceeding.

E. No petition for reinstatement may be filed within one year following an adverse ruling on a previous petition.

## RULE 7. LAWYERS SPECIALLY ADMITTED

An appearance by a lawyer before the court, by writing, or in person, confers disciplinary jurisdiction upon the court under these rules.

## RULE 8. SERVICE OF PAPERS

Service of papers under these rules shall be by personal service or by first class mail addressed to the respondent or respondent's attorney.

## RULE 9. SPECIAL DUTIES OF THE CLERK

A. In addition to all other duties assigned, the clerk shall collect advance cost deposits and place them in the Attorney Admissions Fund. These sums shall be maintained by the clerk as trustee and administered by the court for expenses incurred under these rules and not on behalf of the United States.

B. Upon final disciplinary action by the court, the clerk shall send certified copies of the court's order to the State Bar of Texas.

## RULE 10. INHERENT POWER OF JUDGES

The existence of these rules shall not limit the power of district judges to exercise their inherent powers over lawyers who practice before them, and the chief judge shall have the right to designate another district judge, to serve under these rules in the place of the chief judge.

## RULE 11. EFFECTIVE DATE

These rules are effective immediately; all pending disciplinary matters will be concluded under these rules; and the rules effective July 17, 1995 are superseded by them.

## APPENDIX B. JOINT PRETRIAL ORDER
### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | |
| Defendants. | ) | |

## JOINT PRETRIAL ORDER

### 1. APPEARANCE OF COUNSEL

List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

### 2. STATEMENT OF THE CASE

Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

### 3. JURISDICTION

Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

### 4. MOTIONS

List pending motions.

### 5. CONTENTIONS OF THE PARTIES

State concisely in separate paragraphs each party's claims.

### 6. ADMISSIONS OF FACT

List all facts that require no proof.

### 7. CONTESTED ISSUES OF FACT

List all material facts in controversy.

### 8. AGREED PROPOSITIONS OF LAW

List the legal propositions that are not in dispute.

### 9. CONTESTED PROPOSITIONS OF LAW

State briefly the unresolved questions of law, with authorities to support each.

### 10. EXHIBITS

A. On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

B. A party requiring authentication of an exhibit must notify the offering counsel in writing within five (5) days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

C. Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

D. Parties must mark their exhibits to include the date and case number on each.

E. At the trial, the first step will be the offer and receipt in evidence of exhibits.

### 11. WITNESSES

A. List the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. Include the qualifications of expert witnesses; these will be used to qualify the expert at trial.

B. Include:

"If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

### 12. SETTLEMENT

State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried.

### 13. TRIAL

A. Probable length of trial; and

B. Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

### 14. ATTACHMENTS

Include these required attachments:

A. For a jury trial:

   (1) Proposed questions for the voir dire examination.

   (2) Proposed charge, including instructions, definitions, and special interrogatories, with authority.

B. For a nonjury trial:

   (1) Proposed findings of fact (without repeating uncontested facts) and

   (2) Conclusions of law, with authority.

Date: _____

                UNITED STATES
                DISTRICT JUDGE

Approved:

Date: _____

              Attorney-in-Charge,
                      Plaintiff

Date: _____

              Attorney-in-Charge,
                     Defendant

## APPENDIX C.  COURTROOM ETIQUETTE

People who appear in court must observe these and other conventions of courteous, orderly behavior.

A. Be punctual.

B. Remain in attendance until excused. All persons sitting before the bar shall remain there during

# EXHIBIT D



**JUDGE HILDA G. TAGLE**

United States Courthouse
600 East Harrison, Suite 306
Brownsville, Texas 78520-7114
(956)548-2510

Stella Cavazos, Case Manager
United States District Clerk
600 East Harrison, Suite 101
Brownsville, Texas 78520-7114
(956)548-2628

## CIVIL PROCEDURES

1. CONTACT WITH COURT PERSONNEL
2. EMERGENCIES
3. CONTINUANCES
4. APPEARANCES
5. MOTION PRACTICE AND BRIEFS
6. COPIES OF AUTHORITIES AND OTHER MATERIAL CITED
7. INITIAL PRETRIAL AND SCHEDULING CONFERENCE
8. REQUIRED PRETRIAL MATERIALS
9. TRIAL SETTINGS
10. EXHIBITS
11. EQUIPMENT
12. COURTROOM PROCEDURES
13. VOIR DIRE
14. DEPOSITIONS
15. SETTLEMENT AND ORDERS OF DISMISSAL
16. ATTACHMENTS

Note: This is helpful information. Nothing in it supersedes formal rules or common sense.

