0700.0078/1794

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., Plaintiff | § § § § | |
| vs. | § § | CIVIL ACTION NO. B-01-148 |
| JSW PLASTICS MACHINERY, INC. Defendant | § § | [Assigned to the Hon. Hilda G. Tagle] Stipulated to Magistrate Felix Recio] |

# TRIAL BRIEF ON DEFENSES PLEAD BY DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT: Comes now EXEL BOBBINS AND PLASTICS COMPONENTS, INC., (hereinafter referred to as "EXEL"), and files this their Trial Brief on Breach of Contract, and in support thereof, would respectfully show unto the court as follow:

## JSW'S PLEAD DEFENSES

1. The defendant has plead numerous defenses:
    A. no breach
    B. no conversion
    C. laches
    D. estoppel
    E. waiver
    F. unclean hands
    G. consent
    H. failure to mitigate
    I. improper venue (Defendant previously filed a Motion to Transfer Venue which was denied by the Court.)
    J. statute of limitations
    K. good faith

1

## A. NO BREACH

2. In their answer to Plaintiff's second amended Complaint, Defendant generally denies without any factual support, that they did not breach any contract with Plaintiff. *See paragraph 8 of page 3 of defendants answer.* However, it is clear from the evidence, that defendant JSW completely failed to perform as they were obligated pursuant to the Contracts.

| The "Contracts" require that JSW: | JSW Breached by: |
|---|---|
| Extend a $1.5 M to EXEL | JSW failed to honor the line of credit |
| Sell to EXEL 14-16 machines | JSW failed to sell any machines to EXEL |
| Assist EXEL to accommodate the needs of Sunbeam | JSW failed to assist EXEL in the needs of Sunbeam. |

## B. LACHES

3. Laches is an equitable doctrine that prevents the plaintiff from asserting a claim because of lapse of time; because the claim is stale. *Bluebonnet Sav. Bank v. Grayridge Apt. Homes, Inc. 907 SW2d 904, 912 (Tex.App.-Houston [1st Dist.] 1995, writ denied)* Since Laches is an affirmative defense, it must be properly plead and proved by the defendant. *Knesek v. White 754 SW2d 814, 816 (Tex.App-Houston[1st Dist.] 1988, writ denied)* To establish Laches, the defendant must prove:

> a. Plaintiff unreasonably delayed asserting its legal or equitable rights.
> b. Defendant in good faith changed its position to its detriment because of the delay or
> c. Extraordinary circumstance. *Id.*

As indicated above, the plaintiff learned of Defendants breach on or about May of 2001. This Complaint was filed on August 31, 2001. There was clearly no unreasonable delay in the plaintiff asserting its legal right. Since there was no unreasoanble delay, defendant cannot show that they in "goodfaith changed their position to its detriment because of the delay. Finally, while the courts have not defined "extraordinary circumstance", the standard is extremely high. *Barfield v. Howard Smith 426 SW2d 834, 840 (Tex.1968)*. Defendants have not asserted an extraordinary circumstance

and no such circumstance exist in this case.

## C. ESTOPPEL

4. Another equitable doctrine raised by the defendants. However, in order for the Defendant to prove Estoppel, he must establish that the plaintiff acted inconsistent with its rights. ***Hennessey v. Vanguard Ins. Co., 895 SW2d 794,798 (Tex.App.-Amarillo 1995, writ denied)*** Defendant does not have any evidence to support this defense. The evidence will show, that the Plaintiff never acted inconsistent with its rights. When learing of the breach by Defendant, Plaintiff complained to the Defendant and asked Defendant to fulfill their obligations pursuant to the contract. When it was clear that the Defendant was in breach, Plaintiff acted accordingly and bought this complaint against the Defendant within four months of the breach. Therefore, Defendant has no basis for asserting this defense.

## D. WAIVER

5. Waiver is the intentional relinquishment of a known right and is either expressly made or indicted by conduct that is inconsistent with an intent to claim the right. ***United States Fidelity & Guar. Co v. Bimco Iron & Metal Corp. 464 SW2d 353,357(Tex.1971)*** The plaintiffs intent is the primary factor in determining waiver, and in the absence of a clear intent expressed in words, acts, or conduct, waiver will be implied only to prevent fraud or inequitable consequences. ***Stowers v. Harper, 376 SW2d 34,40 (Tex.App.-Tyler 1964, writ ref'd n.r.e.)***

6. In the present case, it is clear from the action and words of the Plaintiff, that Plaintiff neither implied or expressed any conduct that was inconsistent with its intent to claim a right, and defendant has no evidence to the contrary.

