71

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 7 2003

Michael N. Milby
Clerk of Court

EXEL BOBBINS AND PLASTIC
COMPONENTS, INC.,

         Plaintiff,

vs.

JSW PLASTICS MACHINERY, INC.,

         Defendant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION No. B-01-148

[Assigned to the Hon. Hilda G. Tagle
Stipulated to Magistrate Felix Recio]

---

**FIRST AMENDED ANSWER OF DEFENDANT JSW PLASTICS MACHINERY, INC.
TO PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

---

Pursuant to the order of this Court dated May 19, 2003, Defendant JSW PLASTICS

MACHINERY, INC. (hereafter "JSW-PMI" or "Defendant") by this First Amended Answer answers

the Second Amended Original Complaint of Exel Bobbins and Plastic Components, Inc. (hereafter

"Exel Bobbins" or "Plaintiff") on behalf of itself and itself alone pursuant to Rule 8 of the Federal

Rules of Civil Procedure.

**I.**

1.      Answering Paragraph 1, Defendant admits the allegations contained in that

paragraph.

2.      Answering Paragraph 2, Defendant admits the allegations contained in that

paragraph.

## JURISDICTION

3.      Answering Paragraph 3, Defendant admits that 28 U.S.C. §1332(a) provides for jurisdiction in the United States District Court where there exists complete diversity of citizenship between the plaintiff and the defendant.  Except as expressly admitted, Defendant denies, generally and specifically, each and every other allegation in that paragraph.

## VENUE

4.      Answering Paragraph 4, Defendant denies the allegations contained in Paragraph 4.  Specifically, Defendant avers that venue is proper in Los Angeles, California due to a contractual forum selection clause.

## FACTUAL BACKGROUND

5.      Answering Paragraph 5, Defendant admits that sometime in late 1999 and/or early 2000, Plaintiff  inquired of Defendant whether Defendant would sell certain plastic molding machines to Plaintiff and whether Defendant would arrange for a line of credit for Plaintiff in connection with Plaintiff's potential purchase of certain plastic injection molding machines from Defendant.  Defendant further admits that it provided to Plaintiff the letter dated February 29, 2000, attached as Exhibit "1" to the Second Amended Original Complaint (hereafter "Exhibit 1 Letter").  Except as expressly admitted, Defendant denies, generally and specifically, each and every other allegation in that paragraph.

6.      Answering Paragraph 6, Defendant admits that Plaintiff informed Defendant the Plaintiff intended to purchase certain plastic injection molding machines from Defendant in order to provide services to certain of Plaintiff's proposed customers, including Sunbeam-Oster.  Except as expressly admitted, Defendant denies, generally and specifically, each and every other allegation in that paragraph.

7.      Answering Paragraph 7, Defendant admits that Plaintiff and Defendant entered into the agreement dated January 30, 2001, attached as Exhibit "2" to the Second Amended Original Complaint (hereafter "Exhibit 2 Agreement") and further admits that on or about April 2001, Plaintiff made a payment to Defendant of $4,855.59 which initially was to constitute the first of three consecutive monthly payments under the Exhibit 2 Agreement which provided that the three payments combined would constitute a 5% down payment on two plastic injection molding machines. Except as expressly admitted, Defendant denies, generally and specifically, each and every other allegation in that paragraph.

### BREACH OF CONTRACT

8.      Answering Paragraph 8, Defendant denies the allegations contained in that paragraph.

9.      Answering Paragraph 9, Defendant denies, specifically and generally, the allegations contained in that paragraph.

10.      Answering Paragraph 10, Defendant denies, specifically and generally, the allegations contained in that paragraph.

11.      Answering Paragraph 11, Defendant denies, specifically and generally, the allegations contained in that paragraph.

12.      Answering Paragraph 12, Defendant denies, specifically and generally, the allegations contained in that paragraph.

13.      Answering Paragraph 13, Defendant denies, specifically and generally, the allegations contained in that paragraph.

### CONVERSION OF DOWN PAYMENT

14.      Answering Paragraph 14, Defendant denies, specifically and generally, the

allegations contained in that paragraph.

15.    Answering Paragraph 15, Defendant denies, specifically and generally,  the allegations contained in that paragraph.

16.    Answering Paragraph 16, Defendant denies, specifically and generally,  the allegations contained in that paragraph.

17.    Answering Paragraph 17, Defendant denies, specifically and generally,  the allegations contained in that paragraph.

