United States District Court
Southern District of Texas
FILED

AUG 2 6 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § |  |
| JSW PLASTICS MACHINERY, INC., | § § |  |
| Defendant. | § § § |  |

---

**DEFENDANT'S MOTION *IN LIMINE* NO. 6 FOR AN ORDER EXCLUDING TESTIMONY OF PERCIPIENT AND EXPERT WITNESSES FOR UNTIMELY AND INADEQUATE DISCLOSURE; OR, IN THE ALTERNATIVE, FOR AN ORDER COMPELLING PLAINTIFF TO PRODUCE TO DEFENDANT EXPERT INFORMATION REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2), GRANTING DEFENDANT THE OPPORTUNITY TO DEPOSE NEWLY DESIGNATED EXPERT WITNESSES BEFORE COMMENCEMENT OF THE DAMAGES PHASE OF TRIAL, AND FOR LEAVE TO APPLY FOR AN AWARD OF REASONABLE EXPENSES AND ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES; AFFIDAVIT OF JAMES J. REGAN**

---

Defendant JSW Plastics Machinery, Inc. ("Defendant") hereby moves this court for an

order *in limine* excluding the testimony at trial of the following witnesses designated by plaintiff

---

Exel Bobbins and Plastic Components, Inc. ("Plaintiff"): (1) Expert witnesses: Arnie Arnez ("Arnez") and John R. Griffith ("Griffith"); (2) Percipient witnesses: Robert Fehrenbach ("Fehrenbach") and Dennis Pochatek ("Pochatek"). This motion is made pursuant to Federal Rules of Civil Procedure ("FRCivP"), Rules 26(a) and Federal Rules of Evidence ("FRE"), Rules 37(a) and (c)(1) and 104(a) on the grounds that Plaintiff, without justification, in contravention of the Federal Rules and this court's own Scheduling Order, and to Defendant's prejudice, has untimely and inadequately disclosed new percipient and expert witnesses it intends to call at trial.

Defendant requests that the court issue its order as follows:

(1)  Precluding Plaintiff from calling Arnez and Griffith as expert witnesses at trial; and

(2)  Precluding Plaintiff from calling Fehrenbach and Pochatek as percipient witnesses at trial or offering their testimony at trial by way of deposition testimony.

In the alternative, and in the event the court denies this motion to exclude the testimony of Arnez and Griffith, Defendant requests that the court issue an order as follows:

(1)  Compelling Plaintiff to provide Defendant with expert reports, supporting data, expert qualifications and all other information required to be disclosed pursuant to Federal Rules of Civil Procedure ("FRCivP"), Rules 26(a)(2);and

(2)  Ordering the damages portion of this bifurcated trial, if required, be continued until Defendant has been afforded the opportunity to depose Arnez and Griffith.

In the event Griffith is determined to be an expert witness for Plaintiff and is deposed by Defendant, Defendant further requests that it be granted leave of court to designate its own expert witness to respond to Griffith's testimony.

Defendant further requests leave to apply to the court for an award of reasonable expenses and attorney's fee incurred as a result of any further discovery with respect to Arnez and/or Griffith.

This motion is based on this motion, the Affidavit of James J. Regan attached hereto, all pleadings on file herein and on such further evidence as the court may deem admissible.

The court is advised that Defendant has previously objected to any attempt by Plaintiff to introduce the testimony of Fehrenbach, among others, on separate grounds from the instant motion and as set forth in Defendant's Motion *in Limine* No. 5 previously filed and served herein.

## I. FACTUAL BACKGROUND

Plaintiff filed its original complaint in this action on August 31, 2001. The court issued its Rule 16 F.R.C.P. Scheduling Order on August 2, 2002, which set Plaintiff's expert disclosures for October 21, 2002, and Defendant's expert disclosures for December 9, 2002, and set the date for the Joint Pretrial Order for March 21, 2003. (Exhibit "A" to James J. Regan Affidavit ("Regan Affd't") attached hereto.) With leave of court, the Joint Pretrial Order of the parties was filed on March 26, 2003 and included a Trial Witness List for Plaintiff and Defendant. Plaintiff's Trial Witness List listed Arnez and Griffith as witnesses without description of the nature of their testimony. Plaintiff's did not list Fehrenbach or Pochatek as witnesses. (Exhibit "B" to Regan Affd't.) Plaintiff served its Designation of Experts on October 21, 2002. Arnez and Griffith were not designated as experts. (Exhibit "C" to Regan Affd't.) By letter dated May 9, 2003, Plaintiff informed Defendant that it would use the depositions of Fehrenbach and Pochatek at the

---

time of trial. (Exhibit "D" to Regan Affd't.) Plaintiff represented that page/line summaries of the testimony to be used would be forwarded to Plaintiff the following week. On May 14, 2003, Plaintiff enclosed page/line designations for Pochatek but not for Fehrenbach. (Exhibit "E" to Regan Affd't.)

Trial in this action was originally scheduled to commence on May 19, 2003. On the day of trial, Plaintiff moved for a continuance for the sole purpose of permitting Plaintiff to conduct discovery regarding Defendant's affirmative defenses under Chapter 2 of the Texas Business and Commerce Code (UCC). The court continued trial until September 9, 2003, in order to allow Plaintiff to conduct discovery solely on the issue of the UCC affirmative defenses. To date, Plaintiff has not conducted any formal discovery pertaining to this issue. Defendant was ordered to file and serve an amended answer to Plaintiff's Second Amended Complaint in order to specify in greater detail its UCC affirmative defenses. Defendant's amended answer was filed and served on June 17, 2003. On motion of Defendant, and without Plaintiff's opposition, the court ordered that the trial be bifurcated on the issues of liability and damages.

On August 11, 2003, Plaintiff served on Defendant by facsimile its Supplemental Designation of Trial Witnesses ("Supp. Desig."); and First Supplemental Discovery Responses Pursuant to Rule 26(a)(1)-(2) ("Supp. Resp."). (Collectively Exhibit "F" to Regan Affd't.) By these pleadings, Plaintiff identifies Arnez, Griffith, Fehrenbach and Pochatek as supplemental trial witnesses and/or expert witnesses. (Supp. Resp., p. 4).

Plaintiff's disclosure of these four witnesses has been as follows:

1.    <u>Arnie Arnez</u>: Arnez, an employee of Sunbeam-Oster, was listed by Plaintiff as a

percipient witness in Plaintiff's Trial Witness List filed March 26, 2003 with the Joint Pretrial

Order. (Exh. "B" to Regan Affd't.) The nature of his testimony was not described. Arnez was

not named as an expert witness in Plaintiff's Designation of Experts filed December 19, 2002.

(Exh. "C" to Regan Affd't.)   In its Supplemental Designation, Arnez is for the first time

designated as an expert witness to the extent his testimony is said to include "additional support

for the Plaintiff's damages model." (Supp. Resp., p. 5; Exh. "F" to Regan Affd't). No expert

reports or background information regarding Arnez has been provided by Plaintiff to Defendant.

Plaintiff's designated damages expert, William B. Abington, was deposed by Defendant on

March 4, 2003, and May 12, 2003.  Abington made no reference to Arnez in his deposition

testimony or his expert report and Plaintiff has not previously referred to Arnez either as a person

on whom Abington relied in forming his expert opinions or with whom he consulted in

connection with his work as Plaintiff's expert.