*Last Updated: May 3, 2000*                    1

M. If motions are decided without a hearing or are taken under advisement, the Court will make a ruling as soon as possible, and counsel will be furnished with copies of orders.

N. Counsel are encouraged to authorize the Clerk of the Court to provide facsimile transmission of orders and motions.

6. **COPIES OF AUTHORITIES AND OTHER MATERIAL CITED**

A. Please append copies of cases and the relevant portions of authorities that are cited in a brief, memorandum, or motion if the authorities are not found in the United States Code, United States Supreme Court Reporter, Federal Reporter, Federal Rules Decisions, Federal Supplement, Southwestern Reporter Second or Vernon's Revised Statutes and Codes Annotated.

B. Copies of any affidavits, deposition testimony, or other discovery referenced should also be contained in the appendix.

C. All appendices should contain a paginated table of contents and should be tabbed in order to locate the materials more readily.

7. **INITIAL PRETRIAL AND SCHEDULING CONFERENCE**

A. Joint Discovery/Case Management Plan

   1) At least 14 days before the conference, counsel must file a joint case management plan with the identity and purpose of witnesses, sources and types of documents, and other requirements for a prompt and inexpensive preparation of this case for disposition by motion or trial. *See* Fed. R. Civ. P. Rule 26(f).

   2) A form Joint Discovery/Case Management Plan is attached.

B. The parties may agree on additional deadlines for completion of pretrial matters and may bring a proposed Scheduling Order with them to the initial pretrial conference.

C. Attached is a form Scheduling Order used by the Court. (*see* Local Rule 8).

8. **REQUIRED PRETRIAL MATERIALS**

A. Joint Pretrial Orders

6

1)    Counsel for the plaintiff is responsible for ensuring that the Joint Pretrial Order is filed on time.

2)    Follow the form distributed by the Court, adapting it within reason to the size and type of case. Joint Pretrial Order must be signed by all counsel.

3)    A form Pretrial Order is attached.

B.    <u>Other Required Documents</u>

1)    With the filing of the Joint Pretrial Order, each party must file the following documents separately IN DUPLICATE (captioned, signed by counsel, and with service certified):

a.    Jury Trials:

(1)    Proposed voir dire questions, proposed jury instructions, definitions, and interrogatories.

(a)    The jury instructions and interrogatories must be simple and concise. Jury instructions should ALSO be submitted in WordPerfect ® format on a 3.5"disc.

(b)    Each requested instruction, definition, and interrogatory must be numbered and presented on a separate sheet of paper with the citation of authority upon which counsel rely.

(2)    Memorandum of law

b.    Non-Jury Trials:

(1)    Proposed Findings of Fact and Conclusions of Law.

(a)    Each proposed conclusion of law must cite supporting authority.

(b)    Counsel are strongly encouraged to include references to testimony and exhibits that support each proposed finding of fact.

**UNITED STATES DISTRICT COURT**        **SOUTHERN DISTRICT OF TEXAS**

### REQUIRED CONTENTS OF THE JOINT PRETRIAL ORDER

1.  **Appearance of Counsel.** List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

2.  **Statement of the Case.** Give a brief statement of the case, one that the Judge could read to the jury panel for an introduction of the facts and parties; include names, dates, and places.

3.  **Jurisdiction.** Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

4.  **Motions.** List pending motions.

5.  **Contention of the Parties.** State concisely in separate paragraphs each party's claims.

6.  **Admission of Fact.** List all facts that require no proof.

7.  **Contested Issues of Fact.** List all material facts in bona fide controversy.

8.  **Agreed Propositions of Law.** List the legal propositions that are not in dispute.