### E. UNCLEAN HANDS

7. The doctrine of unclean hands is applied when conduct has been unconscientious, unjust/or marked by a want of good faith or one who has violated the principles of equity and righteous dealing. *Higon v. E.F. Hutton Co., 428 SW2d 434, 437 (Tex.Civ.App.-Dallas 1968, writ ref'f n.r.e.*; The clean hands doctrine would not be applied when the Defendants have not been seriously harmed and the complained of conduct can be corrected without applying the doctrine. *Norris of Houston Inc. V. Gafas, 562 SW2d 894, 897 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.)* It is within the discretion of the trial court to determine whether a party has come into court with clean hands. *Thomas v. McNair, 882 SW2d 870 (Tex.App.-Corpus Christi; 1994)*

8. Although the Defendants have raised this defense, they have done nothing to prove what the Plaintiff did to establish unclean hands. All business dealing between the Defendant and Plaintiff were above the table. Defendant was aware of all of Plaintiff's business dealings and still contracted with the Plaintiff.

### F. FAILURE TO MITIGATE

9. The plaintiff must exercise rasonable care to minimize damages if the damages can be avoided with only slight expense and reasonable effort. *Walker v. Salt Flat Water.co. 96 SW2d 231, 232 (Tex.1936); Austin Hill Country Rlty., Inc. V. Palisades Plaza, Inc. 948 SW2d 293,299 (Tex. 1997)* The evidence in this case clearly establishes that the Plaintiff used reasonable care to minimize his damages by purchasing sub-standard machines from another company and soliciting and accepting work from companies other that Sunbeam. However, the machines were not delivered fast enough and the work from the other companies was insufficient to avoid the injury to the Plaintiff.

## G. IMPROPER VENUE

10. Defendant previously filed a motion to Transfer Venue. This was emphatically denied by this Honorable Court.

## H. STATUE OF LIMITATIONS

11. The limitations period for an action for breach of contract is four years. *Tex. Civ.Prac. & Rem. Code sec. 16.051; Texas Indus., Inc. v. City of Dallas, 1 SW3d 792, 794 (Tex. App.-Eastland 1999, pet. denied)* In the present case, Plaintiff learned of Defendants breach on or about May 2001. The Complaint was filed on or about August 2001, well within the four year statute of limitations.

## CONCLUSION

Based on the above and foregoing, Defendant has no viable defense to Plaintiff's claim for breach of contract. Therefore, this Honorable Court can only find, that:

A. There was a valid and enforceable contract between plaintiff and defendant.

B. That plaintiff performed his obligations pursuant to the contract

C. That defendant breached the contract by failing to perform his obligations pursuant to the contract

D. As a result of defendant breach, Plaintiff suffered damages.

E. Defendant breach is not excused.

Respectfully submitted,

**GRIFFITH, HILL & OCHOA, L.L.P.**
One Park Place, Suite 500
100 Savannah Avenue
McAllen, Texas 78503
(956) 971-9446
(956) 971-9451 - facsimile

By: _____
John R. Griffith
State Bar No. 08480750
Fed. ID No. 12186
Viola G. Garza
State Bar No. 00787518


Moises M. Salas, Jr.
Law Offices of Moises M. Salas, Jr.
847 East Harrison
Brownsville, Texas 78520
(956) 982-0600
(956) 982-0601 (fax)
ATTORNEYS FOR PLAINTIFF
EXEL BOBBINS AND PLASTIC

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above and foregoing instrument was forwarded to all counsel of record, to wit:

***Attorney-In-Charge for Defendant:***
David G. Garza
**Garza & Garza, L.L.P.**
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
(956) 541-4914
(956) 542-7403 (fax)

James J. Regan
Regan - Braun Law Offices
2522 Artesia Blvd., Suite 200
Redondo Beach, California 90278
(310) 372-1988
(310) 318-5894 (fax)

via PRIORITY MAIL, return receipt requested, on this /6 day of May, 2003.

By: _____
John R. Griffith
Viola G. Garza