## ATTORNEY'S FEES

18.    Answering Paragraph 18, Defendant admits that Plaintiff is seeking reasonable attorney's fees.  Except as expressly admitted, Defendant denies, specifically and generally,  the allegations contained in that paragraph.

## RELIEF REQUESTED

19.    Defendant denies that Plaintiff is entitled to any relief whatsoever as alleged in the Prayer of the Second Amended Original Complaint.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

20.    The Second Amended Original Complaint and each purported claim therein does not state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

21.    Plaintiff' claim for conversion is barred by the doctrine of laches from obtaining any of the relief sought herein in that, among other things, Plaintiff has failed to make a timely demand for return of the deposit which is the subject of its claim for conversion and which deposit Defendant

has maintained in a manner consistent with the rights of the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

22.    Plaintiff is barred by the doctrine of estoppel from obtaining any of the relief sought herein in that (1) with respect to Plaintiff's claim for breach of contract, Plaintiff, by its failure to provide assurance of its performance to Defendant, repudiated the contract and is estopped from asserting Defendant's breach thereof, and (2) with respect to Plaintiff's claim for conversion, Plaintiff, by its failure to make a demand for return of the allegedly converted funds, is estopped from claiming a conversion of said funds by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

23.    Plaintiff is barred by the doctrine of waiver from obtaining any of the relief sought herein in that (1) with respect to Plaintiff's claim for breach of contract, Plaintiff, by its failure to provide assurance of its performance to Defendant, waived any objection to Defendant's exercise of its contractual remedies as provided by the provisions of the Texas Business and Commerce Code, and (2) with respect to Plaintiff's claim for conversion, Plaintiff, by its failure to make a demand for return of the allegedly converted funds, waived any objection it may have had to Defendant's retention thereof.

### FIFTH AFFIRMATIVE DEFENSE

24.    Plaintiff is barred by the doctrine of unclean hands from obtaining any of the relief sought herein in that Plaintiff, with respect to Plaintiff's claim for breach of contract, failed to provide assurance of its performance to Defendant and failed to perform certain conditions precedent to Defendant's performance, including, but not limited to, Plaintiff's obligation to make timely payments on equipment purchased from Defendant, Plaintiff's promise to secure third-party financing, Plaintiff's obligation to provide Defendant with a sufficient security interest in equipment

sold to Plaintiff on credit, and Plaintiff's promise to provide JSW with evidence of a firm commitment for orders by Sunbeam-Oster to Plaintiff, Plaintiff providing instead a letter from Sunbeam-Oster which specifically stated that it was not a firm contract for orders from Plaintiff;

## SIXTH AFFIRMATIVE DEFENSE

25.    Plaintiff's allegations and purported claims against Defendant for exemplary damages violates the due process clauses of the United States, California and Texas Constitutions. Any recovery of exemplary damages by Plaintiff in this action is subject to those limitations on exemplary damages established by the United States Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell* (2003) 206 U.S. ___, 123 S.Ct. 1513. To the extent that Texas law on exemplary damages applies, Defendant affirmatively pleads the limitations thereon under Texas Civil Practice and Remedies Code, namely (a) prejudgment interest may not be assessed or recovered on an award of exemplary damages (Section 41.007), (b) exemplary damages are subject to certain limitations (Section 41.008), and (c) exemplary damages must be proven by clear and convincing evidence (Chapter 41).

## SEVENTH AFFIRMATIVE DEFENSE

26.    Plaintiff's request for exemplary damages is barred because (a) Plaintiff's claims for relief have insufficient allegations of oppression, fraud or malice for the imposition of exemplary damages, (b) Plaintiff has otherwise failed to allege facts sufficient to constitute a claim for exemplary damages, and (c) there are insufficient or no facts to establish Plaintiff's right to recover exemplary damages.

## EIGHTH AFFIRMATIVE DEFENSE

27.    Plaintiff's recovery for conversion is barred to the extent that Plaintiff and/or its agents consented to the matters sued upon in that Defendant lawfully received the allegedly

converted funds from Plaintiff in the form of an agreed upon deposit made by Plaintiff to Defendant on machinery sold by Defendant to Plaintiff. Defendant by letter to Plaintiff dated May 10, 2001, acknowledged the receipt and application of the funds for the purpose provided by Plaintiff, and Plaintiff thereafter made no demand for return of the allegedly converted funds or otherwise expressed any objection to Defendant's retention of said funds until Plaintiff filed its original complaint in this action.