     2.   <u>John R. Griffith</u>: Griffith, a partner in Griffith, Hill & Ochoa, LLP, one of two law

firms representing Plaintiff in this action, was listed by Plaintiff as a percipient witness in

Plaintiff's Trial Witness List filed March 26, 2003, with the Joint Pretrial Order.  The nature of

his testimony was not described. Griffith was not named as an expert witness in Plaintiff's

Designation of Experts filed December 19, 2002. In its Supplemental Designation, Griffith is for

the first time designated as an expert witness on the subject of attorney's fees. (Supp. Resp., p. 5;

Exh. "F" to Regan Affd't). No expert reports or background information regarding Griffith has

been provided by Plaintiff to Defendant. Having previously received no expert witness

designation from Plaintiff on the issue of attorney's fees, Defendant did not designate its own

expert on this issue.

3.    <u>Robert Fehrenbach</u>:  Fehrenbach, a former self-employed sales agent for Defendant, was deposed by Plaintiff on October 10, 2002.  Fehrenbach was listed as a potential witness in Defendant's Rule 26 Disclosure Statement but was not listed as a witness in Defendant Trial Witness List.  Plaintiff did not list Fehrenbach as a witness in Plaintiff's Trial Witness List.  By letter dated May 9, 2003, from counsel for Plaintiff to counsel for Defendant, Plaintiff indicated that it would use the deposition of Fehrenbach at the time of trial.  (Exhibit "D" to Regan Affd't.)  Fehrenbach was first listed by Plaintiff as a trial witness in its Supplemental Designation. (Supp. Desig., p. 4; Exh. "F" to Regan Affd't.)

4.    <u>Dennis Pochatek</u>:  Pochatek, a current employee of Defendant's, was deposed by Plaintiff on October 10, 2002.  Pochatek was listed by Defendant as a potential witness in its Rule 26 Disclosure Statement and as a trial witness in its Trial Witness List filed March 26, 2003. Pochatek was not listed as a witness in Plaintiff's Trial Witness List.  By letter dated May 9, 2003, from counsel for Plaintiff to counsel for Defendant, Plaintiff indicated that it would use the deposition of Pochatek at the time of trial.  (Exh. "D" to Regan Affd't) and Plaintiff thereafter provided page/line references to the deposition testimony to be used. (Exh. "E" to Regan Affd't).  Pochatek was first listed by Plaintiff as a trial witness in its Supplemental Response. (Supp. Desig., p. 4; Exh. "F" to Regan Affd't).

///

///

///

---

## II. MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Plaintiff's Witness Disclosures Are Subject to the Provisions of FRCivP 26(a) and This Court's Scheduling Order**

The Plaintiff's duty to disclose percipient and expert witnesses is guided by FRCivP 26(a).  Rule 26(a) governs the general disclosure of witnesses and Rule 26(a)(2) governs the disclosure of expert witnesses.

On August 2, 2002, this court entered its Rule 16 Scheduling Order.  The Scheduling Order set October 21, 2002 as the date by which Plaintiff was to make its expert witness disclosures (trial was then scheduled to commence sometime in April 2003).  The Plaintiff's expert disclosure date was later continued by stipulation of the parties, with the consent of the court, to December 9, 2002.

**B.    Plaintiff's Failure to Timely and Sufficiently Disclose its Percipient and Expert Witnesses Subjects Plaintiff to the Imposition of Sanctions, Including Witness Exclusion Sanctions**

Plaintiff's failure to disclose information required by Rule 26(a) subjects Plaintiff to the imposition of sanctions, including the exclusion of undisclosed witnesses.   FRCivP 37(c)(1) provides as follows:

"A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed."

---

The Fifth Circuit has enunciated four factors to consider in exercising discretion to exclude undisclosed evidence: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the use of the undisclosed evidence; (3) the possibility of curing the prejudice; and(4) the explanation, if any, for the party's failure to disclose the evidence. *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1989); *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989); *United States v. $9,041,598.68,* 163 F.3d 238, 252 (5th Cir. 1998), *cert. denied*, 527 U.S. 1023 (1999). The burden of establishing substantial justification or harmlessness is on the party who failed to make the required disclosure. *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 679-80 (D. Kan. 1995). Failure to make required disclosures in a timely manner is equivalent to a failure to disclose. *Trost v. Trek Bicycle Corp.,* 162 F.2d 1004, 1008 (8th Cir. 1998).

Upon consideration of these factors, as discussed below, the court is urged to find that Plaintiff's untimely and insufficient disclosure of these four witnesses is prejudicial to the Defendant, is without excuse, and cannot be cured without further, unjust delay of trial and therefore the imposition of exclusion sanctions is appropriate.

## C.    **Plaintiff's Disclosure of Expert Witnesses Arnez and Griffith is Untimely, Incomplete, Unexcused and Prejudicial**

Arnez has been designated in part as an expert witness, Plaintiff stating only that his testimony will include "support for the Plaintiff's damages model." (Supp. Desig., p. 5) Griffith is listed as an expert witness on the issue of attorney's fees (Supp. Desig., p.5), although Griffith, as a member of the law firm representing Plaintiff, would appear to be merely a percipient

witness with respect to the attorney's fees incurred by Plaintiff should Plaintiff be awarded such fees.

FRCivP 26(a)(2) requires a party to disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the FRE. Subdivision (a)(2)(B) requires the expert disclosure to include a written report prepared and signed by the witness and which report must contain a complete statement of all opinions to be expressed and the basis and reasons therefor, the date or other information considered by the witness in forming the opinions, the exhibits to be used in support of the opinions, the qualifications of the witness, the compensation to be paid the witness and a list of the cases in which the witness has testified as an expert at trial or by deposition in the last four years. FRCivP 26(e)(1) imposes a duty on a party to supplement any prior disclosures, including expert disclosures, "at appropriate intervals." In the absence of any court direction to the contrary, the disclosures of expert testimony under Rule 26(a)(2) are required to be made "at least 90 days before the trial date or the date the case is to be ready for trial…" (FRCivP 26(a)(2)(C)) The purpose of the Rule 26 disclosure of expert reports has been stated as "the elimination of unfair surprise to the opposing party and the conservation of resources." *Sylla-Sawdon v., Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 284 (8th Cir. 1995; *cert. denied,* 516 U.S. 822 (1995)

A failure to comply with the expert disclosure requirements of FRCivP 26(a)(2) is sanctionable, including by disqualifying the expert witness. *Heidtman v. County of El Paso,* 171 F.3d 1038, 1040 (5th Cir. 1999) (district court did no abuse discretion in excluding expert witnesses whose disclosure was untimely); *In re Air Crash at Charlotte, N.C.,* 982 F.Supp. 1086,

1088 (4th Cir. D.S.C. 1997) (it is clearly within court's power under Rule 37(c)(1) to exclude

witnesses who are not properly identified); *Sylla-Sawdon v., Uniroyal Goodrich Tire Co., supra*

(on defendant's motion in limine and upon defendant's objection at trial, trial court did not abuse

discretion in excluding expert witness where the expert's disclosure did not abide by the trial

court's Scheduling Order and Rule 26(a)(2)(B)).  Federal Rules of Civil Procedure 16(f) and