9.  **Contested Propositions of Law.** State briefly the unresolved questions of law, with authorities to support each.

10. **Exhibits.**

    A.  On a separate form similar to the one provided by the Clerk, each party will attach four lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

    B.  A party requiring authentication of an exhibit must notify the offering counsel in writing within five days after the exhibit is listed and made available; failure to object in writing in advance of the trial concedes authenticity.

    C.  Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

    D.  Parties must mark their exhibits to include the date and case number on each.

    E.  At the trial, the first step will be the offer and receipt in evidence of exhibits.

11. **WITNESSES.**

    A.  On a separate form, each party will attach four lists with the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony.

    B.  Include: If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

12.    **Settlements.** State that all settlement efforts have been exhausted, and the case will have to be tried.

13.    **Trial.** State estimated length of trial and logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and documentation.

14.    **Attachments.** Each party must file as a separate document (captioned, signed by counsel, and with service certified) these required attachments in duplicate.

    A.  For a jury trial:
        (1)  Proposed questions for the voir dire examination.
        (2)  Proposed charge, including instructions, definitions, and special interrogatories, with authority.

    B.  For a non-jury trial:
        (1)  Proposed findings of fact with agreed and contested ones separated.
        (2)  Conclusions of law with authority.

_____      Date:_____
United States District Judge

Approved:

_____      Date:_____
Attorney-in-Charge, Plaintiff

_____      Date:_____
Attorney-in-Charge, Defendant

# EXHIBIT E

05/13/2003 18:25 Case 1:01-cv-00148-Document 61 Filed in TXSD on 05/14/2003 Page 27 of 42 PAGE 27
Sent by: GRIFFITH HILL OCHOA LLP.    ;    956 971 9451    ;    Mar-25-03  3:06PM;    Page 12/13

700.0078/1794

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| EXCEL BOBBINS AND PLASTIC            | § |                          |
| COMPONENTS, INC.                     | § |                          |
|            Plaintiff                 | § |                          |
|                                      | § | CIVIL ACTION NO. B-01-148 |
| VS.                                  | § | JURY                     |
|                                      | § |                          |
| JSW PLASTICS MACHINERY, INC.         | § |                          |
|            Defendant                 | § |                          |

## PLAINTIFF'S TRIAL WITNESS LIST

**Wayne E. Wells, Ph.D.**
63 Avenida Pizarro
Rancho Viejo, Texas 78575
(956) 574-6664

**William Abington, CPA**
PricewaterhouseCoopers L.L.P.,
1201 Louisiana, Suite 2900
Houston, Texas 77002-5678
(713) 356-4000

**John Annoreno**
302 Roma Jean Parkway
Streamwood, Illinois 60107

**Hector Lucio**
Sunbeam-Oster
549 South Vermillion
Brownsville, Texas 78521

**Arnie Arnez**
Sunbeam-Oster
549 South Vermillion
Brownsville, Texas 78521

**Steve Becker**
Exel Bobbins & Plastic Components
3301 Nafta Parkway, Unit C
Brownsville, Texas 78521

**John R. Griffith**
Griffth, Hill & Ochoa, L.L.P.
100 Savannah, Suite 500
McAllen, Texas 78503

**James J. Regan**
Regan & Braun Law Offices
2522 Artesia Blvd., Suite 200
Redondo, CA 90278

Plaintiff also intends to call as witnesses any individuals listed by the Defendant on their trial witness list, as well as any rebuttal witnesses that may be necessary after the Defendant puts on their case in chief.

**EXHIBIT F**

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § | |
| JSW PLASTICS MACHINERY, INC., | § § | **WITNESS LIST** |
| Defendant. | § § § | |

List of Witnesses of                                          Proceeding          Date
Defendant JSW Plastic Machinery, Inc.