## NINTH AFFIRMATIVE DEFENSE

28.    Defendant expressly denies that Plaintiff is entitled to recover any damages; however, Plaintiff's recovery, if any, should be barred or reduced by Plaintiff's failure to mitigate the damages of which it complains.

## TENTH AFFIRMATIVE DEFENSE

29.    Plaintiff's claims are not properly before this Court, as this is an improper venue for the adjudication of this matter based upon, among other things, the fact that the Exhibit 1 Letter and Exhibit 2 Agreement were entered into and were to be performed in the State of California and the venue provision agreed to in writing between Plaintiff and Defendant on or about July 19, 2001, and therefore this matter should be transferred to the Central District of California, pursuant to 28 U.S.C. §1404.

## ELEVENTH AFFIRMATIVE DEFENSE

30.    To the extent that Defendant has engaged in any wrongful conduct as alleged in the Second Amended Original Complaint, which Defendant expressly denies, such conduct was excused by the acts and representations of Plaintiff including, but not limited to, Plaintiff's failure to make timely payments for ordered and/or delivered machinery sold by Defendant to Plaintiff and Plaintiff's failure to provide Defendant with adequate assurance of due performance.

### TWELFTH AFFIRMATIVE DEFENSE

31.    Plaintiff's allegations are barred by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

32.    Plaintiff's claims against Defendant are barred and precluded because Defendant at all times acted in good faith with regard to discharging its obligations, if any, to Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

33.    Neither the Second Amended Original  Complaint nor any claim for relief asserted therein states facts sufficient to allow a recovery of attorneys' fees against Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

34.    Plaintiff's claims for breach of contract are barred and Defendant's conduct as alleged in the cause of action for breach of contract constituted a proper exercise of Defendant's remedies under Texas Business and Commerce Code, Sections 2.703(1) and (6) in that pursuant to Texas Business and Commerce Code Section 2.609,  Defendant, having had a reasonable ground for insecurity with respect to Plaintiff's performance, orally and in writing demanded that Plaintiff provide Defendant with adequate assurance of due performance and pending receipt of such assurance was justified in suspending performance, and Plaintiff, having failed to provide such assurance to Defendant within a reasonable time not exceeding thirty days, thereby anticipatorily repudiated the contract in its entirety and excused Defendant's obligation to perform and entitled Defendant to exercise its statutory remedies under Section 2.609 of the Texas Business and Commerce Code, including the right, among other actions, to repudiate the contract and withhold delivery of machine(s).

### SIXTEENTH AFFIRMATIVE DEFENSE

35.    Plaintiff's claims as a buyer against Defendant as a seller are barred and precluded

because Defendant's conduct under the contract for sale of goods as alleged in the Second Amended Original Complaint was subject to, was privileged and authorized by, and was undertaken in conformity with, the provisions of the Texas Business and Commerce Code, including, but not limited to, Sections 2.609 and 2.703.

### SEVENTEENTH AFFIRMATIVE DEFENSE

36.    Plaintiff's claims against Defendant are, in whole or in part, barred and precluded because Defendant, on or about May 10, 2001, reasonably and with justification exercised its right under the Exhibit 2 Agreement (as attached to Plaintiff's Second Amended Original Complaint) to cancel or withdraw from said agreement upon thirty (30) days written notice to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

37.    Plaintiff's breach of contract claims against Defendant are barred and precluded by reason of the failure of consideration with respect to the subject of the contract that defeats the effectiveness of the contract between the parties in that Plaintiff, among other things, failed to make required payments to Defendant for the equipment when said payments became due, failed to provide reasonable assurances to Defendant of Plaintiff's ability to perform the agreements between them, failed to obtain a firm commitment or order for products from Sunbeam-Oster, and failed to comply with Defendant's reasonable requests that it be paid for goods ordered by Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

38.    Having prevented and hindered Defendant from performing under the agreements alleged in the Second Amended Original Complaint, and from obtaining the benefits thereof, Plaintiff would be unjustly enriched if allowed to enforce the agreement or obtain damages for the alleged breach thereof. As a result, any enforcement by Plaintiff would be unconscionable under the circumstances.