37(b)(2)(B) "authorize district courts to prohibit the admission of evidence proffered by the

disobedient party." *United States v. 68.94 Acres of Land,* 918 F.2d 389, 396 (3rd Cir. 1990).  "The

power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its

discovery and retrial orders is essential" to judicial management of the case. *Admiral Theatre*

*Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978).  Many courts hold that

where the nondisclosure is not substantially justified or harmless, exclusion of the undisclosed

evidence is automatic and mandatory. *Klonoski v. Mahlab,* 156 F.3d 255, 268 (1st Cir. 1998),

*cert. denied,* 526 U.S. 1039 (1999) (exclusionary sanction of FRCivP 27(c)(1) contemplates

stricter adherence to discovery supplementation requirements and required sanction in ordinary

case is mandatory preclusion); *Coalition to Save Our Children v. Stage Bd. Of Educ.*, 90 F.3d

752, 775-76 (3rd Cir. 1996); *Salgado by Salgado v.GMC,* 150 F.3d 735, 742 n.6 (7th Cir., 1998);

*Nelson v. Ford Motor Co.*, 150 F.3d 905, 907 (8th Cir. 1998). Rule 26(a)(2)(B) is violated when a

complete statement of the expert witness's opinions is not provided. *In re Timi Litig. Cases*

*Consol. II,* 911 F.Supp. 775, 816 (M.D. Pa. 1996).

Just 29 days prior to trial, Plaintiff has for the first time designated Arnez and Griffith as

expert witnesses.  Plaintiff was originally obligated to make its expert witness disclosures on

October 21, 2002. There is no justification for Plaintiff's extreme delay. In the absence of an

excuse for the failure to disclose, the lack of timely disclosure cannot be substantially justified

and exclusion is proper. *Heidtman v. County of El Paso, supra*; *Trost v. Trek Bicycle Corp.*, 162

F.2d 1004 (8th Cir. 1998). In *Trost*, the plaintiff in a product liability lawsuit against the bicycle

manufacturer submitted the affidavit of its expert witness to defendant sixty days after the

deadline for completion of expert discovery and tried to present it to the district court at the

hearing on defendant's summary judgment motion. The district court ruled that the affidavit was

inadmissible because it was untimely, did not comport with the substantive requirements of

FRCivP 26, and was based upon insufficient expertise. Summary judgment was granted in

defendant's favor and plaintiff appealed, arguing, in part, that the exclusion of its expert's

opinion was error. The Court of Appeals held that the plaintiff's untimely disclosure of its

expert's affidavit was not substantially justified or harmless and the trial court acted properly in

excluding the expert's opinion. The Court of Appeals noted that the plaintiff, having the burden

of proof, had to produce sufficient competent evidence to make out a prima facie case regardless

of what evidence the defendant assembled and it therefore rejected the plaintiff's argument that

its untimely expert affidavit was justified to respond to the report of the defendant's expert. The

court noted in this context that the plaintiff had not sought an extension of the expert discovery

deadline, the proper remedy if plaintiff needed defendant's expert report to meet its burden of

proof. On the issue of prejudice resulting from late disclosure, the court noted that the plaintiff's

expert's affidavit was produced on November 30 and that the case was then on the court's

January trial calendar and therefore plaintiff "would have been significantly prejudiced by the

late production of Engel's opinion because of lack of time to prepare to refute the evidence at trial" and that, in addition, "the court's trial calendar would have been disrupted if a continuance became necessary." 162 F.3d at 1008-09.

Even if a new 90-day disclosure date under FRCivP 26(a)(2)(C) came into existence a result of the continued trial date (for which no authority has been found by Defendant), that hypothetical deadline passed on June 19, 2003. It is specious of Plaintiff to present these new expert disclosures as supplemental responses to prior discovery as required by Rule 26(a)(1)-(2). Plaintiff's attempt to characterize these expert disclosures as such is merely an attempt to circumvent its expert disclosure obligations under FRCivP 26(a)(2). *See, e.g., Congressional Air, Ltd. v. Beech Aircraft Corp.,* 176 F.R.D. 513-515-16 (D. Md. 1997) (held that a party could not circumvent the requirement that a rebuttal report be filed within 30 days by arguing that the report is merely a Rule 26(e)(1) supplementation).

Plaintiff's delay in disclosing Arnez and Griffith, as well as its failure to provide any expert report, supporting data, or information about the experts themselves as required by FRCivP 26(a)(2)(B), is highly prejudicial to Defendant, preventing as it does any ability to analyze their opinions or qualifications or to conduct any discovery with respect to either witness. "[I]f a party's failure to disclose that an expert witness would testify to a certain opinion would cause the other parties prejudice because of a lack of time to prepare to refute the opinion at trial and the court's trial calendar would be disrupted because of the need, if the evidence were admitted, to grant the other parties a continuance to undertake the necessary preparation to refute the opinion, the non-disclosure is not 'harmless,' and exclusion of the opinion is proper." 6

---

Moore's Federal Practice (3rd Ed.) §26.27[2][d], p. 26-93, citing *Trost v. Trek Bicycle Corp.*, *supra.*

Even had Plaintiff disclosed some information about these experts and even were Defendant to depose them at this juncture, an exclusion sanction would still be appropriate. In *Sylla-Sawdon v. Uniroyal Goodrich Tire Co, supra,* the Court of Appeals affirmed the trial court's exclusion of plaintiff's expert where the plaintiff had provided defendant with very short affidavit which only generally described the expert's opinions and data in support, attached to which was the expert's resume, and where the defendant in fact deposed the expert. The court found that the "sketchy and vague" expert affidavit did not comply with the trial court's Scheduling Order (which required disclosure in the affidavit of information similar in nature and extent to that required by Rule 26(a)(2)(B), which was enacted after the case), which forced the defendant to depose the expert to determine his qualifications and the basis for his opinions. The Court of Appeals held that the insufficient affidavit which necessitated the deposition frustrated the purposes of the trial court's Scheduling Order and, had it then been in effect, the purposes of Rule 26(a)(2)(B). (47 F.3d at 284). See too *Bradley v. U.S.*, 866 F.2d 120, 124-25 (5th Cir. 1989) (allowing party to designate its expert witnesses out-of-time and to offer their testimony at trial constituted an abuse of discretion even though the experts were not "surprise witnesses" in the classic sense as the opposing party knew their testimony would be offered and they had the opportunity to depose them prior to trial, prejudice arising because the experts could not be deposed until three days before trial, giving the objecting party very little time in which to prepare cross-examination, and offering party's delaying tactics effectively destroyed the

opposing party's ability to adapt the presentation of their case.)

FRE 702 provides that a witness may provide opinion testimony if he qualifies as an expert by reason of his "knowledge, skill, experience, training, or education." *Mukhtar v. California State Univ.*, 299 F.2d 1053, 1065, fn. 9 (9th Cir. 2002). Rule 702 further requires that an expert's opinion be sufficiently reliable. This analysis requires evaluating whether the expert's testimony is based on sufficient facts or data, is the product of reliable principles and methods and whether the witness has applied the principles and methods reliably to the facts of the case. Reliability is required to ensure that the expert employs the same level of intellectual rigor as other experts in the same field. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 1176 (1999). To be admissible, the expert's opinion must also help the trier of fact understand the evidence or determine a fact in issue - that is, it must be relevant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93, 113 S.Ct. 2786, 2796 (1993).