1. <u>Gerald Johnson</u>: 780 Yosemite Trail, Roselle, Illinois 60712.
   Will testify as a percipient witness to events occurring in this transaction

2. <u>Fumio Hirayama</u>: 3726 E. Miraloma Avenue, Anaheim, California 92806.
   Will testify as a percipient witness to events occurring in this transaction

3. <u>Hatsumi Akeda</u>: 3726 E. Miraloma Avenue, Anaheim, California 92806.
   Will testify as a percipient witness to events occurring in this transaction

4. <u>Dennis Pochatek</u>: 22500 Lake Road, Suite 103, Rocky River, Ohio 44116.
   Will testify as a percipient witness to events occurring in this transaction

5. <u>Steven Becker</u>: 3301 Nafta Parkway, Unit C, Brownsville, Texas 78521.
   Will testify as a percipient witness to events occurring in this transaction

6. <u>John Robert Annoreno</u>:302 Roma Jean Parkway, Steamwood, Illinois 60107.
   Will testify as a percipient witness to events occurring in this transaction

7. <u>Cindy Garza</u>: 3301 Nafta Parkway, Unit C, Brownsville, Texas 78521.
   Will testify as a percipient witness to events occurring in this transaction

c:\dcg\cf\JSW\Witness-List

1

8. <u>Richard Cortez, CPA (expert witness)</u>: Burton, McCumber & Cortez, LLP, 200 South 10th Street, Suite 1500, McAllen, Texas 78501.

Mr. Cortez will provide expert testimony on the following issues: the injection molding business and related industries; new business start-ups; problems with companies in bankruptcy; the capitalization and undercapitalization of companies, including start-ups; Plaintiff's financial condition and general market conditions during the time period relevant to this action; and the nature, cause and extent of Plaintiff's claimed damages.

Mr. Cortez is a Certified Public Accountant and a partner in Burton, McCumber & Cortez, where he is in charge of Litigation Support Services. He is a member of the Texas State Board of Public Accountancy (1974), the American Institute of Certified Public Accountants and the Texas Society for Certified Public Accountants (of which he was President of the local chapter from 1981-1982). He received his B.B.A. degree from Pan American College in 1970 and has accumulated in excess of one-thousand hours in continuing professional education course. Mr. Cortez has testified and consulted in civil cases involving lost profits and loss of business value and has acted as a court-appointed receiver, auditor and accountant in a variety of matters, including the valuation of corporate assets in a domestic matter. Mr. Cortez's duties and experience includes conducting audits of small to medium-sized companies, banks, and city and county governments; the design and implementation of accounting and information systems for businesses; the compilation and review of financial statements for individuals, partnerships, corporations, trust and not-for-profit organizations. Mr. Cortez is an Advisory Board Member of the International Bank of Commerce-McAllen, in which position he reviews delinquent accounts, approves loans in excess of $250,000 and administers bank policies. Mr. Cortez is a Board Member of the McAllen Economic Development Corporation, the economic development

agency for the City of McAllen, Texas, which is entrusted with recruiting companies to that area and Northern Mexico. Mr. Cortez is a Board Member of the Rio Grande Valley Partnership, a regional chamber of commerce. Mr. Cortez is a trustee of the McAllen Public Utilities, an elected eight-year position entrusted with administering and establishing policy for the water and sewer services of the City of McAllen, Texas.

9.     <u>Dean Hall (expert witness)</u>: LDM Technologies, 5602 East Harrison, Harlingen, Texas 78550. Mr. Hall will provide expert testimony on the following issues: difficulties involved in start-up companies, including the purchasing of machinery, obtaining supplies and suppliers, quotes, obtaining customers, and general financial considerations; and the administration and management of an injection molding facility.

Mr. Hall is a Plant Manager at LDM Technologies. Mr. Hall has several years of experience in the injection molding industry.

10.     <u>David Fox, CPA, JD (expert witness)</u>: 1875 Century Park East, Suite 700, Los Angeles, California 90067. Mr. Fox will provide expert testimony on the following issues: Plaintiff's business planning and valuation; applicable industry statistics; and the nature, cause and extent of Plaintiff's claimed compensatory and/or punitive damages.