## TWENTIETH AFFIRMATIVE DEFENSE

39.     Plaintiff's claim against the Defendant for recovery of lost profits damages is barred in that Plaintiff was at the time of the alleged breach of contract and at all other relevant times a start-up company with no profits.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

40.     Plaintiff's claim against the Defendant for breach of contract, including its claim regarding withdrawal of the line of credit, is barred in that prior to any alleged breach by Defendant, Plaintiff was in material breach of a contract between the parties for the purchase of a JSW-PMI 385 EIIP plastic injection molding machine in that notwithstanding Defendant's request that it do so, Plaintiff had, among other things, failed to make timely payments for said machine as required by the agreements with respect thereto and had failed to maintain and demonstrate sufficient creditworthiness in its dealings with Defendant.  By such acts, Plaintiff repudiated  the Exhibit 1 Letter and Exhibit 2 Agreement and thereby excused ˜Defendant from further performance thereunder.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

41.     Plaintiff's claim against the Defendant for breach of contract, including its claim regarding withdrawal of the line of credit, is barred in that Plaintiff failed to perform material conditions precedent to the obligations of Defendant under the contract, including, but not limited to, the following: (a) Plaintiff failed to make timely payments to Defendant for previously ordered equipment, including, but not limited to, the JSW-PMI 385 EIIP plastic injection molding machine; (b) Plaintiff failed to provide Defendant with purchase orders or signed contracts from Sunbeam-Oster to Plaintiff as expressly requested by Defendant, providing instead a letter from Sunbeam-Oster which specifically stated that it was not a firm contract for orders from Plaintiff; (c) John

Annoreno, the owner of an undivided 50% interest in Plaintiff Exel Bobbins, failed and/or refused to execute two UCC financing statements as requested and required by the Defendant to perfect its security interest in two machines to be sold to Plaintiff on credit; and/or (d) Plaintiff failed to obtain bank financing for the purchase of equipment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

42.    On or about April 23, 2001, Plaintiff failed and refused to comply with, and did thereby repudiate, the terms of a written contract between Plaintiff and Defendant by failing to make payment when due in the approximate sum of $133,500 for the purchase of a model J385 EIIP plastic injection molding machine (herein "J385") that Defendant had delivered to Plaintiff in or about September 2000 and which Plaintiff had in use and operation commencing on or about October 23, 2000 and by which repudiation Plaintiff substantially impaired the value of said contract to Defendant. As a consequence of said breach and pursuant to the provisions of sub-sections 1 through 3 of Section 2.610 of the Texas Business and Commerce Code, Defendant had the certain rights, including, but not limited to, upon said breach to, among other things, await Plaintiff's performance of the contract to purchase the J385 for a commercially reasonable time, or to resort to any available remedy for breach of said contract, including withdrawing the line of credit and/or refusing to ship to Plaintiff machine(s).

WHEREFORE, Defendant prays for judgment as follows:

(a)    That Plaintiff's Second Amended Original Complaint, and each cause of action therein, be dismissed with prejudice;

(b)    That Plaintiff take nothing by way of its Second Amended Original Complaint;

(c)    That Defendant be awarded its costs incurred in the defense of this action, including reasonable attorney's fees, to the extent permitted by law; and

(d)    That Defendant be awarded such other and further relief as the Court may deem just

and proper.


Dated: June 17, 2003                    Respectfully submitted,


                                        By: _David C. Garza_
                                        DAVID C. GARZA
                                        SBN 07731400
                                        Fed. I.D. No. 3778
                                        GARZA & GARZA, L.L.P.
                                        680 East St. Charles, Suite 300
                                        P.O. Box 2025
                                        Brownsville, Texas 78522-2025
                                        Tel: (956) 541-4914
                                        Fax:(956) 542-7403
                                        Attorney-in-Charge for JSW PLASTICS
                                        MACHINERY, INC.


                                        JAMES J. REGAN
                                        CA SBN 80576
                                        REGAN • BRAUN LAW OFFICES
                                        2522 Artesia Boulevard, Suite 200
                                        Redondo Beach, California 90278
                                        Tel: (310) 372-1988
                                        Fax: (310) 318-5894

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **FIRST AMENDED ANSWER OF DEFENDANT JSW PLASTICS MACHINERY, INC. TO PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT** have been served on attorneys of records to the following addresses on this 17th day of June 2003.

John R. Griffith                     VIA FAX: (956) 971-9451
Viola G. Garza                      AND
GRIFFITH, SULLIVAN, OCHOA            CM/RRR NO. 7099 3200 0005 4623 6129
  & GARZA LLP
One Park Place
100 Savannah Avenue, Suite 500
McAllen, Texas 78503


Moises M. Salas, Jr.                 VIA REGULAR MAIL
LAW OFFICES OF MOISES M. SALAS JR.
847 East Harrison
Brownsville, Texas 78520

_____
DAVID C. GARZA