Given the late and cryptic information regarding Arnez and Griffith, Defendant is unable to evaluate any of these issues in any meaningful way, there is insufficient time and opportunity for the Defendant to depose the new experts or propound discovery to determine the nature, basis and evidentiary support for their opinions and Defendant therefore cannot have those opinions evaluated by its own experts for purposes of rebuttal or any other purpose.

Based on all of the foregoing, Defendant objects to Plaintiff's untimely disclosure of Arnez and Griffith as expert witnesses on Plaintiff's behalf, objects to any expert testimony by either witness and requests that this court preclude Plaintiff from calling Arnez and Griffith as expert witnesses at trial.

---

### D.    Plaintiff's Disclosure of Percipient Witnesses Arnez, Fehrenbach and Pochatek is Untimely, Unexcused and Prejudicial

Fehrenbach was formerly engaged by defendant as an independent sales agent while Pochatek is a current employee of Defendant's. Both witnesses have long been known to Plaintiff, which deposed both on October 10, 2002. Neither Fehrenbach nor Pochatek was listed as a witness by Plaintiff in its initial witness list filed and served on March 26, 2003 as an exhibit to the parties Joint Pretrial Order. Pochatek has been listed by Defendant as a witness. Plaintiff's disclosure of these two witnesses comes more than four months after such disclosure ought to have been made. Even in the absence of the court's own scheduling order, which required the parties to provide their witness lists with the Joint Pretrial Order on March 26, 2003, Plaintiff's listing of Fehrenbach and Pochatek as witnesses would be untimely. FRCivP 26(a)(3)(A) requires a party to provide other parties and promptly file with the court the name of each witness the party expects to present. In the absence of a court direction otherwise, the disclosure of percipient witnesses is to be made at least 30 days before trial. Thirty days before the initial trial date was April 9, 2003, while 30 days before the current trial date was August 9, 2003.

As with Plaintiff's late disclosure of expert witnesses, there is no excuse for having delayed disclosure of these percipient witnesses until less than one month before trial. Defendant is prejudiced by this late disclosure as it forces the Defendant to prepare additional cross-examination on the eve of trial and to adapt the presentation of its case.

---

**E.    Reasonable Expenses and Attorney's Fees May Be Awarded to Defendant in the Event Trial is Continued to Permit Additional Expert Discovery**

If the court continues the trial to permit Defendant to depose Plaintiff's late-disclosed witnesses, Defendant requests that it be granted leave of court to apply to the court for an award of reasonable expenses and attorney's fees incurred in connection with such discovery. FRCiv P 37(c)(1) expressly authorizes the payment of reasonable expenses, including attorney's fees, for failure to disclose information required by Rule 26(a) and courts grant leave to recover such expenses where the deposition of an undisclosed witness by the non-violating party is permitted. *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995); *Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 21-22 (S.D.N.Y. 1995).

### III. CONCLUSION

Plaintiff has completely failed to timely disclose information required by Rule 26.  There is no justification, much less a substantial justification, for Plaintiff delaying its witness disclosures until three months after the initial trial date and less than 30 days before the new trial date.  Plaintiff's timing is inexcusable and manifestly prejudicial to the Defendant's ability to prepare its case for trial and therefore the expert testimony of Arnez and Griffith and the percipient witness testimony of Fehrenbach and Pochatek should be excluded.

In the alternative, and in the event the court denies this motion to exclude the testimony of Arnez and Griffith, Defendant requests that the Plaintiff be compelled to provide Defendant with expert reports, supporting data, expert qualifications and all other information required to be disclosed pursuant to Federal Rules of Civil Procedure ("FRCivP"), Rules 26(a)(2), that in the

---

event the damages portion of this bifurcated trial becomes necessary that it be continued until

Defendant has been afforded the opportunity to depose Arnez and Griffith, and that Defendant be

granted leave to seek the recovery of reasonable expenses and attorney's fees incurred as a result

of any such discovery.  Defendant further requests that in the event it deposes Arnez it be

permitted to designate its own expert witness on the issues which will be the subject of Arnez's

expert testimony.

Respectfully submitted,


By:_____

DAVID C. GAZA
SBN 07731400
GAZA & GAZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Tel:  (956) 541-4914
Fax: (956) 542-7403
Attorney-in-Charge for JSW Plastics
Machinery, Inc.

JAMES J. REGAN
CAL. SBN 80576
REGAN ( BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel:  (310) 372-1988
Fax: (310) 318-5894

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT JSW PLASTICS**

**MACHINERY, INC'S MOTION** *IN LIMINE* **NO. 6; AFFIDAVIT OF JAMES J.**

**REGAN; [PROPOSED] ORDER** has been served on attorneys of record to the

following addresses on this the _25th_ day of August, 2003:


John R. Griffith                                    **VIA Airborne Next Day Delivery**
Viola G. Garza
GRIFFITH, HILL & OCHOA, LLP
One Park Place
100 Savannah Avenue, Suite 500
McAllen, TX 78503


Moises M. Salas, Jr.                              **VIA Airborne Next Day Delivery**
LAW OFFICES OF MOISES M. SALAS, JR.
847 East Harrison
Brownsville, TX 78520


James J. Regan

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | § § § § | CIVIL ACTION No. B-01-148 |
| Plaintiff, | § § § | [Assigned to the Hon. Hilda G. Tagle Stipulated to Magistrate Felix Recio] |
| vs. | § § | |
| JSW PLASTICS MACHINERY, INC., | § § § | |
| Defendant. | § § § | |

**AFFIDAVIT OF JAMES J. REGAN IN SUPPORT OF
DEFENDANT JSW PLASTICS MACHINERY, INC.'S MOTION *IN LIMINE* NO. 6
FOR AN ORDER EXCLUDING TESTIMONY OF PERCIPIENT AND EXPERT
WITNESSES FOR UNTIMELY AND INADEQUATE DISCLOSURE; OR, IN THE
ALTERNATIVE, FOR AN ORDER COMPELLING PLAINTIFF TO PRODUCE TO
DEFENDANT EXPERT INFORMATION REQUIRED BY FEDERAL RULE OF CIVIL
PROCEDURE 26(a)(2), GRANTING DEFENDANT THE OPPORTUNITY TO DEPOSE
NEWLY DESIGNATED EXPERT WITNESSES BEFORE COMMENCEMENT OF THE
DAMAGES PHASE OF TRIAL, AND FOR LEAVE TO APPLY FOR AN AWARD OF
REASONABLE EXPENSES AND ATTORNEY'S FEES**

Before me, the undersigned notary public, personally appeared James J. Regan, who, after

being duly sworn, declares the following under penalty of perjury under the laws of the United

States:

My name is James J. Regan, I am over the age of twenty-one and I submit this Affidavit in support of defendant JSW Plastics Machinery, Inc.'s MOTION *IN LIMINE* NO. 6 FOR AN ORDER EXCLUDING TESTIMONY OF PERCIPIENT AND EXPERT WITNESSES FOR UNTIMELY AND INADEQUATE DISCLOSURE; OR, IN THE ALTERNATIVE, FOR AN ORDER COMPELLING PLAINTIFF TO PRODUCE TO DEFENDANT EXPERT INFORMATION REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2), GRANTING DEFENDANT THE OPPORTUNITY TO DEPOSE NEWLY DESIGNATED EXPERT WITNESSES BEFORE COMMENCEMENT OF THE DAMAGES PHASE OF TRIAL, AND FOR LEAVE TO APPLY FOR AN AWARD OF REASONABLE EXPENSES AND ATTORNEY'S FEES.