Mr. Fox is a Certified Public Accountant, State of California (1977). Mr. Fox received his B.S. Degree in science and business administration from the University of Colorado (Boulder) (1975) and received his Juris Doctor from Southwestern University School of Law, Los Angeles (1981). Mr. Fox has completed and passed the ASA Business Valuation courses (BV201-204) and final accreditation is pending. Mr. Fox has testified as an expert witness in the Federal and Superior Courts in the State of California and has testified therein on legal and damage issues including economic damages, corporate valuations, lost profits, goodwill and complex corporate

tax and accounting issues.   Mr. Fox duties and experience include the preparation and presentation of several thousand business valuations for enterprises in various industries, including companies involved in finance, technology, apparel and textiles, distribution, automotive, biotech, retail, aerospace, healthcare, entertainment, construction, technology, software, and manufacturing companies.

Mr. Fox has owned his own practice since 2001.  Prior to that he was Director of CBIZ-Business Valuation Services (2000-2001), specializing in litigation and appraisal services; Senior Manager of KPMG LLP (1998-2000), where he was part of the Forensic & Litigation Services Department, Global Financial Strategies Practice, and where he specialized in general litigation, forensic accounting, economic damages, corporate valuation and buy-sell agreement disputes; and The Accounting Offices of David Fox (1989-1998), where he specialized in litigation support, forensic accounting and appraisal services.

Mr. Fox is a member of the American Institute of Certified Public Accountants and the California Society of Certified Public Accountants.

Dated: March 21, 2003.

Respectfully submitted,
JSW PLASTICS MACHINERY, INC.,
Defendant

By: _____
DAVID C. GARZA
State Bar ID No. 0731400
FEDERAL ID #3778
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel: (956) 541-4914
Fax: (956) 542-7403
Attorney-in-Charge for JSW Plastics

C:\docgen\JSW\MTNDS-LIST

4

Machinery, Inc.

JAMES J. REGAN
CAL. SBN 80576
REGAN    BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel: (310) 372-1988
Fax: (310) 318-5894

n:\deg's\JSW\Witness-List

5

**EXHIBIT G**

1          IN THE UNITED STATES DISTRICT COURT

2         FOR THE SOUTHERN DISTRICT OF TEXAS

3            BROWNSVILLE DIVISION

4                           **COPY**

5 EXCEL BOBBINS AND PLASTIC       )

6 COMPONENTS, INC.,              )

7          Plaintiff,       )

8 vs.                       )    No. B-01-148

9 JSW PLASTICS MACHINERY, INC.,     )

10          Defendants.      )

11

12

13        The videotaped discovery deposition of

14 ROBERT FEHRENBACH called for examination pursuant

15 to Notice and the Rules of Civil Procedure for the

16 United States District Courts pertaining to the

17 taking of depositions, taken before Judy Carlson, a

18 notary public within and for the County of McHenry

19 and State of Illinois, at 1300 Landmeier Road,

20 Chicago, Illinois, on the 10th day of October,

21 2002.

22

23 Reported by: Judy Carlson, CSR

24 License No.: 084-003347     **CERTIFIED COPY**

                                                          1

```
1       APPEARANCES:

2

3           GRIFFITH, HILL & OCHOA, L.L.P., by

4           MR. JOHN R. GRIFFITH &

5           MS. VIOLA GARZA,

6           One Park Place 100

7           Savannah Avenue, Suite 500

8           McAllen, Texas 78503

9           (956) 971-9446

10              Representing the Plaintiff,

11

12          REGAN, BRAUN LAW OFFICES, by

13          MR. JAMES J. REGAN

14          2522 Artesia Boulevard

15          Redondo Beach, California 90278

16          (310) 372-1988

17              Representing the Defendant.

18

19

20      ALSO PRESENT:

21          Mr. Steve Becker & Mr. Fumio Hirayama.

22

23

24
```

1    answer the question.

2         I ask that you make all your answers

3    verbal.  Shaking, nodding your head doesn't really

4    come across on the record that the court reporter

5    is making.

6         If for some reason -- if I ask you a

7    question that you don't understand, please let me

8    know and I'll try and rephrase it so that you do

9    understand my question.  And if at any point you

10   need a break, just let me know, and I'll be happy

11   to take one.

12        A little while ago, you said that you

13   don't believe your deposition has ever been taken.

14   A.    I spent eleven years in civil criminal

15   court.  So, I was a police officer.  So, I don't

16   recall a deposition.  Usually everything was banged

17   out in court.  It's possible that, you know,

18   testimony for outer state might have been taken.