2.      I am an attorney duly licensed to practice law in all courts of the State of California and in the United States District Court, Central District of California. I am one of the attorneys primarily responsible for representing the Defendant JSW Plastics Machinery, Inc. in the above-captioned action and am familiar with the action. I have personal knowledge of the facts set forth herein and if called upon to do so, I could and would competently testify to the matters set forth in this Affidavit.

3.      Attached hereto as Exhibit "A" is a true and correct copy of the Rule 16 F.R.C.P. Scheduling Order entered on August 2, 2002.

4.      Attached hereto as Exhibit "B" is a true and correct copy of the Plaintiff's Trial Witness List served on me on March 25, 2003.

5.      Attached hereto as Exhibit "C" is a true and correct copy of Plaintiff's Designation

of Expert served by Plaintiff on October 21, 2002.

8.    Attached hereto as Exhibit "D" is a true and correct copy of a letter dated May 9, 2003, from Viola G. Garza to James J. Regan and which I received via facsimile on May 9, 2003.

9.      Attached hereto as Exhibit "E" is a true and correct copy of a letter dated May 14, 2003, from Viola G. Garza to James J. Regan and which I received via facsimile on May 14, 2003.

9.      Attached hereto collectively as Exhibit "F" are true and correct copies of (a) Plaintiff's Supplemental Designation of Trial Witnesses and (b) Plaintiff's First Supplemental Discovery Responses Pursuant to Rule 26(a)(1)-(2), both of which I received via facsimile on August 11, 2003.

Executed this _____ day of August, 2003, at Redondo Beach, California.


_____
James J. Regan

*//*

## NOTARY ACKNOWLEDGMENT

State of California            )       ss.
County of Los Angeles          )

On August _____, 2003, before me _____, [name of

notary] personally, appeared JAMES J. REGAN personally known to me (or proved to me on the

basis of satisfactory evidence) to be the person whose name is subscribed to the within

instrument and acknowledged to me that she/he executed the same in her/his authorized capacity,

and that by her/his signature on the instrument the person, or the entity upon behalf of which the

person acted, executed this instrument.

WITNESS my hand and official seal.

Signature _____

(SEAL)

AUG-06-2002 TUE 08:58 AM                     FAX NO.                          P. 02/03

20

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 0 2 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

|  |  |  |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC. | * * * | |
| VS | * | C.A. NO. B-01-148 |
| JSW PLASTICS MACHINERY, INC. | * * | |

### RULE 16, F.R.C.P. SCHEDULING ORDER

The following schedule will control the disposition of this case unless an objection to the proposed schedule is filed with the Clerk of the court no later than 14 days following the date of this Order. A copy of any such objections must be sent to my Chambers. All prior discovery deadlines, if any, are superseded by this Order.

1. **January 24, 2003**   **ALL DISCOVERY** must be completed by this date. No motion for extension to time will be granted unless there is a showing of express need and that good cause exists.

2. **December 23, 2002**   **MOTIONS FOR EXTENSION OF TIME** to complete discovery must be filed by this date.

3. **October 07, 2002**   **AMENDMENT OF PLEADINGS** must be accomplished by this date.

4. **October 21, 2002**   **PLAINTIFFS' EXPERT DISCLOSURES** shall be made by this date.

5. **December 09, 2002**   **DEFENDANT'S EXPERT DISCLOSURES** shall be made by this date.

6. **October 7, 2002**   **JOINDER OF ALL PARTIES** will be accomplished by this date. Counsel responsible for such joinder will deliver a copy of this Scheduling Order to all newly joined parties.

7. **February 07, 2003**   **MOTION DEADLINE**: All other motions, including dispositive motions and Daubert motions to strike expert testimony, must be filed by this date.

8. **February 27, 2003**    **MOTIONS HEARING**: A hearing to address any pending motions, including dispositive motions, will be held this date at 2:00 p.m. in the 2nd Floor Courtroom No. 1, U.S. Federal Building & Courthouse, 600 E. Harrison, Brownsville, Texas. If there are no pending motions or other matters that should be addressed prior to the Final Pretrial Conference, the parties may request by an agreed motion that this setting be canceled.

9. **March 21, 2003**    **A JOINT PRETRIAL ORDER** shall be filed by this date by counsel in the format prescribed in Appendix B of the Local Rules of the Southern District of Texas with motions in limine.

10. **April 2003**    **A FINAL PRETRIAL CONFERENCE** is set on this date at 2:00 p.m., before Judge Recio, in the 2nd Floor, Courtroom No. 1, U.S. Federal Building & Courthouse, 600 E. Harrison, Brownsville, Texas.

11. **April 2003**    **JURY SELECTION** is set on this date at 9:00 a.m., before Judge Recio, in the 2nd Floor, Courtroom No. 1, U.S. Federal Building & Courthouse, 600 E. Harrison, Brownsville, Texas.

Counsel for all parties must attend the Pretrial Conference unless the Court has granted a written motion to reschedule the Pretrial Conference. Failure to timely file the Joint Pretrial Order may result in the imposition of sanctions pursuant to Rule 16(f) F.R.C.P., including dismissal or default judgment as appropriate. Any motion presented for filing which is not in compliance with Local Rule 6 will be stricken from the record. In particular, counsel are reminded that motions must be accompanied by a proposed order and (except motions under Rule 12 or 56) must certify that counsel have conferred and cannot agree. The conference requirement is important because it helps insure that the time and resources of the parties and the Court are not wasted on matters that could be resolved by agreement at the outset. For similar reasons, counsel must notify the Court immediately should the case be settled and submit an appropriate joint motion and dismissal order.

The Clerk shall send a copy of this Order to the counsel of record for the parties.

DONE at Brownsville, Texas, on 31st day of July 2002.

 

Felix Recio
United States Magistrate Judge

700.0078/1794

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXCEL BOBBINS AND PLASTIC COMPONENTS, INC. | § § § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. B-01-148 |
| VS. | § | JURY |
| | § | |
| JSW PLASTICS MACHINERY, INC. | § | |
| Defendant | § | |

## PLAINTIFF'S TRIAL WITNESS LIST

**Wayne E. Wells, Ph.D.**
63 Avenida Pizarro
Rancho Viejo, Texas 78575
(956) 574-6664

**William Abington, CPA**
PricewaterhouseCoopers L.L.P..
1201 Louisiana, Suite 2900
Houston, Texas 77002-5678
(713) 356-4000

**John Annoreno**
302 Roma Jean Parkway
Streamwood, Illinois 60107

**Hector Lucio**
Sunbeam-Oster
549 South Vermillion
Brownsville, Texas 78521

**Arnie Arnez**
Sunbeam-Oster
549 South Vermillion
Brownsville, Texas 78521

**Steve Becker**
Exel Bobbins & Plastic Components
3301 Nafta Parkway, Unit C
Brownsville, Texas 78521

**John R. Griffith**
Griffth, Hill & Ochoa, L.L.P.
100 Savannah, Suite 500
McAllen, Texas 78503

**James J. Regan**
Regan & Braun Law Offices
2522 Artesia Blvd., Suite 200
Redondo, CA 90278

Plaintiff also intends to call as witnesses any individuals listed by the Defendant on
their trial witness list, as well as any rebuttal witnesses that may be necessary after
the Defendant puts on their case in chief.