19   Q.    Have you ever had your deposition taken in

20   a civil matter?

21   A.    I don't believe so.  No.

22   Q.    How are you currently employed,

23   Mr. Fehrenbach?

24   A.    I'm self-employed.  The company is Plastic

1    Equipment and Automation.  It's a corporate State

2    of Illinois.

3        Q.    Can I refer to that an PEA?

4        A.    PE and A.

5        Q.    And A.  And how long have you had that

6    company?

7        A.    It's hard.  I had two companies, and I had

8    to change the name when I broke off with

9    associates.  So, it's probably been six or seven

10   years under PE and A.  But I have been in business

11   22 years.

12       Q.    And prior to the company being known as PE

13   and A?

14       A.    Equipment for Plastics.  I had a

15   partnership.

16       Q.    EFP, right?

17       A.    Yes, ma'am.

18       Q.    The previous company, EFP, essentially do

19   the same thing that you are doing now with your

20   company, PEA?

21       A.    That's correct.

22       Q.    And for the ladies and gentlemen of the

23   jury, can you please explain what it is that your

24   company PEA does?

```
 1         A.    I'm a representative for plastic products,
 2    and I represent them in the State of Illinois,
 3    Wisconsin and Northern Indiana.
 4         Q.    And give me some of the names of the
 5    companies that you are currently representing?
 6         A.    Mitsubishi injection molding machines,
 7    Insol, I-n-s-o-l which is a robotic company.
 8    Colortronics which is an auxiliary company.
 9    Motoman which is another robotic company.
10         MR. REGAN:  I'm sorry.  What was that?
11         THE WITNESS:  Motoman, M-o-t-o, man, m-a-n, and
12    a couple small ones that -- Polysigns is another
13    one I signed a contract with.
14    BY MS. GARZA:
15         Q.    As I understand it, your company takes the
16    products of these different companies, and you try
17    and sell them throughout Illinois, Wisconsin and
18    Indiana?
19         A.    Correct.
20         Q.    Are any of these companies that you have
21    just told me about injection molding companies?
22         A.    Yes.
23         Q.    Which ones?
24         A.    That would be Mitsubishi.
```

1    the time that you were representing one specific

2    company selling injection molders, you don't

3    represent any other company?

4         A.    That is correct.  My contracts are

5    explicit that way.

6         Q.    That is was going to be my next question.

7    Do you have a contract with each of these companies

8    whereby you have an agreement to sell strictly

9    their machines?

10        A.    That's correct.  If I have an exclusive

11   contract, then I am required under my corporation

12   payments in the State of Illinois not to sell

13   competitor products.

14        Q.    Okay.

15              And prior to selling Nogata machinery,

16   what type of machines were you selling?

17        A.    JSW.

18        Q.    How long did you sell JSW machines?

19        A.    Almost ten years, I imagine.

20        Q.    During the ten years that you were selling

21   JSW machines, did you have a contract to sell

22   exclusively JSW machines?

23        A.    Yes, I did.

24        Q.    The entire ten years?

1    A.    Ten years.  If it's ten years.  It might

2    be nine or eight.  But the best of my recollection,

3    it's nine plus.

4    Q.    Would you have a copy of the contract?

5    A.    I do have a copy of my contract with JSW,

6    but obviously, I wasn't asked to bring any

7    particulars with me.

8    Q.    Right.

9         But if I were to subpoena or ask you for a

10   copy of those contracts, you would have that

11   contract?

12   A.    I should still have those paperwork.  Yes.

13   Q.    Is it only one contract or is it various

14   contracts throughout each year?

15   A.    It was one contract originally, but when

16   Mr. Hirayama appointed Mr. Johnson, he basically

17   was changing contracts quite readily throughout the

18   industry and with me a number of times.

19   Q.    Ask you to clarify that a little bit.  You

20   said you had one specific contract, but then Jerry

21   Johnson came in and changed it?

22   A.    He changed a few customer base territory,

23   add on, take off, whatever.  So, I have more than

24   one -- you know, one contract, but basically it was