700.0078/1794

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

EXEL BOBBINS AND PLASTIC          §
COMPONENTS, INC.                  §
     Plaintiff             §
                i.        CIVIL ACTION NO. B-01-148
VS.                               §        JURY
                §
JSW PLASTICS MACHINERY, INC. and  §
JAPAN STEEL WORKS AMERICA, INC.   §
     Defendants            §

## PLAINTIFF'S DESIGNATION OF EXPERTS

TO THE HONORABLE JUDGE OF SAID COURT,

COMES NOW, Plaintiff, EXEL BOBBINS AND PLASTIC COMPONENTS, INC., in the above styled and numbered causes, and file this their Designation of Expert Witnesses as follows:

I.

Plaintiff designates the following expert witnesses:

**Wayne E. Wells, Ph.D.**
63 Avenida Pizarro
Rancho Viejo, Texas 78575
(956) 574-6664

Dr. Wayne E. Wells is a Professor at the University of Texas Brownsville/Texas Southmost College. Dr. Wells' will be testifying on matters related to the field of injection molding and the economics associated with the same. Further, Dr. Wells will provide testimony on the manufacturing of plastic components, including, but not limited to, the business, marketing and technology planning, product development, competitive analysis and economic modeling.

Dr. Wells' curriculum vitae is enclosed with this designation.

**William Abington, CPA**
PricewaterhouseCoopers L.L.P,.
1201 Louisiana, Suite 2900
Houston, Texas 77002-5678
(713) 356-4000

Mr. Abington is a CPA with the firm of PricewaterhouseCoopers. He is an expert in accounting, finance and valuation. He will be providing expert testimony regarding the Plaintiff's damages and to rebut any damages expert which the defendants might designate.

Mr. Abington's curriculum vitae is enclosed with this designation.

Plaintiff reserves the right to call and rely upon any expert designated by any other party to this suit.

Respectfully submitted,

**GRIFFITH, HILL & OCHOA, L.L.P.**
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503
(956) 971-9446
(956) 971-9451 - facsimile

By: _____

John R. Griffith
Federal I.D. No. 12186
State Bar No. 08480750
Viola G. Garza
State Bar No. 00787518

Moises M. Salas, Jr.
**Law Office of Moises M. Salas, Jr.**
847 E. Harrison
Brownsville, TX 78520
State Bar No. 00786217
Federal I.D. No. 17506

**ATTORNEYS FOR PLAINTIFF**
**EXEL BOBBINS AND PLASTIC**
**COMPONENTS, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the above and foregoing instrument is being forwarded to all counsel of record to wit:

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025
(956) 541-4914
(956) 542-7403 (fax)
*Attorney-in-charge for JSW Plastics Machinery, Inc.*

James J. Regan
**Regan & Braun Law Offices**
2522 Artesia Blvd, Suite 200
Redondo, CA 90278
(310) 372-1988
(310) 318-5894 (fax)
*Attorneys for JSW Plastics Machinery, Inc.*

via certified mail, return receipt requested, on this the ____ day of October, 2002.

By:_____
Viola G. Garza

# GRIFFITH, HILL & OCHOA, L.L.P.
### ATTORNEYS AT LAW

**ONE PARK PLACE**
**100 SAVANNAH, SUITE 500**
**MCALLEN, TEXAS 78503**
**956/971-9446**
**FAX/971-9451**

VIOLA G. GARZA

May 9, 2003

*Via Telefax No. (310) 318-5894*
James J. Regan
Lorne Lilienthal, Regan & Braun Law Offices
2522 Artesia Blvd., Suite 200
Redondo, CA 90278

> **Re:**  *Cause No. B-01-148; Excel Bobbins and Plastic Components, Inc. v. JSW Plastics Machinery, Inc., et. al.; In the U.S.ates District Court for the Southern District of Texas, Brownsville Division*

Dear Mr. Regan:

Pursuant to our conversation of earlier this week, please be advised that at this time we intend to use the depositions of Gerald Arthur Johnson, Dennis Pochatek, Robert Ferenbach and John Anoreno at the time of trial. We are working on the page line summaries and the same will be forwarded to you next week.

Should you have any questions or require further information, please feel free to contact me.

Very truly yours,

GRIFFITH, HILL & OCHOA, L.L.P.

Viola G. Garza

VGG:clo

cc:    David C. Garza  -    *Via Telefax No. (956) 542-7403*

Sent By: GRIFFITH HILL OCHOA LLP.     ;  956 971 9451     ;     May-14-03  5:21PM;          Page 2/4

# GRIFFITH, HILL & OCHOA, L.L.P.
### ATTORNEYS AT LAW

VIOLA G. GARZA

ONE PARK PLACE
100 SAVANNAH, SUITE 500
MCALLEN, TEXAS 78503
956/971-9446
FAX/971-9451

May 14, 2003

*Via Telefax No.(310) 318-5894*
James J. Regan
**REGAN BRAUN LAW OFFICES**
2522 Artesia Boulevard
Redondo Beach, CA 90278

> Re:   *Cause No. B-01-148; Excel Bobbins and Plastic Components, Inc. v. JSW Plastics Machinery, Inc., et. al.; In the U.S. District Court for the Southern District of Texas, Brownsville Division*

Dear Jim:

Enclosed please find the page line designations for Dennis Pochatek and Jerry Johnson.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

GRIFFITH, HILL & OCHOA, L.L.P.

Viola G. Garza

VGG:clo

cc:   David C. Garza (Letter only) -   *Via Telefax No. (956) 542-7403*

By: GRIFFITH HILL OCHOA LLP.    ;  956 971 9451    ;   May-14-03  5:21PM;    Page 3/4

## Deposition of Dennis Pochatek - Page/Line

| Page | Line |
|------|------|
| 4 | 6-10, 15-18 |
| 5 | 19-24 |
| 6 | 1-5 |
| 32 | 9-24 |
| 33 | 1-23 |
| 34 | 18-24 |
| 35 | 1-11 |
| 38 | 17-24 |
| 39 | 1-14 |
| 92 | 7-14 |
| 101 | 6-24 |
| 102 | 1-12 |
| 110 | 14-24 |
| 111 | 1-24 |

Sent By: GRIFFITH HILL OCHOA LLP.    ;  956 971 9451    ;    May-14-03  5:21PM;    Page 4/4

## Deposition of Jerry Johnson - Page/Line

| Page | Line |
|------|------|
| 4 | 4-13 |
| 8 | 1-24 |
| 9 | 1-9 |
| 10 | 16-23 |
| 34 | 17-24 |
| 35 | 1-24 |
| 36 | 1-24 |
| 38 | 1-24 |
| 46 | 11-24 |
| 47 | 1-22 |
| 67 | 20-24 |
| 68 | 1-24 |
| 69 | 1-14 |
| 73 | 22-24 |
| 74 | 1-12 |
| 79 | 24 |
| 80 | 1-24 |
| 81 | 1-24 |
| 82 | 1-24 |
| 83 | 1-24 |
| 84 | 1-24 |
| 85 | 1-24 |
| 86 | 1-24 |
| 87 | 1-4 |
| 90 | 11-24 |
| 91 | 1-24 |
| 92 | 1-11 |
| 95 | 4-24 |
| 96 | 1-24 |
| 97 | 1-24 |
| 98 | 1-24 |
| 99 | 1-5 |
| 103 | 11-24 |
| 104 | 1-17 |
| 105 | 15-24 |
| 106 | 1-10, 21-24 |
| 107 | 1-24 |
| 108 | 1-22 |
| 127 | 16-24 |
| 128 | 1-24 |

| Page | Line |
|------|------|
| 129 | 1-24 |
| 130 | 1-24 |
| 131 | 1-24 |
| 132 | 1-16 |
| 133 | 13-24 |
| 134 | 1-16 |
| 137 | 7-22 |
| 142 | 4-24 |
| 143 | 1-24 |
| 144 | 1-5 |

# GRIFFITH, SULLIVAN, OCHOA & GARZA, L.L.P.

### ATTORNEYS AT LAW

ONE PARK PLACE
100 SAVANNAH, SUITE 500
MCALLEN, TEXAS 78503
956/971-9446
FAX/971-9451

VIOLA G. GARZA

## FAX  TRANSMITTAL  COVERSHEET

**DATE:**        August 11, 2003

**FROM:**        Viola G. Garza

   **Re:**    *Cause No. B-01-148; Excel Bobbins and Plastic Components, Inc. v. JSW Plastics Machinery, Inc.; In the United States District Court of Southern Texas, Brownsville Division*

**NO. OF PAGES** (including this coversheet):  11

**TO:**        **Mr. James J. Regan**
**FAX:**        **(310) 318-5894**
Phone:        (310) 372-1988

**TO:**        **Mr. David C. Garza**
**FAX:**        **(956) 542-7403**
Phone:        (956) 541-4914

**TYPE OF DOCUMENT:**    <u>1st Supplemental Discover Responses Pursuant to Rule 26(a)(1)-(2); and Supplemental Designation of Trial Witnesses</u>

## IF YOU EXPERIENCE DIFFICULTY RECEIVING THIS TRANSMISSION, PLEASE CALL CYNDI AT (956) 971-9446.

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT. BOTH THE INDIVIDUAL OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT AND THE INTENDED RECIPIENT ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO THIS OFFICE AT THE ABOVE-LISTED ADDRESS VIA THE U.S. POSTAL SERVICE.

**COMMENTS:**_____

*Thank you!*

# GRIFFITH, SULLIVAN, OCHOA & GARZA, L.L.P.

### ATTORNEYS AT LAW

**ONE PARK PLACE**
**100 SAVANNAH, SUITE 500**
**MCALLEN, TEXAS 78503**
**956/971-9446**
**FAX/971-9451**

VIOLA G. GARZA

August 11, 2003

**Via First Class Mail**
Michael N. Milby, Clerk
U.S. District Court
Southern District of Texas-Brownsville
600 East Harrison, #101
Brownsville, Texas 78520

Re:   *Cause No. B-01-148; Excel Bobbins and Plastic Components, Inc. v. JSW Plastics Machinery, Inc.; In the United States District Court for the Southern District of Texas, Brownsville Division*

Dear Mr. Milby:

Enclosed please find the original and two (2) copies of the following documents:

1.   **Plaintiff's First Supplemental Discovery Responses Pursuant ot Rule 26(a)(1)-(2); and**

2.   **Plaintiff's Supplemental Designation of Trial Witnesses.**

Please file the originals and return a file-stamped copy of each document to us in the enclosed self-addressed stamped envelope. By copy of this letter, opposing counsel is being advised of this filing.

Should you have any questions or require further information, please feel free to contact me.

Very truly yours,

GRIFFITH, HILL & OCHOA, L.L.P.

Viola G. Garza

VGG:clo
Enclosures
cc:   David C. Garza, Garza & Garza, L.L.P., 680 E. St. Charles, Suite 300, Brownsville, TX 78522-2025
      James J. Regan, Lorne Regan Braun Law Offices, 2522 Artesia Blvd., Suite 200, Redondo, CA 90278

08/11/2003  16:54    310-318-5894                LAW OFFICES J REGAN          PAGE  05
Sent By: GRIFFITH SULLIVAN OCHOA GARZA LL;956 971 9451     ; Aug-11-03  5:25PM;    Page 3/11

700.0078/1794

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXCEL BOBBINS AND PLASTIC | § | |
| COMPONENTS, INC. | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. B-01-148 |
| VS. | § | JURY |
| | § | |
| JSW PLASTICS MACHINERY, INC. | § | |
| Defendant | § | |

## PLAINTIFF'S SUPPLEMENTAL DESIGNATION OF TRIAL WITNESSES

To:     JSW Plastics Machinery, Inc., by and through its attorneys of record:

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025

James J. Regan
**Regan & Braun Law Offices**
2522 Artesia Blvd, Suite 200
Redondo, CA 90278

COMES NOW, Plaintiff, EXEL BOBBINS AND PLASTIC COMPONENTS, INC., in the above-styled and numbered cause, and files this its First Supplemental Responses pursuant to Rule 26 (a)(1)-(2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

GRIFFITH, SULLIVAN,
OCHOA & GARZA, L.L.P.
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503
(956) 971-9446
(956) 971-9451 / facsimile

By: _____
    John A. Griffith
    Federal I.D. No. 12186
    State Bar No. 08480750
    Viola G. Garza
    State Bar No. 00787518

    Moises M. Salas, Jr.
    Law Office of Moises M. Salas, Jr.
    847 E. Harrison
    Brownsville, TX 78520
    State Bar No. 00786217
    Federal I.D. No. 17506

**ATTORNEYS FOR PLAINTIFF
EXEL BOBBINS AND PLASTIC
COMPONENTS, INC.**

## CERTIFICATE OF SERVICE

    I do hereby certify that a true copy of the above and foregoing instrument was forwarded to all counsel of record, to wit:

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025
(956) 541-4914
(956) 542-7403 (fax)
*Attorney-in-charge for JSW Plastics Machinery, Inc.*

James J. Regan
**Regan & Braun Law Offices**
2522 Artesia Blvd, Suite 200
Redondo, CA 90278
(310) 372-1988
(310) 318-5894 (fax)
*Attorneys for JSW Plastics Machinery, Inc.*

via FACSIMILE and First Class Mail on this ⌐⌐ day of August, 2003.

                    By: _____
                      Vidal G. Garza

## PLAINTIFF'S SUPPLEMENT TO TRIAL WITNESS LIST

**Robert Fahrenbach**
JSW-PMI Technical Center
1300 Landmeier Road
Elk Grove Village, IL 60007

**Arnie Arnez**
Sunbeam-Oster
549 South Vermillion
Brownsville, Texas 78521

**John R. Griffith**
Griffith, Sullivan, Ochoa & Garza, L.L.P,.
100 Savannah, Suite 500
McAllen, Texas 78503
(956) 971-9446

**Dennis Pochatek**
22500 Lake road, Suite 103
Rocky River, Ohio 44116

700.0078/1794

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC. | § § § | |
| Plaintiff | § | |
| | § | |
| | l. | CIVIL ACTION NO. B-01-148 |
| VS. | § | JURY |
| | § | |
| JSW PLASTICS MACHINERY, INC. and JAPAN STEEL WORKS AMERICA, INC. | § § | |
| Defendants | § | |

---

## PLAINTIFF'S FIRST SUPPLEMENTAL DISCOVERY RESPONSES
## PURSUANT TO RULE 26(a)(1)-(2)

---

TO:    JSW PLASTICS MACHINERY, INC., by and through their attorneys of recrod:

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025
(956) 541-4914
(956) 542-7403 (fax)
*Attorney-in-charge for JSW Plastics Machinery, Inc.*

James J. Regan
**Regan & Braun Law Offices**
2522 Artesia Blvd, Suite 200
Redondo, CA 90278
(310) 372-1988
(310) 318-5894 (fax)
*Attorneys for JSW Plastics Machinery, Inc.*

COMES NOW, Plaintiff, EXEL BOBBINS AND PLASTIC COMPONENTS, INC., in the above styled and numbered causes, and file this their First Supplemental Discovery Responses pursuant to Rule 26 (a)(1)-(2) of the Federal Rules of Civil Procedure.

*Plf's. 1st Supplemental Disclosures*
*Pursuant to Rule 26 (a)(1)-(2) —p. 1*

Respectfully submitted,

**GRIFFITH, SULLIVAN,
OCHOA & GARZA, L.L.P.**
One Park Place
100 Savannah, Suite 500
McAllen, Texas 78503
(956) 971-9446
(956) 971-9767 / facsimile

By: _____
John R. Griffith
Federal I.D. No. 12186
State Bar No. 08480750
Viola G. Garza
State Bar No. 00787518

Moises M. Salas, Jr.
**Law Office of Moises M. Salas, Jr.**
847 E. Harrison
Brownsville, TX 78520
State Bar No. 00786217
Federal I.D. No. 17506

**ATTORNEYS FOR PLAINTIFF
EXEL BOBBINS AND PLASTIC
COMPONENTS, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the above and foregoing instrument is being forwarded to all counsel of record to wit:

David C. Garza
**Garza & Garza, L.L.P.**
680 E. St. Charles, Suite 300
Brownsville, TX 78522-2025
(956) 541-4914
(956) 542-7403 (fax)
*Attorney-in-charge for JSW Plastics Machinery, Inc.*

James J. Regan
**Regan & Braun Law Offices**
2522 Artesia Blvd, Suite 200
Redondo, CA 90278
(310) 372-1988
(310) 318-5894 (fax)
*Attorneys for JSW Plastics Machinery, Inc.*

via certified mail, return receipt requested, on this the _____ day of August, 2003.

By:_____
Viola G. Garza

## PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES
## PURSUANT TO RULE 26 (a)(1)-(2)

### (2) Disclosure of Expert Testimony

A)    In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Civil Evidence.

B)    Except as otherwise stipulated or direct by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:**

Wayne E. Wells, Ph.D.
63 Avenida Pizarro
Rancho Viejo, Texas 78575
(956) 574-6664

Dr. Wayne E. Wells is a Professor at the University of Texas Brownsville/Texas Southmost College. Dr. Wells' will be testifying on matters related to the field of injection molding and the economics associated with the same. Further, Dr. Wells will provide testimony on the manufacturing of plastic components, including, but not limited to, the business, marketing and technology planning, product development, competitive analysis and economic modeling.

Dr. Wells' curriculum vitae is enclosed with this designation.

William Abington, CPA
PricewaterhouseCoopers L.L.P,
1201 Louisiana, Suite 2900
Houston, Texas 77002-5678
(713) 356-4000

Mr. Abington is a CPA with the firm of PricewaterhouseCoopers.  He is an expert in accounting, finance and valuation.  He will be providing expert testimony regarding the Plaintiff's damages and to rebut any damages expert which the defendants might designate.

Mr. Abington's curriculum vitae is enclosed with this designation.

**Arnie Arnez**
Sunbeam-Oster
549 South Vermillion
Brownsville, Texas 78521

Mr. Arnez is the General Manager of Sunbeam-Oster in Matamoros, Mexico, and will testify about factual issues in this case and provide additional support for the Plaintiff's damages model.

**John R. Griffith**
Griffith, Sullivan, Ochoa & Garza, L.L.P,.
100 Savannah, Suite 500
McAllen, Texas 78503
(956) 971-9446

Mr. Griffith is a licensed attorney and partner with the law firm of Griffith, Sullivan, Ochoa & Garza, L.L.P. Mr. Griffith will be testifying as to attorney's fees in this case.

Plaintiff reserves the right to call and rely upon any expert designated by any other party to this suit.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EXEL BOBBINS AND PLASTIC COMPONENTS, INC., | §<br>§<br>§ | CIVIL ACTION No. B-01-148 |
| | §<br>§ | [Assigned to the Hon. Hilda G. Tagle |
| Plaintiff, | §<br>§ | Stipulated to Magistrate Felix Recio] |
| vs. | §<br>§ | |
| JSW PLASTICS MACHINERY, INC., | §<br>§<br>§ | |
| Defendant. | §<br>§ | |
| | §<br>§ | |

**[PROPOSED] ORDER ON DEFENDANT JSW PLASTICS MACHINERY, INC'S MOTION *IN LIMINE* NO. 6**

After considering defendant JSW Plastics Machinery, Inc.'s ("Defendant") Motion *In Limine* No. 6, the response, and all other evidence on file, and after a hearing thereon, the Court:

FINDS that (1) Plaintiff Exel Bobbins and Plastic Components, Inc. ("Plaintiff") has not timely disclosed percipient witnesses Robert Fehrenbach or Dennis Pochatek as a percipient witnesses as required by FRCP 16(d) and this Court's Rule 16 FRCP Scheduling Order, and (2)

Plaintiff has not timely disclosed the identity of expert witnesses Arnie Arnez or John R. Griffith as required by FRCP 26(a) and this Court's Rule 16 FRCP Scheduling Order.

Therefore, the Court GRANTS the motion and ORDERS as follows:

1.     Plaintiff is prohibited from introducing at trial the testimony of Robert Fehrenbach or Dennis Pochatek, either by live testimony or by deposition transcript, except for purposes of impeachment as permitted by the Federal Rules of Evidence.

2.     Plaintiff is prohibited from introducing at trial the expert testimony of Arnie Arnez or John R. Griffith.

SIGNED on _____, 2003.

_____
MAGISTRATE

SUBMITTED BY:

By: _____
      DAVID C. GARZA
      SBN 07731400
      GARZA & GARZA, L.L.P.
      680 East St. Charles, Suite 300
      P.O. Box 2025
      Brownsville, Texas 78522-2025
      Tel:  (956) 541-4914
      Fax: (956) 542-7403
      Attorney-in-Charge for JSW Plastics Machinery, Inc.

      JAMES J. REGAN
      CAL. SBN 80576

REGAN & BRAUN LAW OFFICES
2522 Artesia Boulevard, Suite 200
Redondo Beach, California 90278
Tel:  (310) 372-1988
Fax: (310) 318-5894